# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| Aaron Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  8:23-cv-00806-KKM-AEP |
| v. | ) | |
| | ) | |
| ReliaQuest, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | **)** | |

## RELIAQUEST, LLC'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant ReliaQuest, LLC ("ReliaQuest"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the complaint of Plaintiff Aaron Allen ("Plaintiff") in the above-captioned action (Dkt. 1, the "Complaint"), and asserts Counterclaims against Plaintiff.  ReliaQuest denies all allegations in section headings or other portions of the Complaint that are not contained within the specifically numbered paragraphs of the Complaint.  All allegations, if not expressly admitted, are denied.  ReliaQuest's Answer, Affirmative Defenses, and Counterclaims are made upon information and belief and may change subject to further investigation and discovery.

## <u>ANSWER</u>

### JURISDICTION AND VENUE[1]

1.      ReliaQuest admits that Plaintiff purports to bring this action, but denies that ReliaQuest violated any of the laws set forth in the Complaint and denies that Plaintiff is entitled to any of the relief sought therein.

2.      The allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3.      The allegations contained in Paragraphs 3, 3(a), and 3(b) of the Complaint contain legal conclusions to which no response is required.

4.      The allegations contained in Paragraph 4, 4(a), and 4(b) of the Complaint contain legal conclusions to which no response is required.

### CONDITIONS PRECEDENT

5.      ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 5, and on that basis denies the same.

6.      ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 6, and on that basis denies the same.

---

[1] ReliaQuest restates herein the section headings for organizational purposes only.  To the extent the Complaint's headings contain allegations, ReliaQuest denies them.

7.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 7, and on that basis denies the same.  ReliaQuest admits that A Notice of Right to Sue was attached as Exhibit A to the Complaint.

8.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and on that basis denies the same.

## PARTIES

9.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 9, and on that basis denies the same.

10.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 9 and on that basis denies the same.

11.     ReliaQuest denies that it is a corporation.   ReliaQuest is a limited liability company.  ReliaQuest admits it is existing and organized under the laws of Florida, and its principal addresses is 1001 Water Street Suite 1900 Tampa, FL, 33602.   ReliaQuest admits it conducts business in Southern District of Florida. ReliaQuest notes that this action was brought in the Middle District of Florida.

12.    The allegations contained in Paragraph 12 of the Complaint contain legal conclusions to which no response is required.

13.    The allegations contained in Paragraph 13 of the Complaint contain legal conclusions to which no response is required.

14.    The allegations contained in Paragraph 14 of the Complaint contain legal conclusions to which no response is required.

15.    ReliaQuest denies the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16.    ReliaQuest admits that Plaintiff began working for ReliaQuest on November 1, 2021 as a Detection Architect and that Plaintiff was part of its Detection Team, with an office at 777 S. Harbor Island Blvd., Suite 500, Tampa, FL. To the extent any further response is required, ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 16, and on that basis denies the same.

17.    ReliaQuest admits that Plaintiff was terminated on March 21, 2022.

18.    ReliaQuest denies the allegations in Paragraph 18.   Plaintiff's performance was significantly below expectations.  Plaintiff failed to perform his job responsibilities with the requisite skill, knowledge, and diligence required to remain employed by ReliaQuest.  Plaintiff's technical knowledge was deficient, and his interactions with clients created disruptions and harm to ReliaQuest's business

and business relationships. ReliaQuest provided Plaintiff with training, notices that he needed to improve, and ample opportunity to improve. Plaintiff, however, continued to perform below expectations, causing a negative impact on ReliaQuest's business and customer relationships which necessitated his termination.

19.     ReliaQuest denies the allegations in Paragraph 19. Plaintiff was not an employee in good standing prior to his termination due to significant and unremedied deficiencies in his job performance. ReliaQuest informed Plaintiff that he needed to improve his job performance. On multiple occasions, ReliaQuest discussed with Plaintiff how he could improve his performance. Plaintiff failed to improve his performance.

20.     ReliaQuest admits that Plaintiff's poor job performance, including his poor client relationship skills, was discussed at the termination meeting. ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff remaining allegations in Paragraph 20, and on that basis denies the same.

21.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 21, and on that basis denies the same.

22.     ReliaQuest denies the allegations in Paragraph 22.

23.     ReliaQuest denies the allegations in Paragraph 23. ReliaQuest is an equal opportunity employer and values inclusion, equity, and its diverse workforce.

24.     ReliaQuest cannot provide details relating to another employee's separation from ReliaQuest in a public forum.   ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 24, and on that basis denies the same.

25.     ReliaQuest denies the allegations in Paragraph 25.

a) ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 25(a), and on that basis denies the same.

b) ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 25(b), and on that basis denies the same.

c) ReliaQuest denies that Plaintiff was discouraged from applying for management roles.   However, it is ReliaQuest's standard and universal operating procedure that employees need to be excelling at their roles to be considered for promotion to management positions.   Plaintiff's performance was significantly below expectations and not improving.   ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 25(c), and on that basis denies the same.

26.    ReliaQuest denies the allegations in Paragraph 26.

27.    ReliaQuest denies the allegations in Paragraph 27.

## COUNT I: TITLE VII CLAIM FOR DISCRIMINATION

28.    ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 28.

29.    ReliaQuest denies the allegations in Paragraph 29.

   a) ReliaQuest denies the allegations in Paragraph 29(a).

   b) ReliaQuest denies the allegations in Paragraph 29(b).

30.    ReliaQuest denies the allegations in Paragraph 30.

31.    ReliaQuest denies the allegations in Paragraph 31.

   a) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 31(a), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

   b) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 31(b), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

   c) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 31(c), but denies that Plaintiff is entitled to any

relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## COUNT II: FLORIDA CIVIL RIGHTS ACT CLAIM FOR DISCRIMINATION

32.    ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 32.

33.    ReliaQuest denies the allegations in Paragraph 33.

a)  ReliaQuest denies the allegations in Paragraph 33(a).

c)  ReliaQuest denies the allegations in Paragraph 33(b).

34.    ReliaQuest denies the allegations in Paragraph 34.

35.    ReliaQuest denies the allegations in Paragraph 35.

a)  ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 35(a), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

b)  ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 35(b), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

c)  ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 35(c), but denies that Plaintiff is entitled to any

relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## COUNT III: RACE DISCRIMINATION (TITLE VII)

36.     ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 36.

37.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding his race, and on that basis denies the same.  ReliaQuest denies all remaining allegations in Paragraph 37.

38.     ReliaQuest denies the allegations in Paragraph 38.

39.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff has retained the undersigned attorney and is obligated to pay him as alleged in Paragraph 39, and on that basis denies the same.

a) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 39(a), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

b) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 39(b), but denies that Plaintiff is entitled to any

relief whatsoever, including, but not limited to, the relief requested in the Complaint.

c) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 39(c), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## COUNT IV: RACE DISCRIMINATION (SECTION 1981)

40.   ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 40.

41.   ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding his race, and on that basis denies the same.  ReliaQuest denies all remaining allegations in Paragraph 41.

42.   ReliaQuest admits that Paragraph 42 states 42 U.S.C. § 1981a-b.

43.   Paragraph 43 presents a legal conclusion and no response is required.

44.   ReliaQuest denies the allegations in Paragraph 44.

45.   ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding his race.  ReliaQuest denies all remaining allegations in Paragraph 45.

46.   ReliaQuest denies the allegations in Paragraph 46.

47.   ReliaQuest denies the allegations in Paragraph 47.

48.     ReliaQuest admits that it and its supervisory personnel were aware discrimination on the basis of race was unlawful.  ReliaQuest denies any and all remaining allegations in Paragraph 48.

49.     ReliaQuest denies the allegations in Paragraph 49.

50.     ReliaQuest denies the allegations in Paragraph 50.

51.     ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff has retained the undersigned attorney and is obligated to pay him as alleged in Paragraph 51, and on that basis denies the same.

a) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 51(a), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

b) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 51(b), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

c) ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 51(c), but denies that Plaintiff is entitled to any

relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## COUNT V: RACE DISCRIMINATION (FLORIDA CIVIL RIGHTS ACT)

52.    ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 52.

53.    ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's race, and on that basis denies the same. ReliaQuest denies all remaining allegations in Paragraph 53.

54.    ReliaQuest denies the allegations in Paragraph 54.

55.    ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff has retained the undersigned attorney and is obligated to pay him as alleged in Paragraph 55, and on that basis denies the same.

      d)    ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 55(d), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

      e)    ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 55(e), but denies that Plaintiff is entitled to

any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

f)   ReliaQuest admits that Plaintiff purports to request the remedies listed in Paragraph 55(f), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

**COUNT VI: RETALIATION UNDER TITLE VII (42 U.S.C. § 2000e-3)**

56.   ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 56.

57.   ReliaQuest denies that Plaintiff engaged in protected activity. ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the remaining allegations in Paragraph 57, and on that basis denies the same.

58.   ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity as to whether Plaintiff raised concerns regarding a meme, and on that basis denies the same.  ReliaQuest denies the remaining allegations in Paragraph 58.

59.   ReliaQuest denies the allegation in Paragraph 59.

60.   ReliaQuest denies the allegations in Paragraph 60.

61.   ReliaQuest denies the allegations in Paragraph 61.

62.    ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff has retained the undersigned attorney and is obligated to pay him as alleged in Paragraph 62, and on that basis denies the same.

g)  ReliaQuest admits that Plaintiff purports to request the listed remedies in Paragraph 62(g), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

h)  ReliaQuest admits that Plaintiff purports to request the listed remedies in Paragraph 62(h), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

i)  ReliaQuest admits that Plaintiff purports to request the listed remedies in Paragraph 62(i), but denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

**COUNT VII: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: DISPARATE TREATMENT/FAILURE TO ACCOMMODATE ON THE BASIS OF RELIGION (42 U.S.C.  § 200e, et seq.)**

63.    ReliaQuest repeats and realleges the responses set forth above as if fully stated herein as and for its answers to Paragraph 63.

14

64.    To the extent Paragraph 64 states a legal conclusion, no response is required.

65.    To the extent Paragraph 65 states a legal conclusion, no response is required.

66.    To the extent Paragraph 66 states a legal conclusion, no response is required.

67.    ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and on that basis denies the same.

68.    ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that basis denies the same.

69.    ReliaQuest denies the allegation in Paragraph 69.

70.    ReliaQuest denies the conduct alleged in Paragraph 70 constitutes adverse action. ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and on that basis denies the same.

71.    ReliaQuest denies the allegations in Paragraph 71.

72.    ReliaQuest lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff has retained the undersigned attorney

and is obligated to pay him as alleged in Paragraph 72, and on that basis denies the same.

    j)  ReliaQuest admits that Plaintiff purports to request the listed remedies in Paragraph 72(j), but denies that is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

    k)  ReliaQuest admits that Plaintiff purports to request the listed remedies in Paragraph 72(k), but denies that is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

    l)  ReliaQuest admits that Plaintiff purports to request the listed remedies in Paragraph 72(l), but denies that is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

  WHEREFORE, ReliaQuest denies that Plaintiff is entitled to any judgment against ReliaQuest.   ReliaQuest respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered for ReliaQuest, and that ReliaQuest be awarded attorneys' fees and costs incurred in defending against Plaintiff's Complaint, together with such other and further relief the Court deems appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, ReliaQuest sets forth the following affirmative defenses to the above-captioned action (the "Action") based on the information currently available to it. ReliaQuest undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are described herein.

### FIRST DEFENSE

No decisions, actions, or failures to act by ReliaQuest with respect to Plaintiff and his employment at ReliaQuest were discriminatory or motivated by discriminatory animus or retaliation. Instead, they were justified by legitimate, non-discriminatory, non-retaliatory reasons and were based on factors other than Plaintiff's race, religion, or his alleged reporting of discriminatory conduct in the workplace. ReliaQuest terminated Plaintiff because of Plaintiff's significant and unremedied underperformance, including inability to perform basic job duties with the requisite skill and knowledge, which jeopardized ReliaQuest's client relations and business. The termination was not motivated by discriminatory animus or retaliation in response to any alleged complaint about discrimination. Plaintiff did not complain to ReliaQuest about any allegedly discriminatory conduct, nor an allegedly "racially charged" meme in a group chat. Plaintiff did not have protected

17

status.  Regardless, Plaintiff's termination was necessitated by his failure to perform his job duties.

## SECOND DEFENSE

Plaintiff's claims in the Action are barred by the affirmative defense of release.  ReliaQuest presented Plaintiff with an optional severance agreement with a standard release.  Plaintiff had an opportunity to consult with an attorney before executing it.  He signed the agreement two weeks after ReliaQuest originally sent a proposed draft of the severance agreement.  He knowingly and voluntarily released the claims he now alleges in the Action when he executed the Severance Agreement and General Release on April 4, 2022, a true and accurate copy of which is attached to the Counterclaim as **Exhibit A** (the "Severance Agreement").  Section 6 of the Severance Agreement contains a broad release of all "claims, actions, demands, and causes of action in law or in equity", including, but not limited to, "any and all claims which are based on or in any way related to his [] employment with ReliaQuest or the termination of that employment." (the "Release").  All of Plaintiff's claims fall within the terms of the Release, are barred, and should be dismissed with prejudice, with costs and fees awarded to ReliaQuest.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.  Plaintiff brought his claims after having accepted payments to release any such claims

pursuant to the Severance Agreement. In bringing his frivolous claims against ReliaQuest, and failing to disclose the existence of the Severance Agreement to this Court, Plaintiff acted in bad faith, and has caused ReliaQuest damages.

**FOURTH DEFENSE**

Plaintiff fails to allege facts sufficient to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

Plaintiff's claims of discrimination and retaliation are barred to the extent that Plaintiff has failed to fulfill conditions precedent to filing the Complaint, or to otherwise satisfy statutory prerequisites to instituting this lawsuit.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or conflict with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (the "EEOC") or the Florida Commission on Human Relations.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they stem from events which occurred more than 300 days before the filing of Plaintiff's Charge of Discrimination with the EEOC and/or state or local agency as they are untimely under the law and not properly asserted in this Action.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they fail to comply with applicable statute of limitations.

## NINTH DEFENSE

ReliaQuest asserts that Plaintiff was, at all material times, an at-will employee of ReliaQuest and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said action was not for an unlawful reason.

## TENTH DEFENSE

ReliaQuest, at all times, acted in good faith and with reasonable grounds for believing that any actions taken with regard to Plaintiff complied with all applicable state and federal anti-discrimination and anti-retaliation statutes.

## ELEVENTH DEFENSE

At all times relevant hereto, ReliaQuest had specific policies against unlawful discrimination in the work place, and such policies were well-known to ReliaQuest's employees, including Plaintiff.  Plaintiff failed to comply with those policies and did not report the alleged discriminatory action to ReliaQuest in accordance with those policies.

## TWELFTH DEFENSE

If any allegations of unlawful conduct were found to be true, ReliaQuest's employees acted on their own, in violation of ReliaQuest's strict policies prohibiting such conduct, and acted outside the scope of their employment.

## THIRTEENTH DEFENSE

ReliaQuest made good-faith efforts to comply with the law and should not be liable for any discriminatory or retaliatory acts by its employees, whether managerial or not.

## FOURTEENTH DEFENSE

Plaintiff's alleged damages, if any, are too speculative to permit recovery.

## FIFTEENTH DEFENSE

To the extent that Plaintiff seeks an award of punitive damages, Plaintiff's Complaint fails to allege facts sufficient to support a claim upon which punitive damages may be granted.  Any actions taken by ReliaQuest regarding Plaintiff were taken in good faith, in accordance with ReliaQuest's internal policies, and not taken intentionally, recklessly, or with gross negligence.  ReliaQuest's good-faith efforts to prevent discrimination and retaliation bars an award of such damages.

## SIXTEENTH DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees and costs may be granted.

## SEVENTEENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to reasonably mitigate his damages.

## EIGHTEENTH DEFENSE

The Complaint, and every purported claim alleged therein, is barred because any recovery from ReliaQuest would result in Plaintiff's unjust enrichment.

## NINETEENTH DEFENSE

ReliaQuest denies every allegation in the Complaint that ReliaQuest has not specifically admitted and demands strict proof thereof with respect to all allegations.

## RESERVATION OF DEFENSES

ReliaQuest has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses, including, but not limited to, inequitable conduct, as may become available or apparent as facts become known through discovery.  ReliaQuest reserves the right to amend or supplement its defenses and Counterclaims when and if appropriate after an opportunity for investigation and discovery.

## **COUNTERCLAIMS**

Aaron Allen (the "Counter-Defendant") has filed the Complaint in brazen disregard of a severance agreement and release he knowingly signed.  He collected, and retains, a generous severance payment, yet turned around and filed entirely frivolous claims against ReliaQuest, making false and outrageous allegations. Counter-Defendant was not the victim of any discrimination or hostile work environment.  He did not report any discrimination and was not terminated for reporting any discrimination while an employee of ReliaQuest.   ReliaQuest terminated Counter-Defendant because he failed to perform his job duties with the requisite skill and care, and—despite being on notice that he needed to improve, and being given ample support and opportunity to do so—he continued to perform far below expectations.  ReliaQuest had no choice but to terminate Counter-Defendant to protect its business from further damage and disruption from Counter-Defendant's substantial performance deficiencies.

Despite Counter-Defendant's subpar performance and short tenure of five months, ReliaQuest offered him a severance payment in consideration for a standard release of claims in a Severance Agreement and General Release, which Counter-Defendant signed on April 4, 2022 (the "Severance Agreement").  ReliaQuest did not in any way pressure Counter-Defendant to sign this proposed agreement.  He agreed in it that he had the opportunity to consult with an attorney.  Ultimately, after

the passage of two weeks and negotiation of the terms, Counter-Defendant signed the agreement, and ReliaQuest paid him the equivalent of four-weeks' salary.[2] Counter-Defendant accepted the funds paid by ReliaQuest under the Severance Agreement and retains them to this date.

Despite collecting this payment, Counter-Defendant ignored the release provision in the Severance Agreement and filed suit against ReliaQuest in this Court. Counter-Defendant's suit is a material breach and repudiation of the Severance Agreement.  He must return the severance payment if he is to maintain that the Severance Agreement is invalid.  Additionally, Counter-Defendant and his counsel have caused ReliaQuest to incur substantial legal fees and costs in responding to the Complaint.  Counter-Defendant and his counsel were aware of the Severance Agreement prior to filing, and have been aware of controlling Eleventh Circuit and Florida law that upholds the validity of the Severance Agreement since at least April 14, 2023, when ReliaQuest's counsel informed him of it. ReliaQuest's counsel repeatedly reminded Counter-Defendant's counsel of this fact, including in an April 21, 2023 letter.  Counter-Defendant and his counsel have ignored ReliaQuest's warnings that Counter-Defendant's filing violates the Severance Agreement, explanations that it is false and without factual and legal basis, and requests that they

---

[2] This Counterclaim omits references to the amount paid to Counter-Defendant by ReliaQuest pursuant to the Severance Agreement to protect sensitive salary and payment information. Accordingly, the Severance Agreement, attached as Exhibit A, has been redacted in relevant parts.

dismiss the action before ReliaQuest is damaged any further.  In addition to legal fees and costs, Counter-Defendant's released and frivolous claims have caused and will continue to cause significant damage to ReliaQuest's reputation, goodwill, and ability to hire and retain employees, all of which are of utmost important to ReliaQuest's mission.  This counterclaim action seeks to recover these damages arising from Counter-Defendant's pursuit of the Action in violation of the Severance Agreement.

For these reasons, Counter-Plaintiff, ReliaQuest ("Counter-Plaintiff"), by and through the undersigned counsel, incorporates its answer and affirmative defense as set forth above, and brings these counterclaims (the "Counterclaims") against Counter-Defendant (Counter-Defendant, together with Counter-Plaintiff, the "Parties") as follows:

## THE PARTIES

1.      Counter-Plaintiff is a limited liability company organized and existing under the laws of Florida, with its principal place of business at 1001 Water Street, Suite 1900, Tampa, FL 33602.

2.      Based on Counter-Defendant's allegations in the Complaint, Counter-Plaintiff is informed and believes that Counter-Defendant, an individual, resides in the Middle District of Florida.

## JURISDICTION AND VENUE

3.     This Court has supplemental jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a) as ReliaQuest's counterclaims are so related to the primary claims in Counter-Defendant's Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Counter-Defendant has chosen this venue to bring its claim against ReliaQuest.  Venue is proper in this judicial district for these Counterclaims under 28 U.S.C. § 1391 as Counter-Defendant, in the Complaint, names this district as his place of residency and a substantial part of the events giving rise to these Counterclaims occurred in this district.

5.     This Court has personal jurisdiction over Counter-Defendant as Counter-Defendant chose to avail himself of this forum by filing the Complaint here and, upon information and belief, resides within this jurisdiction.

## FACTUAL BACKGROUND

**A.  Counter-Defendant's Employment at ReliaQuest**

6.     ReliaQuest employed Counter-Defendant as a Detection Architect from November 1, 2021, to March 21, 2022.

7.     Pursuant to the employment agreement that Counter-Defendant signed on October 21, 2022 (the "Employment Agreement"), Counter-Defendant was, at all times, an at-will employee of ReliaQuest.

**B. Termination of Counter-Defendant's Employment**

8.      Five months into his employment, ReliaQuest terminated Counter-Defendant's at-will employment.

9.      ReliaQuest terminated Counter-Defendant because of the significant and unremedied deficiencies in his job performance.

10.     Counter-Defendant repeatedly failed to meet ReliaQuest's expectations for his role, including, but not limited to,:

   a) Counter-Defendant did not communicate with clients at a level of professionalism acceptable to ReliaQuest.

   b) Counter-Defendant's supervisor spoke to Counter-Defendant about his unprofessional email communications and outlined expectations.

   c) Even after this conversation, Counter-Defendant's email communications still failed to meet ReliaQuest's expectations.

   d) During a client meeting, Counter-Defendant failed to present his portion of the presentation, despite having received coaching on this portion before the meeting.

   e) During that same client meeting, the client commented on Counter-Defendant's silence.

f)  Counter-Defendant refused to perform job duties.  He refused to make minor and reasonable changes requested by a client to a client's content deployment process.

g)  Counter-Defendant's supervisor spoke to him about his inadequate work product and outlined expectations.

11.    The level of Counter-Defendant's work product and email communications were significantly below ReliaQuest's reasonable and justified expectations for an employee, which demanded that ReliaQuest terminate Counter-Defendant's employment, as it would have done with any other employee whose lack of skills and inadequate performance were threatening its business and client relationships.

**C. The Negotiation of the Severance Agreement and General Release**

12.    In connection with Counter-Defendant's termination, the Parties negotiated the execution of a severance and release agreement.

13.    ReliaQuest shared a proposed draft of the Severance Agreement with Counter-Defendant on March 21, 2022.

14.    As part of the negotiations, Counter-Defendant reviewed the proposed Severance Agreement and asked ReliaQuest to make certain changes to the agreement, with which ReliaQuest complied.

15. On April 4, 2022, two weeks after ReliaQuest delivered the original draft of the Severance Agreement, Counter-Defendant signed the Severance Agreement.

16. A true and accurate copy of the Severance Agreement that Counter-Defendant signed is attached to the Counterclaim as **Exhibit A**. In accordance with Rule 10 of the Federal Rules of Civil Procedure, ReliaQuest incorporates by reference the entire Severance Agreement as if pleaded herein in its entirety.

17. At no point did ReliaQuest pressure Counter-Defendant to sign the Severance Agreement. ReliaQuest specifically encouraged Counter-Defendant to review it, including by seeking and obtaining help from an attorney.

18. Counter-Defendant agreed that he had the opportunity to consult with an attorney. Section 7 of the Severance Agreement includes an acknowledgment that Counter-Defendant "has relied on, or had the opportunity to rely upon advice of counsel of Employee's choosing or has been given an opportunity to review it with counsel and [has] chosen not to do so." Exhibit A to the Counterclaim.

**D. The Severance Agreement and General Release**

19. The Severance Agreement provided to Counter-Defendant the payment of money and other benefits to which he otherwise was not entitled, as consideration for entering into the Severance Agreement.

20. Specifically, Section 2 provided that:

SEVERANCE. In exchange for Employee signing this Severance Agreement, ReliaQuest will pay a severance payment in the gross amount of [ *redacted* ], less any applicable withholdings, deductions, and taxes, which will be broken up and paid out over two (2) payroll periods in accordance with ReliaQuest's standard payroll process (the "Severance Payment"). Employee acknowledges that Employee is not already entitled to this Severance Payment. Employee further acknowledges that the Severance Payment will not be made to Employee until ReliaQuest has received this fully executed Agreement from Employee and all company property described in Paragraph 3 below has been received by ReliaQuest from Employee.

21.    In consideration for ReliaQuest's payment equivalent to four-weeks' salary, Counter-Defendant agreed to a broad release in Section 6, which reads as follow:

RELEASE. In exchange for the consideration referred to in this Agreement, Employee hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest, including but not limited to any and all claims which are based on or in any way related to his or her employment with ReliaQuest or the termination of that employment. This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission.

22.    By signing the Severance Agreement, Counter-Defendant thus agreed, in consideration for a payment equivalent to four-weeks' salary (the "Severance Payment") to release and forever discharge ReliaQuest from actions, demands, and causes of action in law or in equity of any kind or nature, including any and all claims related to his employment with ReliaQuest or its termination (the "Release").

**E. The Severance Payment**

23.     ReliaQuest paid to Counter-Defendant's designated bank account the Severance Payment in accordance with Section 2 of the Severance Agreement.

24.     Counter-Defendant received and accepted the Severance Payment in funds.

25.     Counter-Defendant has never revoked his acceptance of the terms of the Severance Agreement and has retained the Severance Payment and other benefits that he received from ReliaQuest under the Severance Agreement.

**F. Counter-Defendant's Complaint**

26.     Counter-Defendant then filed a complaint, bare bones and without merit, with the Equal Employment Opportunity Commission (the "EEOC").

27.     The EEOC took a mere one day to close out the matter and issue a standard Right to Sue letter, which it issues regardless of the merits of the claim and without consideration of any release or severance agreement to which the complainant may be subject and which may bar the complainant from suing a former employer.

28.     Nearly three months later, on April 12, 2023, more than a year after the end of his employment with ReliaQuest, Counter-Defendant filed this action against ReliaQuest in this Court (the "Action").

29.     However, Counter-Defendant had already fully released and discharged ReliaQuest of all the claims and counts in the Complaint as set forth in the Severance Agreement.

30.     Counter-Defendant knew that he had released the claims in the Complaint by signing the Severance Agreement.

31.     Counsel for ReliaQuest reminded Counter-Defendant and his counsel about the existence of the Release.

   a) On April 14, 2023, during a telephone conference with Counter-Defendant's counsel, ReliaQuest's counsel explained that Counter-Defendant had released the claims in the Complaint as part of the Severance Agreement and requested that Counter-Defendant's counsel withdraw the Complaint immediately.

   b) Counter-Defendant's attorney admitted to having seen the Severance Agreement.

   c) Counter-Defendant's attorney did not dispute that the Severance Agreement was otherwise valid and enforceable and this Action was within the scope of the Release.

   d) During a subsequent telephone conference on April 18, 2023, Counter-Defendant's counsel informed ReliaQuest's counsel that his theory that

the Release was invalid was based only on Counter-Defendant not having had an attorney review the Severance Agreement.

e) ReliaQuest's counsel explained on this call that the lack of a review by an attorney is not a valid basis for nullifying a severance agreement, and that the law generally upholds releases in severance agreements so long as the employee had an opportunity to review it with a counsel.

f) Counter-Defendant's attorney did not dispute that this reflects existing law, nor did he deny that Counter-Defendant only signed the Severance Agreement two weeks after initial receipt, during which time he could have obtained counsel to review it.

32.    Counter-Defendant has no valid basis for evading the terms of the Release and filing the Action.

33.    Counter-Defendant's filing of the Action materially breached the Severance Agreement.

**G. Counter-Defendant's False Claims and Failure to Report**

34.    In the Complaint, Counter-Defendant alleges that ReliaQuest has committed certain adverse employment actions against Counter-Defendant during his employment at ReliaQuest.  Counter-Defendant, again, made these allegations knowing them to be false, without legal merit, and covered by the Release in the Severance Agreement.

35.     ReliaQuest terminated Counter-Defendant's employment because of Counter-Defendant's significant and unremedied underperformance and inability to perform basic job duties with the requisite skill and knowledge, leading to loss of customer confidence.

36.     ReliaQuest has implemented a reporting mechanism and support structure as part of its harassment policy, which all of ReliaQuest's employees have access to through the employee handbook (the "Handbook").

37.     Counter-Defendant did not avail himself of ReliaQuest's many available means of reporting any instances of harassing conduct or concerning incidents, and did not follow ReliaQuest's company policy and Handbook regarding reporting any such alleged conduct to management, as set out in the Handbook.

38.     As Counter-Defendant set out in his complaint with the EEOC, Counter-Defendant only voiced his complaint about the purportedly "racially charged" meme in the form of a comment in a group chat during a team meeting. Counter-Defendant alleged in his EEOC charge that his comment consisted merely of the question "Is this what this company is about?".

**H. Damages Caused to ReliaQuest by Counter-Defendant's Breach**

39.     Counter-Defendant's breach has caused harm to ReliaQuest's reputation, goodwill, and ability to hire and retain employees, all of which are of utmost important to ReliaQuest's mission.

40.     ReliaQuest takes its diversity and inclusion very seriously.  ReliaQuest, as a growing Tampa company, has set up internal structures and policies—from in-house counsel, a dedicated Human Resources team, to a strict harassment policy and associated training—to ensure that it upholds its commitment to being an equal employment provider.

41.     ReliaQuest's commitment to diversity and inclusion is important to its customer and investor relationships, its ability to recruit and retain the best talent, and its overall success.  Its people are key to its mission.  Counter-Defendant has, without basis and falsely attacked this core principal and culture of ReliaQuest.

42.     Counter-Defendant's filing of this Action was in bad faith.

43.     Counter-Defendant's filing of this Action has caused and will continue to cause damage to ReliaQuest in the form of attorneys' fees, costs, loss of reputation and goodwill (including its ability to hire and retain employees, damage to customers and investors, and public relations and perception), and loss of the Severance Payment and interest on said payment.

## COUNT I
## Breach of Section 6 of the Severance Agreement

44.     ReliaQuest incorporates and realleges Paragraphs 1 to 43 of its Counterclaims as if fully set forth herein.

45.     The Severance Agreement is a valid, binding, and enforceable contract.

46.     ReliaQuest performed all of its obligations under the Severance Agreement, including payment to Counter-Defendant equivalent to four-weeks' salary in severance benefits in accordance with the terms of the Severance Agreement.

47.     Counter-Defendant has materially breached Section 6 of the Severance Agreement by pursuing this Action against ReliaQuest despite having validly released and discharged those claims in the Severance Agreement.

48.     By signing and agreeing to be bound by the Severance Agreement, Counter-Defendant released and discharged ReliaQuest from "any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest."

49.     As further stipulated by Section 6 of the Severance Agreement, this Release captures "claims which are based on or in any way related to his [] employment with ReliaQuest or the termination of that employment."

50.     This is a standard release in employment severance agreements.

51.     Counter-Defendant's claims asserted against ReliaQuest in this Action are based on alleged adverse actions by ReliaQuest, in its role as former employer of the Counter-Defendant, during Counter-Defendant's employment with ReliaQuest.

52.     Thus, the underlying basis for Counter-Defendant's claims, as asserted in the Complaint, is within the scope of the Release that Counter-Defendant agreed to by signing the Severance Agreement and accepting the agreed-upon Severance Payment.  Accordingly, by asserting his claims against ReliaQuest in this Action, Counter-Defendant has materially breached and continues to breach the Severance Agreement.

53.     The issuance of a Right to Sue letter after filing an EEOC action does not nullify a valid contractual release.  The EEOC issues such a letter upon concluding its investigation.  The EEOC issues such a letter whether or not the claim has any merit.  Nor does the EEOC consider whether the complainant released the claim.

54.     As a result of Counter-Defendant's material breach of the Severance Agreement, ReliaQuest has been damaged in the amount of the Severance Payment paid to Counter-Defendant, plus loss of interest, for which it did not receive the promised benefits under the Severance Agreement.

55.     Furthermore, Counter-Defendant's breach of the Severance Agreement has caused ReliaQuest significant additional damages.  Not only is ReliaQuest's commitment to diversity and inclusion one of ethics and morality, but this commitment is critical to ReliaQuest's ability to hire and retain employees, attract and retain customers and investors.  Counter-Defendant has falsely attacked this

commitment in a publicly available filing, which investors and others are certain to find and identify in diligence, causing ReliaQuest additional and ongoing economic harm.  As a result, ReliaQuest has suffered significant damages, and will continue to do so, including but not limited to monetary damages, damages to its reputation and goodwill, and attorneys' fees and costs incurred in defending against this matter, in an amount to be established at trial.

56.    ReliaQuest is entitled to the repayment of the consideration paid to Counter-Defendant under the Severance Agreement, and is entitled to the recovery of all damages, reasonable attorney's fees, and costs incurred relating to this Action.

**COUNT II**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

57.    ReliaQuest incorporates and realleges Paragraphs 1 to 56 of its Counterclaims as if fully set forth herein.

58.    ReliaQuest and Counter-Defendant executed the Severance Agreement in Tampa, Florida, the place of Counter-Defendant's residence and the ReliaQuest offices at issue.

59.    Pursuant to the Severance Agreement, Counter-Defendant agreed to release and discharge ReliaQuest from all claims, actions, demands, and causes of action in law or in equity which Counter-Defendant may have had, or may now have against ReliaQuest in consideration for the Severance Payment.

60. Florida law governs both the Employment Agreement and Severance Agreement.

61. "In Florida, every contract contains an implied covenant of good faith and fair dealing, which requires the parties to 'follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations.'" *Focus Mgmt. Grp. USA v. King*, 171 F. Supp. 3d 1291, 1299-300 (M.D. Fla. 2016).

62. A breach of the implied covenant of good faith and fair dealing "attaches to the performance of a specific contractual obligation." *Id*. at 1300. Here, such a specific contractual obligation exists: Counter-Defendant released all claims against ReliaQuest within the scope of Section 6 of the Severance Agreement in consideration for the Severance Payment. The purpose of the Release was to avoid future litigation. Counter-Defendant owed ReliaQuest a duty to comply with these obligations in good faith to protect ReliaQuest's reasonable expectations of an amicable termination, as explicitly recognized in the Severance Agreement's introduction. *See* Exhibit A to the Counterclaim.

63. After the Parties entered into the Severance Agreement, ReliaQuest performed all of its obligations under the Severance Agreement, including payment to Counter-Defendant of the Severance Payment.

64. Counter-Defendant, in breach of the express language of Section 6 of the Severance Agreement, commenced this Action.

65.     The breach occurred in Florida.

66.     Counter-Defendant filed the Complaint in knowing disregard of the fact that he had released the Action in the Severance Agreement.

67.     Counter-Defendant was reminded by counsel for ReliaQuest of the terms of the Severance Agreements on several occasions, including:

a)  Counsel for ReliaQuest mentioned the existence of the Severance Agreement in a phone call on April 14, 2023.

b)  In response, Counter-Defendant's counsel himself admitted to being aware and having seen the Severance Agreement.

c)  During the call on April 14, 2023, Counter-Defendant's counsel furthermore acknowledged that the Release would cover this Action.

d)  ReliaQuest's counsel reiterated that the Complaint was barred due to the Release in a call on April 18, 2023.

e)  During the call on April 18, 2023, Counter-Defendant's counsel informed ReliaQuest's counsel of his theory that Counter-Defendant had not knowingly and intentionally signed the Severance Agreement as Counter-Defendant allegedly did not have an attorney review the Severance Agreement.

    f)  Counter-Defendant's counsel stated that this was the only basis for his theory that the Release was not enforceable.

    g)  ReliaQuest's counsel in response explained on this call that the lack of a review of a release by an attorney does not invalidate it. ReliaQuest's counsel also pointed out that the Florida law generally upholds a release so long as the employee had an opportunity to review with a counsel.

    h)  Counter-Defendant's counsel did not dispute that this was the law, nor that Counter-Defendant had had ample opportunity to have an attorney review the Severance Agreement before he executed it.

68.    Counter-Defendant ignored ReliaQuest's repeated reminders that Counter-Defendant brought this Action in violation of the Release.

69.    Counter-Defendant knew that the claims alleged in the Complaint are baseless and was reminded of the same by ReliaQuest's counsel.

70.    Yet Counter-Defendant and its counsel have refused to dismiss the Complaint.

71.    To date, Counter-Defendant continues to hold in his possession the Severance Payment that ReliaQuest paid to him as consideration for his promises in the Severance Agreement.

41

72.     Counter-Defendant does not mention the Parties' Severance Agreement in the Complaint, evidencing that he was proceeding in bad faith by bringing the Action against ReliaQuest in breach of the Severance Agreement and concealing fundamental facts of the dispute from this Court.

73.     Counter-Defendant is bringing this Action in bad faith in an attempt to extract further payments from ReliaQuest.

74.     Counter-Defendant, by bringing this Action in disregard of having released such a claim in return for the generous Severance Payment, unfairly interfered with ReliaQuest's reasonable contractual expectations under the Severance Agreement and violated the covenant of good faith and fair dealing implied by Florida law in the Severance Agreement.

75.     Counter-Defendant's breach of its implied duty of good faith and fair dealing by filing and maintaining this Action has damaged ReliaQuest in an amount to be determined at trial.

## COUNT III
## Unjust Enrichment

76.     ReliaQuest incorporates and realleges Paragraphs 1 to 44 and 46 to 75 of its Counterclaims as if fully set forth herein.

77.     As an alternative claim to ReliaQuest's breach of contract claim, should the Court find that the Severance Agreement is unenforceable, Counter-Defendant will be unjustly enriched if he is allowed to escape his obligations under the

Severance Agreement while retaining the Severance Payment and other benefits received from ReliaQuest in its performance under the Severance Agreement.

78.    ReliaQuest conferred a benefit on Counter-Defendant via payment of the Severance Payment.

79.    Counter-Defendant voluntarily accepted and retained such funds.

80.    Circumstances are such that it would be inequitable for Counter-Defendant to retain the benefit of the Severance Payment, if the Severance Agreement were determined to be unenforceable, without paying back the value thereof to ReliaQuest.

## PRAYER FOR RELIEF

**WHEREFORE**, ReliaQuest respectfully requests that the Court:

1. Order that Plaintiff / Counter-Defendant take nothing by this Action;

2. Dismiss Plaintiff's Complaint against ReliaQuest and any claims therein in their entirety with prejudice;

3. Order that judgment on the Answer and Counterclaims be entered in ReliaQuest's favor;

4. Order restitution of the full amount of the Severance Payment made by ReliaQuest to Plaintiff / Counter-Defendant pursuant to the Severance Agreement or its unjust enrichment claim; and

5. Grant ReliaQuest an award of damages in an amount to be determined;

6.  Grant ReliaQuest an award of its attorneys' fees and costs incurred in this Action;

7.  Award ReliaQuest such other and further relief as this Court may deem appropriate.

Dated: May 19, 2023.

*/s/ Dean A. Kent*
DEAN A. KENT
Florida Bar No. 307040
dkent@trenam.com; ac@trenam.com
TRENAM LAW
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474  /  Fax: (813) 229-6553

And

STEVEN J. PACINI
(Pro Hac Vice pending)
Steven.Pacini@lw.com
Latham &Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4516

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ Dean A. Kent
Attorney
