**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

AARON ALLEN,

    Plaintiff,

v.                                          Case No. 8:23-cv-806

RELIAQUEST, LLC,

    Defendant.

_____

**ANSWER**

    Counter-Plaintiff begins his Counterclaims with a rambling unnumbered preamble which Counter-Defendant asserts requires no response. However, Counter-Defendant denies the response in its entirety and reasserts that he was terminated due to Counter-Plaintiff's discrimination and retaliation.

1. Deny information and knowledge sufficient to form a belief as to the corporate structure of RELIAQUEST.

2. AARON ALLEN (hereinafter referred to as "ALLEN") admits that he is an individual that resides within the Middle District of Florida.

3. ALLEN admits that Counter Plaintiff has jurisdiction to bring their Counter Claims, but denies Allen violated any laws set forth in the Counter Claims and denies that Counter Plaintiff is entitled to any of the relief sought therein.

4. ALLEN admits that Counter Plaintiff has venue to bring their Counter Claims, but denies Allen violated any laws set forth in the Counter Claims and denies that Counter Plaintiff

   is entitled to any of the relief sought therein.

5. ALLEN admits that Counter Plaintiff has personal jurisdiction to bring their Counter Claims, but denies Allen violated any laws set forth in the Counter Claims and denies that Counter Plaintiff is entitled to any of the relief sought therein.

6. ALLEN admits that he was employed as a Detection Architect from November 1, 2021, to March 21, 2022.

7. ALLEN admits that he was an at-will employee of Counter-Plaintiff.

8. ALLEN admits that he was terminated by Counter-Defendant.

9. ALLEN denies that there were deficiencies in his work performance and that he was terminated because of Counter Plaintiff's discrimination and retaliation.

10. ALLEN denies the allegations made in paragraph 10, 10a., 10 b., 10 c., 10 d., 10 e., 10f., and 10g of Counter Plaintiffs Counterclaims.

11. ALLEN denies the allegations made in paragraph 11 of Counter Plaintiffs Counterclaims.

12. ALLEN denies the allegations made in paragraph 12 of Counter Plaintiffs Counterclaims.

13. ALLEN denies paragraph 13 to the extent he believes he was presented with the severance agreement on March 28, 2023 which paragraph 15 of Counter Plaintiff's own Counterclaims seem to suggest.

14. ALLEN admits to requesting the deletion of the word covenant as it goes against his religious beliefs, the nature of this change did not evidence knowledge or understanding of the agreement but in fact demonstrates ALLEN'S lack of understanding.

15. Admitted.

16. Admitted.

17. ALLEN denies paragraph 17 of Counter Plaintiff's Counterclaims, and further states that

employees of RELIAQUEST lied about the agreement and separately informed ALLEN that the agreement allowed him to pursue his Discrimination claims later and specifically included the language in paragraph 6 of Exhibit "A" which states "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

18. See the response to 17 and see Torrez v. Public Service Co., 908 F.2d 687.

19. ALLEN Denys Knowledge or information to form a belief as to what ALLEN is entitled too.

20. ALLEN admits to the language being presented.

21. ALLEN admits to the wording but not the meaning as it references the EEOC which employer explained verbally meant he could bring the Discrimination Claim.

22. ALLEN denies see response to paragraph 21, and see

23. Admitted.

24. Admitted.

25. Allen denies see Complaint.

26. Deny, ALLEN feels that his claim has merit.

27. ALLEN denies as he cannot answer for a government agency.

28. Deny.

29. Deny see Torrez.

30. Deny, and specifically assert lack of knowledge, ambiguous language, and the willfully false representation of employer

31. ALLEN denies paragraph 31 in its entirety.

    a. The agreement is not controlling on EEOC claims and this action stems from an EEOC right to sue letter.

    b. Stems from the willful fraud of the employer in misrepresenting the meaning of "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission." Specifically, ALLEN was told "**you can sue after you sign!**"

    c. Stems from the willful fraud and justifiable reliance on the employers statements that he can still bring the claim.

    d. Stems from the ambiguity in the documents.

    e. Opinions of counsel are not valid in this pleading.

    f. Object as irrelevant and scandalous.

32. Deny.

33. Deny the agreement specifically allowed, "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

34. Deny, ALLEN believes the claims made and the ineffectiveness of the release on these matters.

35. Deny, and assert that this is pretextual slander.

36. ALLEN Denys Knowledge or information sufficient to form a belief, we cannot speak to

all of RELIAQUEST employees.

37. ALLEN Denys Knowledge or information sufficient to form a belief

38. Deny.

39. Deny, and Demand Strict Proof of a single employee who read the complaint on their own and took any action adverse to RELIAQUEST.

40. Deny, RELIAQUEST is a good old boy company that does not take diversity and inclusion very seriously. All policies, procedure, and handbooks are just for show.

41. Deny see response to paragraph 40.

42. Deny.

43. Deny, these are not recoverable damages in this action.

44. Repeat and Reallege the response from 1-43.

45. Deny, and further state if enforceable the claims in this complaint were excluded.

46. Admit.

47. Deny.

48. Deny, as the quote is incomplete and fails to include "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

49. Deny see response to paragraph 48.

50. Deny, ALLEN lacks sufficient knowledge to form an opinion or belief as to what is standard.

51. Admit.

52. Deny, see "This waiver and release specifically excludes matter that may not be released

by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission." Further, unenforceable fraud, waiver, and estoppel.

53. Deny knowledge and information sufficient to form a belief as to paragraph 53. ALLEN does not know EEOC reasons for issuing out a Right To Sue Letter.

54. Deny, as agreed excluded EEOC.

55. Deny, and Demand Strict Proof.

56. Deny, and note this is a legal conclusion.

57. Repeat and Reallege ALLEN's responses for paragraph 1-56.

58. Admit.

59. Deny, the agreement released claims of this nature explicitly see language "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

60. Admit, that Florida Federal law controls the Federal Claims, and that State Law controls the state claims.

61. Admit that this is a quote but deny its applicability.

62. Deny this is an accurate summary of the law of the agreement which expressly allows "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

Case 8:23-cv-00806-KKM-AEP   Document 18   Filed 06/11/23   Page 7 of 12 PageID 123

63. Deny, as this counterclaim is a breach.

64. Deny, the language states "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission." Further, also deny as to enforceability.

65. Deny.

66. Deny, Counter-Defendant was explicitly told by Counter-Plaintiff he could file discrimination claims and relied on those verbal explanations of counter plaintiff.

67. Deny.

    a. Deny Plaintiff was present.

    b. Admit to seeing the agreement.

    c. Deny agreement with meaning of enforceability.

    d. Deny RELIAQUEST counsel's opinion is binding on ALLEN.

    e. Deny this was the sole reason given.

68. Deny.

69. Deny, and disagree.

70. Admit.

71. Admit.

72. Deny, ALLEN's claim is not based on the agreement, know one is so naïve as to assume you wouldn't know about it.

73. Deny, this lawsuit was not filed in bad faith. Admit that this lawsuit is filed to receive recoverable damages suffered by ALLEN.

74. Deny, that the severance was generous or reasonable. Further deny any breach of the covenant of good faith and fair dealing.

75. Deny.

76. Repeats and Realleges responses from 1-75.

77. Deny.

78. Admit payment but deny benefit they fired him wrongfully and willfully misled him.

79. Admit.

80. Deny.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE UNCLEAN HANDS

81. Counter Plaintiff has Unclean hands as a result of its illegal and inequitable conduct in violating the law and promoting a culture of racial discrimination.

82. Counter Plaintiff has Unclean hands as a result of its inequitable conduct in treating Counter-Defendant in a discriminatory manner due to his race, and/or religion.

83. Counter Plaintiff has Unclean hands as a result of its statements to Counter-Defendant that Counter-defendant still had the right to sue if he signed the agreement.

### SECOND DEFENSE ESTOPPEL

84. Counter Plaintiff should be estopped from denying his right to sue for EEOC claims as a result of its statements to Counter-Defendant that Counter-Defendant still had the right to sue if he signed the agreement.

### THIRD DEFENSE WAIVER

85. Counter Plaintiff waived the right to denying counter defendant from suing for EEOC

claims as a result of its statements to Counter-Defendant that Counter-Defendant still had the right to sue if he signed the agreement.

## FOURTH DEFENSE CONSTRUCTION

86. Counter-Plaintiff drafted the agreement.

87. The agreement is ambiguous as to the right to sue for racial discrimination (eeoc claims)

88. Specifically it says "This waiver and release **specifically excludes** matter that may not be released by law, **including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission**, the National Labor Relations Board, and the Security & Exchange Commission. "   Specifically the employer explicitly gave my unrepresented client legal advice and told him that this language meant that : "you can sue after you sign!".

89. Counter-Plaintiff specifically represented these words meant Counter-Defendant could sue, and should be held to their explanation.

## FIFTH DEFENSE MUTUAL MISTAKE

90. The Agreement  says "This waiver and release **specifically excludes** matter that may not be released by law, **including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission**, the National Labor Relations Board, and the Security & Exchange Commission. "

91. The employer explicitly gave my unrepresented client legal advice and told him that this language meant that : "you can sue after you sign!".

92. Both Employer and client believed this was the case at the time the agreement was entered into.

93. Employer now asserts that this is not what the contract means and thus asserts a mutual mistake.

### SIXTH AFFIRMATIVE DEFENSE FRAUD IN THE INDUCEMENT

94. The Agreement says "This waiver and release **specifically excludes** matters that may not be released by law, **including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission**, the National Labor Relations Board, and the Security & Exchange Commission. "

95. The employer explicitly advised counter-Defendant this language meant that : "you can sue after you sign!" Prior to his signature.

96. Counter Defendant was unrepresented and reasonably relied on this interpretation of the language, when he signed the agreement.

97. Counter Defendant was harmed by the false representation and has suffered damages.

98. Counter-Plaintiff intended counter defendant to rely on the false representation which counter plaintiff did

### SEVENTH AFFIRMATIVE DEFENSE NEGLIGENT MSISREPRESNATION

99. The Agreement says "This waiver and release **specifically excludes** matters that may not be released by law, **including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission**, the National Labor Relations Board, and the Security & Exchange Commission. "

100.    The employer explicitly advised counter-Defendant this language meant that : "you can sue after you sign!" Prior to his signature.

101.    Counter Defendant was unrepresented and reasonably relied on this

interpretation of the language, when he signed the agreement.

102. Counter Defendant was harmed by the incorrect representation and has suffered damages.

103. Counter-Plaintiff intended counter defendant to rely on the negligent representation which counter plaintiff did.

Dated this 11th of June, 2023.     Respectfully Submitted,

*/s/ Ian M. Tygar*
Ian Tygar
Executive Square Plaza
5341 West Atlantic Avenue, Suite 303
Delray Beach, FL 33484
561-455-0280 Phone
561-305-6510 Cellular Phone
561-455-0281 Fax
Florida Bar No. 1031848
**Primary E-Mail Address: itygar@icloud.com**
**Secondary E-Mail neiltygarlaw@gmail.com**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 11, 2023, a copy of the foregoing Plaintiff's Answer & Affirmative Defense has been furnished via CM/ECF on all counsel of record.

*/s/ Ian M. Tygar*
Attorney