# Exhibit A
PACINI DECLARATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Aaron Allen, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 8:23-cv-805<br>) |
| ReliaQuest, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## DECLARATION OF STEVEN J. PACINI IN SUPPORT OF RELIAQUEST, LLC'S MOTION FOR SANCTIONS

I, Steven J. Pacini, hereby declare as follows:

1. I am an active member in good standing of the bar of Massachusetts. I am an attorney with the law firm of Latham & Watkins LLP, counsel of record for ReliaQuest, LLC ("ReliaQuest") in the above-captioned action (the "Action").

2. An Unopposed Motion for my admission *pro hac vice* is pending before this Court.

3. I submit this declaration in support of ReliaQuest's Motion for Sanctions and Memorandum of Law in Support (the "Motion"). I have personal knowledge of the matters stated herein and, if called on, I could and would competently testify thereto.

1

4.	I was alerted to the fact that Plaintiff, Aaron Allen, (the "Plaintiff) had filed a complaint against ReliaQuest in the Action (Dkt. 1, the "Complaint") as part of my standard docket monitoring process on behalf of my clients; neither Plaintiff nor his counsel, Ian Tygar ("Plaintiff Counsel")[1] had given me or my client advanced notice that they were filing a public complaint.

5.	On April 14, 2023, I called Plaintiff Counsel to discuss the Complaint. During this telephone conference with Plaintiff Counsel, I explained that Plaintiff had released the claims in the Complaint as part of the Severance Agreement and General Release that Plaintiff had signed on April 4, 2022 (the "Severance Agreement").[2]

6.	More specifically, I pointed Plaintiff Counsel to Section 6 of the Severance Agreement in which Plaintiff had released and forever discharged ReliaQuest from actions, demands, and causes of action in law or in equity of any kind or nature, including any claims related to his employment with ReliaQuest or his termination (the "Release"). I explained that the claims Plaintiff alleges in the Complaint fall within the scope of the Release and as such Plaintiff's Action is barred.

---

[1] Ian Tygar signed the Complaint. It was not a verified complaint. Ian Tygar's signature block notes that he is a member of the law firm "Neil Bryan Tygar, P.A.". Without explanation, another member of Neil Bryan Tygar, P.A.—Neil Tygar—has replaced Plaintiff Counsel in the latest communications with ReliaQuest's local counsel.

[2] A copy of the Severance Agreement is attached to the Noonan Declaration as Exhibit A.

7. I accordingly requested that Plaintiff Counsel withdraw the Complaint immediately.

8. Plaintiff Counsel acknowledged that he was aware of and had seen the Severance Agreement and the Release prior to filing the Complaint.

9. When I asked Plaintiff Counsel to explain the legal basis for Plaintiff's Complaint in light of the Release, Plaintiff Counsel refused to answer but promised to call me on April 17, 2023.

10. Plaintiff Counsel did not contact me as promised, and Plaintiff Counsel's email provided in the Complaint, itygar@me.com, was not working. I also could not locate Plaintiff Counsel on his law firm's website, http://www.myfloridarealestatelawyer.com/contact_us.php. I then called Plaintiff Counsel again on April 18, 2023. Plaintiff Counsel informed me of his new e-mail address, itygar@icloud.com, during the call.

11. During that call, Plaintiff Counsel informed me of his theory that Plaintiff had not knowingly and intentionally signed the Severance Agreement because Plaintiff allegedly did not have an attorney review the Severance Agreement before he signed it.

12. I explained on this call that the lack of a review by an attorney is not a valid basis for nullifying a contractual release in a severance agreement as counsel review is not a precondition for a knowing and voluntary release. I stressed that

Plaintiff had ample opportunity to seek legal advice during the two weeks in which he reviewed the Severance Agreement. I also pointed to Section 7 of the Severance Agreement which states that Plaintiff acknowledged that he relied on, or had the opportunity to rely on, advice of counsel.

13. Plaintiff Counsel did not dispute that my explanation reflects the existing law, nor that Plaintiff had ample opportunity to have an attorney review the Severance Agreement before he executed it. Plaintiff Counsel confirmed that his sole basis for challenging the validity of the Release was that Plaintiff allegedly did not have counsel review the Severance Agreement before he signed it.

14. Once again, I demanded that Plaintiff Counsel immediately dismiss the Action, which I explained was harming ReliaQuest's reputation, goodwill, and ability to hire and retain employees with false and baseless allegations that had been released.

15. I also warned Plaintiff Counsel that ReliaQuest would file a motion pursuant to Rule 11 of the Federal Rule of Civil Procedure ("Rule 11") if Plaintiff Counsel did not immediately withdraw the Action.

16. In a continuous attempt at finding an out-of-court resolution, I followed up with Plaintiff Counsel with a letter on April 21, 2023 (the "April 21 Letter").[3]

---

[3] A true and correct copy of the April 21 Letter is attached to the Motion as Exhibit C.

4

In the April 21 Letter, I once more set out the existing facts and law, urging Plaintiff Counsel for the fourth time to withdraw the Action against ReliaQuest.

17. In the April 21 Letter I also again put Plaintiff Counsel on notice that ReliaQuest would file a motion pursuant to Rule 11 if Plaintiff Counsel did not immediately withdraw the Complaint.

18. Again, Plaintiff Counsel ignored my request.

19. Consistent with his modus operandi, Plaintiff Counsel did not provide a courtesy copy or notice of service to me, despite my specific written request in the April 21 Letter.

20. Nor did Plaintiff Counsel respond to repeated inquiries by ReliaQuest's local counsel about the date of service on ReliaQuest and his calculation of a response date.

21. Only on May 18, a day prior to the filing deadline, did Plaintiff Counsel then file the proof of service with this Court. Again, Plaintiff Counsel chose not to send a courtesy notice to me or ReliaQuest's local counsel.

22. From the day that Plaintiff Counsel filed the Complaint I have tried to resolve this matter without court intervention. Plaintiff Counsel and his firm have ignored my repeated requests and warnings. The Complaint remains pending before this Court, causing significant damage to ReliaQuest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2023, in Boston, Massachusetts.

/s/__Steven Pacini_____

Steven J. Pacini

*Counsel for Defendant,
ReliaQuest, LLC*

(Signed by Dean A. Kent with permission of Steven J. Pacini)

/s/__Dean A. Kent_____

Dean A. Kent

DEAN A. KENT
Florida Bar No. 307040
dkent@trenam.com; ac@trenam.com
TRENAM LAW
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553