**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

      Plaintiff,

v.                                                                            Case No. 8:23-cv-00806-KKM-AEP

RELIAQUEST, LLC,

      Defendant,

_____

## Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

      The parties conducted the planning conference on 6/7/2023 via Microsoft Teams.

      In attendance were (i) Dean A. Kent, Trenam Law, and Steven J. Pacini, Latham & Watkins, counsel for Defendant, ReliaQuest, LLC ("ReliaQuest"), and (ii) Neil Bryan Tygar of Neil Bryan Tygar P.A., counsel for Plaintiff, Aaron Allen ("Plaintiff").

2. **Deadlines and Dates**

      The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 7/19/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/12/2023 |
| Deadline for completing fact discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 4/28/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).                     Plaintiff | 1/25/2024 |
| Defendant | 2/23/2024 |
| Rebuttal | 3/14/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/20/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>The Mediator is to be determined by mutual agreement of the parties | 3/20/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/2/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/23/2024 |

2

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/15/2024 |
| Month and year of the trial term. | 11/21/2024 |

The trial will last approximately two to three (2 - 3) days and be
☒ jury.

☐ non-jury.

3. **Description of the Action**
   BY PLAINTIFF:
   The Plaintiff, Aaron Allen, alleges that Defendant, discriminated against him based on his race and religion and then was retaliated against when he reported the same ultimately leading to his wrongful termination.  Plaintiff signed a release which contained language expressly excluding EEOC claims from the release, and Defendant Employer represented to Plaintiff that the language allowed him to bring his racial discrimination claims.  Plaintiff relies both on the express release and the Totality of the Circumstances test to establish that this claim may be brought for the wrongful conduct of employer.   " However, "in light of the strong policy concerns to eradicate discrimination in employment," I must look beyond the contractual language and consider the following factors to determine whether a general release is knowing and voluntary: ... (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law. ... Torrez v. Public Service Co. of New Mexico, 908 F.2d 687, 689-90 (10th Cir. 1990)

   By Defendant:
   In this matter Plaintiff alleges various employment related claims (violations of Title VII, violation of the Florida Civil Rights Act, Race Discrimination under 42 USC 1981, and for retaliation under 42 USC § 2000 et seq.) arising from his approximately five (5) month employment with ReliaQuest.  Plaintiff, however, is precluded from proceeding with any such claims in this Court because he knowingly and voluntarily entered into a Separation and Release Agreement

waiving and releasing all such claims. Further, to the extent the Separation and Release Agreement is not fatal to all of his affirmative claims, Defendant denies that it discriminated or retaliated against Plaintiff or that this action is in any way appropriate under the facts or the law. Any negative employment actions that ReliaQuest took against Plaintiff were for documented legitimate, non-discriminatory, and non-retaliatory reasons based upon his failure perform his job duties with the requisite skill and care.

Further, ReliaQuest has asserted counterclaims (breach of the Separation and Release Agreement, breach of the implied covenant of good faith, and fair dealing and, alternatively unjust enrichment) seeking the return of the consideration paid for such Separation and Release Agreement from Mr. Allen and additional damages.

## 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

Defendant filed a Notice of a Related Action on May 30, 2023, disclosing the administrative charge Plaintiff filed with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, which has been closed.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties request a preliminary pretrial conference, and the Defendant wants to discuss staying discovery until any dispositive or other motions have been ruled on by this Court.  Plaintiff Objects and notes that Defendant has chosen to file counter claims and discovery including depositions are necessary to develop both the case and chief and to challenge the counter claims.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: the negotiation and execution of the Severance Agreement, Plaintiff's submissions and communications to and from the Equal Employment Opportunity Commission, and the receipt and retention of the severance payment made by ReliaQuest to Plaintiff pursuant to the Severance Agreement.

C. Discovery should be conducted in phases:

   ☒ No.
   ☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

   ☐ No.
   ☒ Yes; describe the issue(s). Plaintiff should be specifically directed and put on notice to preserve all potentially relevant ESI and other records and data, including personal phone messages, emails, etc. in

connection with this matter, all of which may go to show he was aware of and understood the agreement, and issues surrounding the reason for his termination, including allegations of his subpar performance.

Defendant should be specifically directed and put on notice to preserve all potentially relevant ESI and other records and data, including personal phone messages, emails, company memorandum, performance reports, personal files, trouble tickets, discrimination complaints, customer logs and computer data, in connection with this matter, all of which may go to show the biases against Plaintiff, the misrepresentations as to the meaning of the contract, and the "totality of the circumstances"

E.  ☒    The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.     The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

     ☒  No.
     ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Steven J. Pacini*        Dated: 06/22/23
STEVEN J. PACINI, Esq.
Mass Bar No. 676132
Steven.Pacini@lw.com
Latham &Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4516
Counsel for ReliaQuest


*/s/ Dean A. Kent*        Dated: 06/22/23
DEAN A. KENT
Florida Bar No.  307040
dkent@trenam.com; ac@trenam.com
TRENAM LAW
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Local counsel for ReliaQuest



*/s/ Ian Michael Tygar*        Dated: 06/22/23
IAN TYGAR
Florida Bar No. 1031848
**itygar@icloud.com**;
**neiltygarlaw@gmail.com**
5341 West Atlantic Avenue, Suite 303
Delray Beach, FL 33484
561-455-0280 Phone
561-305-6510 Cellular Phone