IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| AARON ALLEN | ) | |
| | ) | |
| Plaintiff | ) | Case No. 8:23-cv-806 |
| | ) | |
| vs. | ) | |
| | ) | |
| RELIAQUEST, LLC, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS AND MEMORANDUM OF LAW**

NOW COMES, AARON ALLEN ("Plaintiff") who by and through the undersigned counsel files this Response to the Defendant's Motion for Sanctions and Memorandum of Law (the "Motion") (ECF No. 19) as follows:

1. The Defendant's Motion raises one singular argument to seek sanctions: that the Plaintiff's claims are objectively frivolous based on the existence of a severance agreement between the parties.

2. A careful examination of the argument reveals that it relies on the unsupported conclusion that the language of the severance agreement was clear and understood by both parties to mean the same thing.

3. Upon exanimation of the complaint and taking all facts therein as true, the Plaintiff has not filed a frivolous complaint.

4. For the foregoing reasons, the Defendant's arguments fail and its motion should be denied.

## MEMORANDUM OF LAW

### I. Standard of Review

Rule 11 sanctions are warranted "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Cook-Benjamin v. MHM Corr. Servs.*, 571 Fed. Appx. 944, 948 (11th Cir. 2014); *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

In determining whether to impose sanctions, the district court determines "whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *McGuire Oil Co. v. MAPCO, Inc.*, 958 F.2d 1552, 1563 (11th Cir. 1992). See also *Fishoff v. Coty Inc.*, 634 F.3d 647, 654–655 (2d Cir. 2011) ("The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable. The operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'"); *In re Ruben*, 825 F.2d 977, 986 (6th Cir. 1987) (sanctions against plaintiff were not justified since action did not appear frivolous when filed); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992) (to constitute frivolous legal position for purposes of Fed. R. Civ. P. 11, it must be clear that there is no chance of success).

Traditionally, courts have evaluated the reasonableness of a position taken in a document presented to a district court in light of the situation existing, and the facts known, at the time the

pleading, motion, or other paper was signed or filed. *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (inquiry focuses on merits of pleadings gleaned from facts and law available at time of filing); *FDIC v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994) ("snapshot" rule measures conduct at time of filing).

Moreover, allegations may have factual support even though an inference is required to connect the facts with the allegations—the law generally does not distinguish between the probative value of direct and circumstantial evidence. *Lucas v. Duncan*, 574 F.3d 772, 776–779 (D.C. Cir. 2009).

Rule 11 establishes an objective standard of reasonable conduct for litigants and attorneys. *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1332 n.5 (11th Cir. 1992) (district court is required to evaluate whether document reflected what could reasonably have been believed by signer at time of signing). Although the subjective beliefs of a person who signed or advocated a document are irrelevant in determining whether the certification requirements of the rule have been violated, subjective factors may be considered, since "Rule 11 sanctions are based on 'an objective standard of reasonableness under the circumstances.'" See Fed. R. Civ. P. 11(b); *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997).

## II. ARGUMENT.

The Motion's sole basis to seek sanctions is that the Plaintiff's claims are objectively frivolous based on the existence of a severance agreement between the parties. A careful examination of the argument reveals that it relies on the unsupported conclusion that the language of the severance agreement was clear and understood by both parties to mean the same thing; something which the Plaintiff denies.

**A. The Plaintiff interpreted Section 6 of the Severance Agreement to mean he could file EEOC claims against the Defendant.**

The Defendant relies on the first sentence of Section 6 of the Severance Agreement and appears to ignore the second. Section 6 states in relevant part:

> "RELEASE. In exchange for the consideration referred to in this Agreement, Employee hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest, including but not limited to any and all claims which are based on or in any way related to his or her employment with ReliaQuest or the termination of that employment. **This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission.**"

The above language was taken by the Plaintiff to mean that he was not releasing any EEOC discrimination claims he had against the Defendant as evidenced by the Declaration of Aaron Allen, which is incorporated herein by reference and attached hereto as Exhibit A.

Nowhere in Defendant's Motion does the Defendant justify the use of the above language or even attempt to argue that the language is clear and unambiguous. Moreover, nothing in the Motion controverts the Plaintiff's belief that the above language of Section 6 excluded Equal Employment Opportunity Commission claims from the release

Taking Mr, Allen's Declaration and his belief as to what the language above means, Rule 11 sanctions are not warranted since they are based on 'an objective standard of reasonableness under the circumstances.'" See Fed. R. Civ. P. 11(b). Under the circumstances, Mr. Allen reasonably believed the language in the release exempted his EEOC claims of discrimination against the Defendant. This belief was bolstered by the representations made to him by Mr. Noonan prior to signing the severance agreement that Mr. Allen's EEOC claims were exempt from the release. See Exhibit A.

Since Mr. Allen reasonably believed the language exempted his EEOC claims, it appears he has a chance of success therefore a Rule 11 sanctions motion is improper.

**B. The Plaintiff's claims are not objectively frivolous because the language contained in Section 6 of the Severance Agreement is ambiguous and creates an issue of material fact.**

To the extent the Defendant takes the position that the language in the second sentence does not exempt Mr. Allen's EEOC claims, Plaintiff suggests that the language is ambiguous as to the scope of the release.

In order to resolve the ambiguity and determine whether the complaint is frivolous, the Court must to resolve ambiguities in favor of the filing party, Mr, Allen. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986).

Irrespective of whether the Plaintiff is correct in his interpretation of the second sentence of Section 6, the ambiguity of the sentence permits the Plaintiff to rely on it the way he has done and he has clearly stated a cause of action that is not waived by Section 6.

Mr. Allen's position that his EEOC claims were exempt from the release demonstrates he has a chance of success therefore a Rule 11 sanctions motion is improper.

**C. The Plaintiff belief that his EEOC discrimination claims were exempt from the release in the severance agreement was either based on a mistake or fraudulent misrepresentation by the Defendant.**

To the extent the Court finds the Plaintiff's belief that his EEOC discrimination claims were exempt based on the language in Section 6 of the severance agreement unreasonable, the Plaintiff contends that he either made a mistake as to the interpretation of that language and or was fraudulently induced into believing the language exempted his EEOC discrimination claims.

Plaintiff avers that he mistakenly and or was fraudulently induced into executing the severance agreement. See Exhibit A. Since the Plaintiff can make such claims, he can demonstrate he has a chance of success therefore a Rule 11 sanctions motion is improper.

Accordingly, if the Court deems it proper, the Plaintiff respectfully requests this Court's permission to file an amended complaint adding a count to rescind the severance agreement based on mistake and or fraudulent misrepresentation.

**D.  Plaintiff did not knowingly and voluntarily waive his EEOC discrimination claims.**

The Plaintiff did not knowingly and voluntarily waive his EEOC discrimination claims because: (i) he did not have the education and business experience to understand the language in the severance agreement; (ii) he did not have sufficient time to review the agreement; (iii) he did not understand the severance agreement as the language in the release was not clear which was compounded by the representations made to Plaintiff by the Defendant; and (iv) because he was not afforded an opportunity to consult with an attorney to determine if his understanding of the release that his EEOC discrimination claims were exempt was correct and because the Defendant did not encourage Plaintiff to consult with an attorney before signing the release.

Employees can waive employment claims when their waiver is "voluntary and knowing based on the totality of the circumstances." *Myricks v. Fed. Reserve Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir.2007). The waiver claims must be knowing and voluntary. *Freeman v. Motor Convoy, Inc.*, 700 F.2d 1339, 1352-53 (11th Cir. 1983).

The Court considers the (i) the education and business experience of the employee; (ii) the time the employee spent considering the agreement before signing it; (iii) the clarity of the language in the agreement; (iv) the employee's opportunity to consult with an attorney; (v) whether the employer encouraged or discouraged consultation with an attorney; and (vi) the consideration given in exchange for the release compared to the benefits the employee was already entitled to receive. *Id*.

Mr. Allen did not participate in the creation of the agreement and was given a week to sign it. See Exhibit A. Mr. Allen had not prior legal or business experience for which he could

-6-

rely upon to competently review the agreement. See Exhibit A. Furthermore, Mr. Allen did not have the opportunity to hire legal counsel and Defendant did not encourage him to hire an attorney. See Exhibit A. Moreover, Mr. Allen believed the language of Section 6 of the agreement exempted his EEOC discrimination claims against the Defendant, a belief which was bolstered by the representations made by Mr. Noonan before he signed the agreement. See Exhibit A.

Furthermore, under this totality of circumstanced analysis, federal courts struggle to render a decision on the less stringent summary judgment standard (as compared to the more severe standard of Rule 11) as it is often finds that issues of material fact remain regarding the six factors. For example see *Torrez v. Public Service Co. of New Mexico,* 908 F.2d 687 (10th Cir. 1990)(holding that "in assessing the totality of the circumstances in this case, we conclude there are material issues of fact precluding summary judgment. The language of the release, although clear and unambiguous, failed to mention specifically waiver of employment discrimination claims . . . Moreover, Torrez neither consulted with an attorney nor received encouragement from defendant to do so before he signed the release."*; Riddell v. Medical Inter-Insurance Exchange,* 18 F.Supp.2d 468 (D. N.J. 1998)..."

Since federal courts struggle to render a decision on the less rigorous summary judgment standard, it would be error to place a greater burden on that of the Plaintiff in regards to the Rule 11 standard.

Taking the facts most favorable to the Plaintiff, the totality of the circumstances suggest that Mr. Allen did not execute the severance agreement knowingly and voluntarily therefore the agreement can be avoided by Mr. Allen and his case can proceed, making the Rule 11 Motion improper.

**E.  The Defendant's prior actions demonstrate it did not deem the Complaint frivolous.**

Curiously the Defendant's response to the Complaint was to file an answer, affirmative defenses and counterclaims instead of a motion to dismiss.

It appears illogical that Defendant conceded that Plaintiff's complaint includes enough well pled facts to state claims for relief that is plausible on its face and not seek dismissal under the lower standard of a Fed R. Civ P. 12(b) motion but now seeks sanctions under the higher Rule 11 Motion. See *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'") See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).(To survive a motion to dismiss, a complaint must contain sufficient factual matter).

No new facts have been alleged since the filing of the complaint which would alter the Defendant's position on this matter. Irrespective, the Court is required to evaluate whether the complaint reflected what could have been believed by Mr. Allen at the time of signing. See *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1332 n.5 (11th Cir. 1992).  At the time of signing, the Defendant did not deem the complaint so frivolous to deem it necessary to file a motion to dismiss (emphasis added) therefore the Defendant appears to take an opposite position in its Motion as it does in its handling and response to the Complaint.

Plaintiff respectfully requests the Court give weight to the Defendant's prior conduct in this matter and deny the Motion.

### F. Plaintiff's counsel relied on competent evidence when filing the complaint

Plaintiff's counsel, Ian Tygar, who signed the complaint, did not believe the action was frivolous as he relied on competent evidence to support the complaint. Mr, Allen presented enough factual averments regarding his belief as to the meaning of the language of section 6 of the release, the potential ambiguous meaning of the language, the mistake and or fraudulent inducement which Mr. Allen justifiably relied upon before he signed the severance agreement and facts that support the position that Mr. Allen did not knowingly and voluntarily sign the severance agreement.

Moreover, the Plaintiff hired Mr. Tygar with only 10 days to file a complaint thus limiting Mr. Tygar's ability to contact the Defendant or further investigate the underlying facts of the case[1].

Based on the foregoing averments and Mr. Allen Declaration (See Exhibit A), Plaintiff's counsel had enough facts upon which to rely to file the complaint therefore the Motion should be denied.

Moreover, the Defendant's own actions seem to indicate that it and its' counsel also did not believe this action was frivolous as Defendant did not seek to dismiss the complaint but chose instead to file an answer with affirmative defenses and counterclaims.

### G. Attorney Neil Bryan Tygar did not "sign" the Complaint

Attorney Neil Bryan Tygar did not sign the Complaint and is therefore not subject to the Motion. See Fed. R. Civ. P. 11(b); *Haines v. Kerner* 404 U.S. 519 (1972) (Rule 11 continues to apply to anyone who signs a pleading, motion, or other paper.); *Cook-Benjamin v. MHM Corr. Servs.*, 571 Fed. Appx. 944, 948 (11th Cir. 2014).

---

[1] The Complaint was filed on April 12, 2023. The EEOC right to sue letter, attached to the complaint as Exhibit A, which gave the Plaintiff 90 days to file a complaint is dated January 17, 2023.  90 days from January 17, 2023 is April 17, 2023.

-10-

## CONCLUSION

For the reasons set forth above, the Plaintiffs request that the Defendant's Motion be denied.

DATED this 27th day of June, 2023.　　　　　　　Respectfully submitted,

/s/ Ian Tygar
Ian Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 1031848
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:　(561) 455-0280
Facsimile:　(561) 455-0281
Email:　　　ntygar@me.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of June, 2023, the foregoing document electronically filed and served upon all counsel of record via notice delivered by this Court's ECF System.

/s/ Ian Tygar
Ian Tygar, Esq.