IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| AARON ALLEN | ) | |
| | ) | |
| Plaintiff | ) | Case No. 8:23-cv-806 |
| | ) | |
| vs. | ) | |
| | ) | |
| RELIAQUEST, LLC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## DECLARATION OF AARON ALLEN

I Aaron Allen hereby declare as follows:

1. My name is Aaron Allen.

2. I am the Plaintiff in the above action.

3. I have personal knowledge regarding the allegations in the complaint and in this Declaration and could and would testify if needed.

4. I have no legal background or legal education.

5. I have never been involved in any lawsuit regarding contract disputes, employment or severance agreements.

6. On March 21, 2022, I was presented with a Severance Agreement by my former employer RELIAQUEST.

7. I did not participate in the creation of the agreement but was given the agreement and told to sign it.

8. Specifically, I was told by Scott Noonan that I would have seven days to sign the severance agreement.

9. At no time did anyone from RELIAQUEST encourage me to consult with a lawyer before signing the agreement.

10. I contacted several lawyers but was unable to schedule a consultation within a weeks time let alone have a lawyer review the agreement therefore I was unable to hire legal counsel.

11. I did request one single minor change that RELIAQUEST remove the word covenant as it goes against my religious beliefs.

12. RELIAQUEST did give me an additional 7 days but I was unable to obtain counsel within that time.

13. I read the Severance Agreement and specifically Section 6 which states in part:

    "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

14. My belief when this lawsuit was filed was that the above language specifically excluded from the general release any claims I had against RELIAQUEST for EEOC violations so I could file a claim with the EEOC and this lawsuit.

15. On March 21, 2022, prior to signing the severance agreement, I met with Senior Vice President of Development and Engagement, Scott Noonan in a meeting office with two other managers, in which Mr. Noonan explained the severance agreement and further stated that by signing the severance agreement, I would waive all claims against RELIAQUEST except those protected by law such as my racial discrimination claims which fell under EEOC Claims. In plain language I was told by my employer "you can sue after you sign!", now that I have sued they apparently are claiming I can't.

16. In that same meeting with Mr. Noonan on March 21, 2022, Mr. Noonan looked me directly in the eye and stated that "…. this doesn't apply to any federal claims such as with the EEOC or other federal labor rights", which further lead me to believe that the release exempted my right to sue RELAQUEST for my discrimination claims.

17. I relied on the statements made by Mr. Noonan which bolstered my belief of what the language of Section 6 meant and signed the severance agreement, and I would not have accepted the agreement but for their representations that I could maintain my racial discrimination lawsuit through the EEOC exception clause.

18. If it is determined that the language in the severance agreement did not exclude my rights to seek claims for the violations, I alleged in the complaint through the EEOC and then this lawsuit, I request the opportunity to file an amended complaint to add a count to rescind the severance agreement based on fraudulent misrepresentation and mistake.

19. On April 7, 2023, I hired Ian Tygar as my attorney about 10 days before my deadline to file a complaint expired although at the time I believed the deadline was April 12, 2023 so I insisted a complaint be drafted and filed over the Easter weekend on or before April 12, 2023.

20. I told Ian about all of the above facts to support the filing of my complaint.

Under penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true.

Executed on this _____27_____ day of June, 2023

                                                                        */s/ Aaron R. Allen*
                                                                         Aaron Allen