# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AARON ALLEN,

      Plaintiff,

v.                               Case No. 8:23-cv-00806-KKM-MEP

RELIAQUEST, LLC,

      Defendant.

_____

# RELIAQUEST, LLC'S MOTION
# FOR JUDGMENT ON THE PLEADINGS

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................ 1

II.     UNDISPUTED FACTS ............................................................. 2

III.    LEGAL STANDARD ............................................................... 4

IV.     ARGUMENT ............................................................................ 6

        A.      The Release was Voluntary and Knowing ..................... 7

                1.      Plaintiff is highly educated and has significant
                        business experience ............................................ 7

                2.      Plaintiff had ample time to consider the
                        Agreement ............................................................ 7

                3.      The Agreement is clear that Plaintiff released
                        all claims related to his employment and all
                        rights to damages from ReliaQuest ..................... 8

                4.      Plaintiff had an opportunity to consult with an
                        attorney ............................................................. 10

                5.      ReliaQuest encouraged Plaintiff to consult
                        with an attorney ............................................... 11

                6.      Plaintiff received a generous severance
                        package to which he was not otherwise
                        entitled in consideration for the release .......... 15

        B.      Judgment Should be Entered for ReliaQuest on its
                Counterclaims ............................................................ 16

                1.      Breach of Contract (Counter-Count I) ............. 16

                2.      Breach of Implied Covenant of Good and Faith
                        Dealing (Counter-Count II) ............................ 16

                3.      Unjust Enrichment (Counter-Count III) .......... 17

V.      CONCLUSION ........................................................................ 18

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Affiliati Network, Inc. v. Wanamaker*,
   847 F. App'x 583 (11th Cir. 2021) ................................................................. 13

*Alexander v. Gardner–Denver Co.*,
   415 U.S. 36 (1974) ..................................................................................... 5

*Bacon v. Stiefel Labs., Inc.*,
   No. 09-21871-CV-KING,
   2011 WL 4944122 (S.D. Fla. Oct. 17, 2011) .......................................... 7, 11

*Baldeosingh v. Transunion, LLC*,
   Case No. 8:20-cv-925-WFJ-JSS,
   2021 WL 1215001 (M.D. Fla. Mar. 31, 2021) ........................................ 4, 5

*Columbus Hotel v. Hotel Mgmt. Co.*,
   156 So. 893 (Fla. 1934) ............................................................................ 13

*Cooper v. Blue Cross and Blue Shield of Florida, Inc.*,
   19 F.3d 562 (11th Cir. 1994) ..................................................................... 15

*Diaz v. Kosch*,
   250 So. 3d 156, 167 (Fla. 3d DCA 2018) .................................................. 13

*Focus Mgmt. Grp. USA v. King*,
   171 F. Supp. 3d 1291 (M.D. Fla. 2016) ...................................................... 17

*Gonzalez v. Fla. Dep't of Highway Safety & Motor Vehicles*,
   237 F. Supp. 2d 1338 (S.D. Fla. 2022) ........................................................ 5

*Jones v. A&T Umbrella Benefit Plan No. 1*,
   2018 WL 748870 (M.D. Fla. Jan. 10, 2018) ............................................. 5, 7

*Middleton v. Int'l Bus. Machines Corp.*,
   787 F. App'x 619 (11th Cir. 2019) .............................................................. 12

*Moore v. Liberty Nat'l Life Ins. Co.*,
   267 F.3d 1209 (11th Cir. 2001) .................................................................... 5

ii

*Myricks v. Fed. Rsrv. Bank of Atlanta,*
    480 F.3d 1036 (11th Cir. 2007)..................................................................5

*NCR Credit Corp. v. Reptron Eelcs., Inc.,*
    155 F.R.D. 690 (M.D. Fla. 1994) ............................................................. 15

*Puentes v. United Parcel Serv., Inc.,*
    86 F.3d 196 (11th Cir. 1996)............................................................. 5, 6, 7

*Taylor v. Camillus House, Inc.,*
    149 F. Supp. 2d. 1337 (S.D. Fla. 2001) ....................................................7

*Tindall v. Gibbons,*
    156 F. Supp. 2d 1292 (M.D. Fla. 2001) .................................................. 14

*Wright v. Southland Corp.,*
    187 F.3d 1287 (11th Cir. 1999)................................................................5

## RULES

Fed. R. Civ. P. 8(b)(1)(A)-(B) ..................................................................... 14

Fed. R. Civ. P. 9(b) .................................................................................... 14

Fed. R. Civ. P. 12(c) ............................................................................... 1, 4

Fed. R. Civ. P. 15 ........................................................................................6

## OTHER AUTHORITIES

U.S. Equal Employment Opportunity Commission, EEOC-CVG-1997-3,
    Enforcement Guidance on Non-Waivable Employee Rights Under EEOC
    Enforced Statutes (1997) ....................................................................... 10

U.S. Equal Employment Opportunity Commission, EEOC-NVTA-2009-2,
    Q&A-Understanding Waivers of Discrimination Claims in Employee
    Severance Agreements (2009) ................................................................ 10

With pleadings having closed on July 3, pursuant to Federal Rules of Civil Procedure 12(c), ReliaQuest, LLC  hereby moves for judgment on the pleadings on Plaintiff Aaron Allen's complaint (the "Complaint") (Dkt. No. 1) in the above-referenced action (this "Action"), both as to Plaintiff's claims and ReliaQuest's Counterclaims.

## I.    INTRODUCTION

Even if it were true (and it is not) that someone from ReliaQuest told Plaintiff he could sue for discrimination after he signed a severance and release agreement, as Plaintiff asserts in his Answer to the Counterclaims, judgment on the pleadings would still be appropriate on both Plaintiff's claims and ReliaQuest's Counterclaims.  No amount of discovery, even if it showed that someone at ReliaQuest said this to Plaintiff, would save Plaintiff's Complaint. The facts admitted by Plaintiff, and the clear and conspicuous language in the severance and release agreement, establish – in ReliaQuest's favor – all six factors that Florida courts consider in deciding if a plaintiff voluntarily and knowingly released claims.

Plaintiff admits to signing the severance and release agreement attached to ReliaQuest's Answer and Counterclaims (the "Agreement").  The Agreement includes text counseling Plaintiff to review it with his own attorney and that he should not rely on any advice from ReliaQuest.  Given this language, and Plaintiff's own scandalous allegations against ReliaQuest, Plaintiff could not

have reasonably relied on any statement from a ReliaQuest employee suggesting he could sue ReliaQuest for discrimination despite the release. Nor can Plaintiff maintain that because he was allowed to file an EEOC charge, he did not release discrimination claims seeking damages. The Agreement states that Plaintiff is releasing ReliaQuest from all claims related to his employment and termination, except those that cannot be released by law, and the signature page to the Agreement states in all bold and capitalized letters that Plaintiff is releasing any claims for damages.

Thus, the pleadings put a purely legal issue before the Court: whether a standard and plainly worded severance and release agreement is valid and enforceable against a computer engineer who admits to having two weeks to review the agreement. Plaintiff voluntarily and knowingly agreed to release ReliaQuest from the claims he has filed in consideration for a generous severance package, which he has retained through this filing. Plaintiff should not have filed his suit, and by doing so and pressing forward with it, he has breached the Agreement and caused ReliaQuest significant damages. ReliaQuest is therefore entitled to judgment on the pleadings as both Plaintiff's claims and its Counterclaims.

## II.   UNDISPUTED FACTS

ReliaQuest employed Plaintiff as a Detection Architect for five months, from November 1, 2021, to March 21, 2022. *See* Plaintiff's Answer (Dkt. No.

18) ¶ 6. In connection with Plaintiff's termination, ReliaQuest proposed a severance and release agreement on March 21, 2021. *Id.* ¶ 15. Plaintiff did not sign the Agreement until April 4, 2022, two full weeks after ReliaQuest first presented him with the Agreement. *Id.*

The Agreement contains a release of all claims and actions related to Plaintiff's employment with ReliaQuest:

> RELEASE. In exchange for the consideration referred to in this Agreement, Employee hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest, including but not limited to any and all claims which are based on or in any way related to his or her employment with ReliaQuest or the termination of that employment. This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission.

Agreement, Section 6.

While the Agreement carves out claims that cannot be released as a matter of law, including the right to bring certain claims with the Equal Employment Opportunity Commission ("EEOC"), the Agreement also states that Plaintiff is giving up any right to seek damages from ReliaQuest, stating in bolded and capitalized letters: "**YOU UNDERSTAND YOU ARE GIVING UP ALL RIGHTS YOU MAY HAVE TO RECOVER DAMAGES FROM THE COMPANY.**" Agreement, Signature Page.

The Agreement also contains several statements about its voluntary

3

nature and non-reliance, including that Plaintiff "has relied on or had the opportunity to rely on advice of counsel . . . ." Agreement, Section 7.  And that "**YOU [PLAINTIFF] ACKNOWLEDGE THAT YOU SIGN THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**" Agreement, Signature Page (emphasis in the original).

In exchange for the release, ReliaQuest agreed to pay Plaintiff a severance payment of four more weeks' salary and continued health benefits – compensation to which Plaintiff acknowledged in the Agreement he was not otherwise entitled.   *See* Plaintiff's Answer (Dkt. No. 18) ¶¶ 6, 20, 23. ReliaQuest promptly complied with its obligations under the Agreement by making the payment.  *Id.* ¶ 23.  Plaintiff has not returned the payment.  *Id.* ¶ 71.

## III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."   Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Baldeosingh v. Transunion, LLC*, Case No. 8:20-cv-925-WFJ-JSS, 2021 WL 1215001, at *2 (M.D. Fla. Mar. 31, 2021).  Judgment on the pleadings is warranted when, even accepting all facts in the complaint as true and viewing them in the light most favorable to the

plaintiff, the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001); *Baldeosingh*, 2021 WL 1215001, at *2. Even if a plaintiff could prove its case by a preponderance of the evidence, judgment on the pleadings is warranted if the defendant establishes an affirmative defense. *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999).

To release claims under Title VII, the employee's consent must be "voluntary and knowing based on the totality of the circumstances." *Myricks v. Fed. Rsrv. Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007) (quoting *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52 (1974)). In determining whether a release was voluntary and knowing, Florida courts look to "(1) the plaintiff's education and business experience; (2) the amount of time the plaintiff considered the agreement before signing it; (3) the clarity of the agreement; (4) the plaintiff's opportunity to consult with an attorney; (5) the employer's encouragement or discouragement of consultation with an attorney; and (6) the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled." *Puentes v. United Parcel Serv., Inc.*, 86 F.3d 196, 198 (11th Cir. 1996); *see Gonzalez v. Fla. Dep't of Highway Safety & Motor Vehicles*, 237 F. Supp. 2d 1338, 1359 (S.D. Fla. 2022) (applying the six factors from *Puentes* in a Title VII case); *see also Jones v. A&T Umbrella Benefit Plan No. 1*, 2018 WL 748870, at *6–7 (M.D. Fla. Jan.

Case 8:23-cv-00806-KKM-AEP   Document 24   Filed 07/05/23   Page 10 of 23 PageID 219

10, 2018) (applying the six factors from *Puentes* in an ERISA case).

## IV.   ARGUMENT

The pleadings in this Action closed on July 3, 2023, with Plaintiff having answered ReliaQuests's Counterclaims on June 11, *see* Plaintiff's Answer (Dkt. No. 18), and having not amended his answer within 21 days (*i.e.,* by July 3) pursuant to Fed. R. Civ. P. 15.   The pleadings establish that Plaintiff released ReliaQuest from all claims he filed in this Action when he executed the Agreement.   The claims in Plaintiff's Complaint "are based on . . . his or her employment with ReliaQuest or the termination of that employment," and it is precisely those claims Plaintiff released when he entered in to the Agreement. Agreement, Section 6.   The facts, admitted or to which there can be no genuine dispute, entirely weigh in favor of ReliaQuest on each of the six factors Florida law looks to in assessing whether a plaintiff knowingly and voluntarily released his claims.   *See Puentes*, 86 F.3d at 198.   Thus, Plaintiff's claims all fail as a matter of law.

Additionally, judgment should be entered for ReliaQuest on its Counterclaims.   By suing ReliaQuest and refusing to withdraw or dismiss the Complaint despite many opportunities to do so, while refusing to return the generous severance payment ReliaQuest paid him in consideration for the release, judgment on the pleadings is warranted as to ReliaQuest's Counterclaims.

### A.    The Release was Voluntary and Knowing

#### 1.    Plaintiff is highly educated and has significant business experience

The first factor examines an individual's education and business experience. *See Taylor v. Camillus House, Inc.*, 149 F. Supp. 2d. 1337, 1380 (S.D. Fla. 2001) (finding the first factor satisfied when plaintiff had a college education and seven years of work experience).  Plaintiff alleges that he has approximately five years of management experience. *See* Complaint (Dkt. No. 1) ¶ 25(c).  Indeed, Plaintiff's technical position at a state of the art cyber security company shows that he is highly educated and had sufficient experience to understand the Agreement. *See* Plaintiff's Answer (Dkt. No. 18) ¶ 6.  The first factor is thus satisfied.

#### 2.    Plaintiff had ample time to consider the Agreement

The second factor examines the time an individual has to consider a release.  The purpose underlying the second factor is to ensure releasors have sufficient time to obtain legal advice, if desired.  Florida courts have found that "fourteen days to consider [a] release is sufficient to conclude [the] release was knowing and voluntary." *Bacon v. Stiefel Labs., Inc.*, No. 09-21871-CV-KING, 2011 WL 4944122, at *5 (S.D. Fla. Oct. 17, 2011) (citing *Puentes*, 86 F.3d at 199); *see also Jones*, 2018 WL 748870, at *6–7.  Plaintiff admitted to signing

the Agreement two weeks after initial receipt.   *See* Plaintiff's Answer (Dkt. No. 18) ¶ 15.  Thus, this factor is also satisfied.

> **3.    The Agreement is clear that Plaintiff released all claims related to his employment and all rights to damages from ReliaQuest**

The third factor looks to the clarity of the release.  Here, the Agreement clearly and unambiguously released all of Plaintiff's counts.  The Agreement states in standard and plain language that Plaintiff is discharging ReliaQuest from all claims, including any claims related to his employment with ReliaQuest or his termination.  *See* Agreement, Section 6 ("Employee hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest, including but not limited to any and all claims which are based on or in any way related to his or her employment with ReliaQuest or the termination of that employment").  Moreover, the signature page to the Agreement warned Plaintiff in bold, capital letters that by signing this agreement, he could not recover any damages from ReliaQuest: "**YOU UNDERSTAND YOU ARE GIVING UP ALL RIGHTS YOU MAY HAVE TO RECOVER DAMAGES.**"  Agreement, Signature Page (emphasis in the original).  The clarity factor is established given the plain text of the Agreement.

8

In his Answer to ReliaQuest's Counterclaims, Plaintiff argues that the Agreement's release does not cover his claim because Section 6 of the Agreement includes the following language: "This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission." *See* Plaintiff's Answer (Dkt. No. 18) ¶ 48. Plaintiff argues in his Answer to ReliaQuest's Counterclaims that because he obtained a "right to sue" letter from the EEOC after filing an EEOC charge, he believes he can pursue this civil action for damages against ReliaQuest based on alleged employment discrimination. *See* Plaintiff's Answer (Dkt. No. 18). This argument is meritless for several reasons.

First, it ignores the clear language of the Agreement. As is standard in severance and release agreements across the country, this release makes clear Plaintiff is not prohibited from filing or participating in EEOC claims or investigations, but he is prohibited from personally recovering damages under related claims. The Agreement states that Plaintiff is giving up any claim for damages against ReliaQuest, with bolded and all capitalized text on the signature page. *See* Agreement, Signature Page. And the exception is limited to claims that cannot be released "as a matter of law" and states that those include complaints made to government agencies, including EEOC charges. As

the EEOC has emphasized, the right to participate in an agency investigation cannot be waived but the right to recover from an employer, in an employee or agency brought lawsuit, can be.   U.S. Equal Employment Opportunity Commission, EEOC-CVG-1997-3, Enforcement Guidance on Non-Waivable Employee Rights Under EEOC Enforced Statutes (1997).   EEOC Guidance makes clear that "although your right to file a charge with the EEOC is protected, you can waive the right to recover from your employer either in your own lawsuit, or in any suit brought on your behalf by the Commission."  U.S. Equal Employment Opportunity Commission, EEOC-NVTA-2009-2, Q&A-Understanding Waivers of Discrimination Claims in Employee Severance Agreements (2009).   Finally, this limited exception does not swallow the release itself and the language that Plaintiff cannot claim damages from ReliaQuest.  It is a canon of contract construction that courts give reasonable and effective meaning to all terms and avoid interpretations that render significant phrases (like the all-capitalized and bolded text on the Agreement's signature page stating, "**YOU UNDERSTAND YOU ARE GIVING UP ALL RIGHTS YOU MAY HAVE TO RECOVER DAMAGES FROM THE COMPANY**") nothing but surplusage.

        **4.**    **Plaintiff had an opportunity to consult with an attorney**

The fourth factor examines the individual's opportunity to consult with an attorney. This factor does not examine whether Plaintiff actually received legal counsel but instead whether Plaintiff had an opportunity to do so. *See Bacon*, 2011 WL 4944122, at *5 (S.D. Fla. Oct. 17, 2011) (not considering whether the plaintiffs in fact consulted with counsel, but finding they had an adequate opportunity to do so, in determining waiver knowing and voluntary). Plaintiff had more than enough time to confer with counsel. As he admitted, two weeks elapsed between Plaintiff's receipt and execution of the Agreement. *See* Plaintiff's Answer (Dkt. No. 18) ¶ 15.

### 5. ReliaQuest encouraged Plaintiff to consult with an attorney

As to the fifth factor of the test, Plaintiff was encouraged to consult with an attorney. Section 7 of the Agreement includes an acknowledgment that Plaintiff "has relied on, or had the opportunity to rely upon advice of counsel of Employee's choosing or has been given an opportunity to review it with counsel and have chosen not to do so." The signature page also includes an acknowledgement that the Agreement is executed "**KNOWINGLY AND VOLUNTARILY**." Thus, the Agreement, in clear, bolded, and all capitalized words, states the consequences of signing it. Plaintiff was on notice that he should consult with an attorney upon receipt of the Agreement.

For the first time in Plaintiff's Answer to ReliaQuest's Counterclaims, he claims ReliaQuest verbally told him he could sue ReliaQuest for discrimination even after he signed the Agreement.   Plaintiff's Answer (Dkt. No. 18) ¶ 21 ("ALLEN admits to the wording but not the meaning as it references the EEOC, which employer explained verbally meant he could bring the Discrimination Claim") and ¶ 31(b) ("ALLEN was told '**you can sue after you sign!**'") (emphasis in original). Even if this were true (and it is not), it cannot save Plaintiff from judgment on the pleadings.

First, reliance on this alleged statement is unreasonable given that the Agreement counsels Plaintiff to review it with his own attorney and makes clear that he should not rely on legal advice from ReliaQuest in executing the Agreement. *See Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619, 622-23 (11th Cir. 2019) (finding Plaintiff's reliance on contradictory verbal statements from management unreasonable when "viewed in the context of a written agreement" stating otherwise).   Section 7 of the Agreement includes this acknowledgment: "Employee further declares and acknowledges that no representations made by any agent or attorney of ReliaQuest, if any, concerning any legal advice or other information related to this Agreement, and that Employee is acting upon Employee's own best judgment, belief, and knowledge regarding execution of this Agreement."

12

Second, it is also unreasonable for Plaintiff to have relied on this alleged statement by ReliaQuest given the circumstances: that according to Plaintiff, ReliaQuest had discriminated against him because of his race or religion, unlawfully retaliated against him, and terminated him for complaining. *See Affiliati Network, Inc. v. Wanamaker*, 847 F. App'x 583, 588 (11th Cir. 2021) (quoting *Columbus Hotel v. Hotel Mgmt. Co.*, 156 So. 893, 901 (Fla. 1934) (noting that representations are remediable only when "the injured party *ha[s] a right to rely on it*"). Indeed, Allen has accused ReliaQuest of being a "good old boy company" whose policies and procedures on anti-discrimination are "just for show." *See* Plaintiff's Answer (Dkt. No. 18) ¶ 40. While ReliaQuest vigorously denies these bald and baseless accusations and will disprove them if this case progresses, having made them, Allen cannot escape the consequence that this characterization precludes reasonable reliance on any supposed verbal statement by ReliaQuest that he could sue ReliaQuest for discrimination claims. *See Affiliati Network, Inc*, 847 F. App'x at 588, quoting *Diaz v. Kosch*, 250 So. 3d 156, 167 (Fla. 3d DCA 2018) ("Florida intermediate courts have continued to hold that 'following accusations of fraud, the accuser may not then "justifiably rely" on the representations of the accused in subsequent negotiations aimed at resolving the dispute.'").

Third, this assertion is not timely and not a valid pleading. Plaintiff introduces this argument for the first and only time in his Answer to

13

ReliaQuest's Counterclaims.  If Plaintiff wished to include this factual scenario as part of the record, those allegations should have been included in the Complaint.  But Plaintiff chose to file the Complaint without even mentioning the Agreement or any supposed verbal statement by ReliaQuest about what claims he could bring after executing the Agreement.  On top of this being a belated, self-serving and scandalous claim, it is not responsive to any component of ReliaQuest's Counterclaims.  An answer must "state in short and plain terms its defenses to each claim asserted" and "admit or deny the allegations asserted."  Fed. R. Civ. P. 8(b)(1)(A)-(B).  Answers are not vehicles to inject supposed new facts to bootstrap an argument in opposition to judgment on the pleadings.

Fourth, Plaintiff makes this bald assertion without particularity.  He does not state who from ReliaQuest said it, when, or in what context.  Yet it is essentially a claim of fraud in the inducement.  Indeed, in his Answer to ReliaQuest's Counterclaims, Plaintiff calls it "willful fraud." Plaintiff's Answer (Dkt. No. 18) ¶ 31(b).  But "[a] claim for fraud in the inducement must be pled with particularity, as required by Rule 9(b), Fed.R.Civ.P." *Tindall v. Gibbons*, 156 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001).  Plaintiff did not plead even basic facts about where this conversation occurred or who made the statement to him.  Fraud must be plead with "greater specificity than is normally required by the federal rules" as it "prevent[s] fishing expeditions to uncover unknown

wrongs, and….. protect[s] defendants from unfounded accusations of immoral and otherwise wrongful conduct." *NCR Credit Corp. v. Reptron Eelcs., Inc.*, 155 F.R.D. 690, 692 (M.D. Fla. 1994); *see also Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) (stating that the "complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."). Plaintiff did not mention anything about this alleged statement in his Complaint and provided no facts in his Answer to the Counterclaim related to the identity of the speaker, time, or place of the alleged statement. Thus, the Court should not credit this vague assertion as a proper pleading. But even it did, all facts that are admitted or cannot be genuinely disputed weigh in favor of ReliaQuest on this element, and every other element of the six-part test entirely weighs in ReliaQuest's favor.

### 6.   Plaintiff received a generous severance package to which he was not otherwise entitled in consideration for the release

The sixth factor considers whether there is consideration for the release. In consideration for signing the Agreement, Plaintiff received a generous severance payment of four weeks' salary and an extra month of health benefits coverage, despite having worked at ReliaQuest for a mere five months. *See* Agreement, Sections 1-2. The Agreement states that "Employee acknowledges that Employee is not already entitled to this Severance Payment." Agreement, Section 2. Plaintiff also admitted in his Answer to ReliaQuest's Counterclaims

that he was an at-will employee.  Plaintiff's Answer (Dkt. No. 18) ¶ 7.  Thus, there can be no genuine dispute here that the sixth factor of the test is met.

### B.   <u>Judgment Should be Entered for ReliaQuest on its Counterclaims</u>

Because all factors weigh in favor of finding that Plaintiff knowingly and voluntarily signed the Agreement, and all of Plaintiff's claims in the Complaint are barred by the release, it necessarily follows that Plaintiff breached the Agreement by filing the Action, and thus judgment on the pleadings is appropriate on ReliaQuest's Counterclaims.

#### 1.   **Breach of Contract (Counter-Count I)**

By suing, Plaintiff breached the Agreement.  Plaintiff admitted that he executed the Agreement, and that the Agreement attached to ReliaQuest's Answer and Counterclaims was a true and accurate version of that Agreement. The Agreement specifically includes a release of actions, demands, and causes of action in law or in equity of any kind or nature, including any claims related to Plaintiff's employment with ReliaQuest or his termination.  *See* Agreement, Section 6.  Because Plaintiff released the claims, but still sued, he breached the Agreement.

#### 2.   **Breach of Implied Covenant of Good and Faith Dealing (Counter-Count II)**

The admitted and undisputed facts also establish that Plaintiff breached the implied covenant of good faith and fair dealing.  Contracts in Florida

contain an implied covenant of good faith and fair dealing, "which requires the parties to 'follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations.'" *Focus Mgmt. Grp. USA v. King*, 171 F. Supp. 3d 1291, 1299-300 (M.D. Fla. 2016). A breach of the covenant "attaches to the performance of a specific contractual obligation." *Id.* at 1300. Section 6 of the Agreement required that Plaintiff release all claims against ReliaQuest related to his employment and termination, and ReliaQuest's reasonable expectation was that this release would allow for an amicable termination and avoid future litigation. By suing, Plaintiff therefore breached this covenant.

### 3.    Unjust Enrichment (Counter-Count III)

In the alternative, if the Court finds that the Agreement is not enforceable, ReliaQuest is entitled to judgment on the pleadings for Count III because Plaintiff has not returned the severance pay he received in consideration for executing the Agreement. It would be inequitable for Plaintiff to retain the generous severance payment he received and still retains while maintaining that the Agreement is invalid. *See* Plaintiff's Answer (Dkt. No. 18) ¶ 71. As Plaintiff admitted, ReliaQuest paid the severance payment as required by the Agreement and Plaintiff has not returned it. *See id.* ¶¶ 23-24, 71.

## V.    CONCLUSION

For these reasons, RELIAQUEST requests that the Court enter judgment on the pleadings, dismissing with prejudice all of Plaintiff's counts in the Complaint, enter judgment for ReliaQuest on all of its Counterclaims, award ReliaQuest damages including the four-week severance pay Plaintiff received in consideration for the Release, plus prejudgment interest, award ReliaQuest its reasonable attorneys' fees and costs, and such additional relief as the Court finds just.

Dated:  July 5, 2023                        Respectfully submitted,

 

*/s/* Steven J. Pacini
Steven J.  Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
Email: steven.pacini@lw.com

Dean A. Kent
Florida Bar No. 307040
**Trenam Law**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553
Email: dkent@trenam.com;
ac@trenam.com

*Attorneys for ReliaQuest, LLC*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

<u>*/s/* Steven J. Pacini</u>
Steven J. Pacini

19