UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.                                          Case No. 8:23-cv-00806-KKM-MEP

RELIAQUEST, LLC,

    Defendant.

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AARON ALLEN**

Defendant ReliaQuest, LLC respectfully files this response in opposition to Ian Tygar's motion to withdraw as counsel for Plaintiff Aaron Allen. *See* Dkt. No. 26. ReliaQuest opposes this request because Defendant's motion for a Rule 12(c) judgement on the pleadings and a Rule 11 motion for sanctions are currently before the Court, and the motion to withdraw would leave Allen unrepresented, likely leading to further delay and waste of judicial resources.

A.     <u>**Granting the motion would cause unnecessary delay without an appropriate basis.**</u>

ReliaQuest has two pending motions before this court: A Rule 12(c) motion for judgment on the pleadings, and a Rule 11 motion for sanctions. Plaintiff's counsel's motion to withdraw should not leap-frog those pending motions. Allowing Plaintiff's counsel to withdraw at this time would delay a decision on the merits and further waste judicial resources. *See Obermaier v.*

*Driscoll*, 2:00-cv-214, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000) (courts consider "the effect of withdrawal on the efficient administration of justice"). A motion to withdraw is within the sole discretion of the court. Local Rule 2.03(c) suggests that leave to withdraw should be denied in cases where "such withdraw would cause continuance or delay." *Roth v. ABCW, LLC*, 2015 WL 13804724, at *1 (M.D. Fla. July 10, 2015). Allowing counsel to withdraw in this case would leave Plaintiff unrepresented. *See Rodriguez v. Goff*, No. 3:20CV5946-MCR-HTC, 2022 WL 1222671, at *3 (N.D. Fla. Feb. 2, 2022) (denying leave to withdraw when client does not have alternate counsel). ReliaQuest filed a motion for judgement on the pleadings on July 5, 2023 and Counsel should be obligated to respond prior to withdrawal. Dkt. No. 24.

### B. Plaintiff's Counsel cannot withdraw as a means of avoiding Rule 11 sanctions.

ReliaQuest filed a Rule 11 motion against Attorney Tygar, Neil Tygar (his father and acting lead counsel), and the Tygar law firm, for filing and sustaining a frivolous action against ReliaQuest barred by a standard severance and release agreement. *See* Dkt. No. 24. That motion also remains pending before the Court. Plaintiff's counsel had more than twenty-one days to change course, provided by the safe-harbor provision under Rule 11(c)(2) of the Federal Rules of Civil Procedure, and continued in pursuit of the frivolous claims at issue here. Indeed, Counsel for ReliaQuest made Attorney Tygar

2

aware it would file a Rule 11 motion the day after the action was filed, on April 13, 2023, via a telephone conference, and with a four page letter from ReliaQuest's counsel that followed a few days later.  Attorney Tygar served ReliaQuest anyway and pursued the action.  *Rodriguez v. Goff*, No. 3:20CV5946-MCR-HTC, 2022 WL 1222671, at *3 (N.D. Fla. Feb. 2, 2022) (Rule 11 applies to both the initial filing of a frivolous action and continuing the pursuit of such an action).  This late-breaking motion to withdraw should not be permitted while a Rule 11 motion is before the Court, because as a practical matter, it is likely to cause further delay and wasted judicial resources if Attorney Tygar has withdrawn.[1]

For the reasons set forth above, Defendant respectfully requests that the Court deny Counsel's Motion to Withdraw until the motions pending before the Court are decided.

Dated:  July 10, 2023               Respectfully submitted,

*/s/ Steven J. Pacini*
Steven J.  Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Tel: (617) 948-6000

---

[1] The Court would retain jurisdiction to impose Rule 11 sanctions even after counsel has withdrawn from the action. *Bama Sea Products, Inc. v. Lighthouse Foods, Inc.*, 8:14-cv-484, 2014 WL 12620853, at *1 (M.D. Fla. Nov. 10, 2014) (reasoning that "the triggering event for Rule 11 sanctions is the filing of complaints, papers, or other motions without taking the necessary care in their preparation, rather than a decision on the merits of such papers."). However, as a practical matter, keeping Attorney Tygar as counsel until the two motions are decided will avoid delay and preserve judicial resources.

3

Fax: (617) 948-6001
Email: steven.pacini@lw.com

Dean A. Kent
Florida Bar No. 307040
**Trenam Law**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553
Email: dkent@trenam.com;
ac@trenam.com

*Attorneys for ReliaQuest, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Steven J. Pacini*
Steven J. Pacini