UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

      Plaintiff,

v.                              Case No. 8:23-cv-0806-KKM-AEP

RELIAQUEST, LLC,

      Defendant.

_____

## ORDER

Aaron Allen sues his former employer ReliaQuest, LLC, for race discrimination and religious discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act, FLA. STAT. § 760.01, *et seq. See* Compl. (Doc. 1). In response, ReliaQuest filed a counterclaim against Allen for breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing premised on Allen's severance agreement. *See* Countercl. (Doc. 13) ¶¶ 44–80.

Following the close of the pleadings, ReliaQuest moves for judgment on the pleadings on Allen's complaint and its counterclaims. (Doc. 24). And ReliaQuest moves for sanctions under Federal Rule of Civil Procedure 11, contending that Allen's claims are frivolous based on the language of the severance agreement. (Doc. 19). Allen opposes the

motion for judgment on the pleadings and seeks leave to amend his complaint. (Doc. 29) at 2, 17–18. Specifically, Allen seeks to amend his complaint to add his affirmative defenses regarding the enforceability of his severance agreement to his complaint. *Id.* at 17. And Allen also opposes the motion for sanctions, arguing that his claims are not frivolous and that his reading of the severance agreement is not unreasonable. (Doc. 22).

Upon review, judgment remains premature based on the pleadings. For example, Allen asserts affirmative defenses that raise factual disputes that preclude judgment on the pleadings of ReliaQuest's breach of contract claim. *See Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000) ("Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." (citations omitted)). Additionally, Allen should be granted leave to amend his complaint before assessing the severance agreement. Amendment will not prejudice either party as discovery has not yet commenced. *See* FED. R. CIV. P. 15(a)(2) ("The court should grant leave [to amend] when justice so requires."); *see also Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC,* 7 F.4th 989, 1000 (11th Cir. 2021) (explaining that courts should generally exercise their discretion in favor of allowing amendment unless amendment would prejudice the opposing party).

Accordingly, the following is **ORDERED:**

1.   ReliaQuest's Motion for Judgment on the Pleadings (Doc. 24) is **DENIED WITHOUT PREJUDICE**.

2.   ReliaQuest's Motion for Sanctions (Doc. 19) is **DENIED**.

3.   Allen shall file an amended complaint by **February 9, 2024**.

4.   No later than **February 23, 2024**, the parties are directed to file a Case Management Report in accordance with the Court's Civil Case Order, *see* (Doc. 3) at 3.

**ORDERED** in Tampa, Florida, on January 25, 2024.

Kathryn Kimball Mizelle
United States District Judge