UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.

                        Case No. 8:23-CV-00806-KKM-AEP

RELIAQUEST, LLC,

    Defendant,
_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.    Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on February 22, 2024, via Telephone at 4:30 p.m. In attendance were

(i) Dean A. Kent,  local counsel for Defendant, ReliaQuest, LLC ("ReliaQuest"), and

(ii) Kevin Henderson of Neil Bryan Tygar P.A., counsel for Plaintiff, Aaron Allen ("Plaintiff").

2.  **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/22/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/16/2024 |
| Deadline for completing fact discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/7/2025*<br><br>* the parties agree not to commence with any discovery until the earlier of this Court ruling on a yet to be filed motion to dismiss regarding claims in the Amended Complaint, or May 1, 2024, whichever is earlier. |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>     Plaintiff | 10/25/2024 |
|      Defendant | 11/29/2024 |
|      Rebuttal | 12/20/2024 |

| Action or Event | Date |
|---|---|
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 4/4/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>The Mediator is to be determined by mutual agreement of the parties | June 14, 2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/21/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/13/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/25/2025 |
| Month and year of the trial term. | 9/1/2025 |

The trial will last approximately two to three (2 - 3) days and be

☒ jury.

☐ non-jury.

3.  **Description of the Action**

    <u>By Plaintiff</u>:

    Plaintiff amended complaint against his former employer which consists of eleven claims arising out or related to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 41 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, and an intertwined Florida statutory claim, the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes Section 760.01, et. Seq., and 42 U.S.C. § 1981 together with state claims for fraud in the inducement, negligent misrepresentation, rescission of the severance agreement (mutual mistake) and rescission of the severance agreement (unilateral mistake).

    <u>By Defendant</u>:

    In this matter Plaintiff alleges various employment related claims (violations of Title VII, violation of the Florida Civil Rights Act, Race Discrimination under 42 USC 1981, and for retaliation under 42 USC § 2000 et seq.) arising from his approximately five (5) month employment with ReliaQuest. ReliaQuest contends that Plaintiff, however, is precluded from proceeding with any such claims in this Court because he knowingly and voluntarily entered into a separation and release agreement waiving and releasing all such claims. Although Plaintiff alleges that the separation agreement is void on a number of grounds, including fraud, negligent misrepresentation, and unilateral or mutual mistake, such claims fail because Plaintiff is an educated professional and could not have reasonably relied on any alleged statement by Defendant's employee in light of the plain and unequivocal language of the separation agreement, that Plaintiff had two-weeks to consult with counsel of his choosing, and that there is nothing extraordinary or misleading about what Plaintiff alleges his manager, a ReliaQuest agent, told him about the agreement on the day he was terminated (two-weeks before he executed it).

    To the extent the separation and release agreement is not fatal to all of Allen's affirmative claims, Defendant denies that it in any way discriminated

or retaliated against Plaintiff or that this action is in any way appropriate under the facts or the law. Any negative employment actions that ReliaQuest took against Plaintiff were for documented legitimate, non-discriminatory, and non-retaliatory reasons based upon his failure perform his job duties with the requisite skill and care.

Further, if this Court determines that the Separation Agreement's release provisions are not fatal to Allen's claims, ReliaQuest has asserted counterclaims (breach of the separation and release agreement, breach of the implied covenant of good faith, and fair dealing and, alternatively unjust enrichment) seeking the return of the consideration paid by ReliaQuest to Allen for such separation and release agreement from Plaintiff and additional damages, which Allen has never offered to return despite alleging that the agreement is not valid and enforceable.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statements as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

Defendant filed a Notice of a Related Action on May 30, 2023, disclosing the administrative charge Plaintiff filed with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, which has been closed.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

5

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7.  Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties request a preliminary pretrial conference, and the Defendant wants to discuss staying discovery until any dispositive or other motions have been ruled on by this Court.

**8.  Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9.** **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.

☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: Defendant believes no discovery is needed on the affirmative claims because they are barred by a standard severance and release agreement. Defendant will seek discovery on its counterclaims regarding Plaintiff's and his counsel's intentional breach of the separation agreement, bad faith litigation, and defamation of ReliaQuest.

C. Discovery should be conducted in phases:

☒ No.

☐ Yes.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; The Parties should be specifically directed and put on notice to preserve all potentially relevant ESI and other records and data, including personal phone messages, emails, etc. in connection with this matter, all of which may go to show Plaintiff was aware of and understood the agreement, and issues surrounding the reason for his termination, including allegations of his subpar performance, and communications with Plaintiff by ReliaQuest and its agents.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

  F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

    ☒ No.

    ☐ Yes; describe the stipulation.

**10.** **Request for Special Handling**

  ☒ The parties do not request special handling.

  ☐ The parties request special handling. Specifically, describe requested special handling.

  ☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11.** **Certification of familiarity with the Local Rules**

  ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

Signatures

*/s/*
STEVEN J. PACINI, Esq.
Mass Bar No. 676132
Steven.Pacini@lw.com
Latham &Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4516
Counsel for ReliaQuest

*/s/ Dean A. Kent*_____
DEAN A. KENT
Florida Bar No. 307040
dkent@trenam.com; ac@trenam.com
TRENAM LAW
101 East Kennedy Blvd., Suite 2700

Tampa, Florida 33602-5150
Tel: (813) 223-7474
Local counsel for ReliaQuest

*/s/ Ian Tygar*            Dated: February 23, 2024
IAN TYGAR
Florida Bar No. 1031848
itygar@icloud.com;
neiltygarlaw@gmail.com
5341 West Atlantic Avenue, Suite 303
Delray Beach, FL 33484
561-455-0280 Phone
561-305-6510 Cellular Phone