IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AARON ALLEN )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>RELIAQUEST, LLC, )<br>)<br>Defendant )<br>) | Case No. 8:23-cv-00806-KKM-AEP |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE INTERPRETATION OF THE RELEASE PROVISION OF THE SEVERANCE AGREEMENT**

NOW COMES, AARON ALLEN ("Plaintiff") who by and through the undersigned counsel files this Supplemental Brief on the interpretation of the release provision of the Severance Agreement in accordance with Endorsed Order [44] as follows:

The language of the Section 6 release provision of the Severance Agreement states as follows:

"RELEASE. In exchange for the consideration referred to in this Agreement, Employee hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest, including but not limited to any and all claims which are based on or in any way related to his or her employment with ReliaQuest or the termination of that employment. **This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."**

A waiver must be clear and unmistakable, and it must be specific in its language. *City of Miami v. F.O.P.*, 571 So. 2d 1309 (3d DCA 1989) (Waiver of a bargaining right will be found only if the waiver is clear and unmistakable. A waiver by contract may be found where the language of the agreement is specific, and/or the history of prior contract negotiations suggests that the subject

was discussed and consciously yielded. Waiver will not be inferred from the contract's silence on the subject, from a generally worded management prerogatives clause) Additionally, the waiver must not be induced by fraud, overreaching, misrepresentation, or withholding of facts Fawaz v. Fla. Polymers, 622 So. 2d 492 (1d. DCA 1993).

A review of the release provision in this matter reveals that is comprised of two sentences; the first being a general release and the second containing exclusions to the general release.

The general release in the first sentence qualifies the release to only pertaining to claims *"based on or in any way related to"* employment or the termination of that employment. It does not contain any specific recitation of a waiver of claims related to the EEOC or Title VII claims.

The second sentence excludes certain matters from the general release in the first sentence, the relevant portion but does so in an ambiguous way. It is unclear whether the words *"matter that may not be released by law"* include Plaintiff's discrimination claims or whether the word *"including"* relates back to the subject of the sentence *"waiver and release"* or the predicate "matter". It is also uncertain if the "*and*" between the words *"claim"* and *"relief"* connects those words or separates them into different matters that are excluded from the general release.

Federal courts "use the applicable state's contract law to construe and enforce settlement agreements" *Vinnett v. GE*, 271 F. App'x 908, 912 (11th Cir. 2008). The Florida Supreme Court has held that "under a well-established rule of construction, we are constrained to construe the provisions of the . . . contract against its drafter" *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 641 (Fla. 1999); See also *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000) (An ambiguous term in a contract is to be construed against the drafter.); *Hurt v. Leatherby Ins. Co.*, 380 So. 2d 432, 434 (Fla. 1980). (Generally, ambiguities are construed against the drafter of the instrument.); "A provision in a contract will be construed most strongly against the party who drafted it." *Sol*

*Walker & Co. v. Seaboard Coast Line R.R. Co.*, 362 So. 2d 45, 49 (Fla. 2d DCA 1978). Where the language of contract is ambiguous or doubtful, it should be construed against the party who drew the contract and chose the wording. *Vienneau v. Metropolitan Life Ins. Co.*, 548 So. 2d 856 (Fla. 4th DCA 1989); *Am. Agronomics Corp. v. Ross*, 309 So. 2d 582 (Fla. 3d DCA 1975). "To the extent any ambiguity exists in the interpretation of [a] contract, it will be strictly construed against the drafter." *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So. 2d 1098 (Fla. 5th DCA 2006); *Russell v. Gill*, 715 So. 2d 1114 (Fla. 1st DCA 1998).

This Court has followed the Florida's principle of *contra proferentem* in construing ambiguities in severance agreements so that any unclear terms are interpreted against the employer who drafted the agreement. *Expo Grp., LLC v. Crawford*, 2024 U.S. Dist. LEXIS 31885 (M.D. Fla. 2024) (At this stage in the proceedings, Plaintiff and Crawford have both put forth plausible interpretations of the Bonus Settlement Agreement; therefore, the Agreement is ambiguous).

<u>Suggested interpretation of release</u>

> This waiver and release specifically excludes matter that may not be released by law, **including [relates back to waiver and release]** Employee's right to pursue certain claims **and [separates matters]** relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission."

The use of the conjunction **and** creates the possibility of reasonably interpreting the above sentence to mean that the "release by law" applies only to Employee's right to pursue certain claims and the **and** is additional exclusions from the release that are not qualified by the "release of law" language. It is undisputed that the language of the general release was drafted by the Defendant. This reasonable interpretation should be given greater weight as the Plaintiff did not draft this language, is not a lawyer and was unable to hire a lawyer so that he relied on the representations as to interpretation made to him by the Defendant.

3

Moreover, the words "matter that may not be released by law" is also ambiguous as the words could be reasonably interpreted to include Plaintiff's discrimination claims, an interpretation which was represented to Plaintiff by Mr. Noonan and upon which he relied. (See ECF 22-1 Declaration at p. 2).

Also, the word *"including"* can be reasonable interpreted to relates back to the subject of the sentence "waiver and release" so that the second sentence excludes Plaintiff's EEOC claims from the general release.

As illustrated above, the second sentence of the release is a patent ambiguity as it arises from the use of insensible language. *Emergency Assocs. of Tampa, P.A. v. Sassano*, 664 So. 2d 1000 (Fla. 2d DCA 1995). As such, the release does not clearly indicate the parties' intention, therefore the court must declare that the patently ambiguous provision is a nullity. *See Connelly v. Smith*, 97 So. 2d 865 (Fla. 3d DCA 1957).

To the extent the court finds the language is determined to be clear and intelligible, then a latent ambiguity exists which requires the review extrinsic evidence to interpret the possible meanings of the release. *Ace Elec. Supply Co. v. Terra Nova Elec., Inc.*, 288 So. 2d 544 (Fla. 1st DCA 1973); *RX Solutions, Inc. v. Express Pharmacy Servs., Inc.,* 746 So. 2d 475 (Fla. 2d DCA 1999) (when a contract is rendered ambiguous by some collateral matter, it has a latent ambiguity, and the court must hear parol evidence to interpret the writing properly.) A latent ambiguity is brought to light when extraneous circumstances reveal "an insufficiency in the contract not apparent from the face of the document." *Hunt v. First Nat'l Bank,* 381 So. 2d 1194 (Fla. 2d DCA 1980).

The above language was taken by the Plaintiff to mean that he was not releasing any EEOC discrimination claims he had against the Defendant as evidenced by the Declaration of Aaron Allen filed of record. Moreover, Mr. Allen believed the language of Section 6 of the agreement exempted his EEOC discrimination claims against the Defendant, a belief which was bolstered by the representations made by Mr. Noonan before he signed the agreement. See Declaration. The beliefs of Mr. Allen were both reasonable and supported by a reasonable interpretation of the language of the Section 6 release.

Moreover, the release fails to mention specifically a waiver of employment discrimination claims which is fatal to the Defendant. See *Torrez v. Public Service Co. of New Mexico*, 908 F.2d 687 (10th Cir. 1990) (holding that "in assessing the totality of the circumstances in this case, we conclude there are material issues of fact precluding summary judgment. The language of the release, although clear and unambiguous, failed to mention specifically waiver of employment discrimination claims.)

DATED this 26th day of July, 2024.                    Respectfully submitted,

/s/ Ian Tygar
Ian Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 1031848
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:    (561) 455-0280
Facsimile:    (561) 455-0281
Email:            ntygar@me.com

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of July, 2024, the foregoing document electronically filed and served upon all counsel of record via notice delivered by this Court's ECF System.

/s/ *Ian Tygar*
Ian Tygar, Esq.