UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.     Case No.: 23-cv-00806-KKM-MEP

RELIAQUEST, LLC.

    Defendant.
_____/

### DEFENDANT, RELIAQUEST, LLC'S SUPPLEMENTAL BRIEF (Dkt. No. 45)

Pursuant to the Court's Order (Dkt. No. 44), Defendant ReliaQuest, LLC respectfully submits this supplemental brief in support of its motion to dismiss with prejudice Plaintiff Aaron Allen's Amended Complaint (Dkt. No. 32), since converted into a motion for summary judgment (Dkt. No. 44).

### INTRODUCTION

When Plaintiff signed the Severance Agreement and General Release ("Severance Agreement" or "Agreement"), he knowingly and voluntarily released all counts he has filed against Defendant. With no material facts in dispute about this release, Defendant is entitled to judgment as a matter of law.

The Severance Agreement unambiguously states that Plaintiff releases "all claims which are based on or in any way related to his . . . employment with

ReliaQuest or [its] termination . . . ." Section 6, Severance Agreement. The signature page of the Severance Agreement warns Plaintiff in bold, capitalized letters that **"YOU UNDERSTAND YOU ARE GIVING UP ALL RIGHTS YOU MAY HAVE TO RECOVER DAMAGES FROM THE COMPANY . . . ."** *Id*. at 3. The only limit was to claims that could not be released as a matter of law, including Plaintiff's "right to pursue certain claims **and** relief with the Equal Employment Opportunity Commission . . . ." Section 6, Severance Agreement (emphasis added).

Plaintiff's attempt to cast ambiguity on the Severance Agreement's clear terms is unfounded, and verbal statements from a ReliaQuest employee do not change the fact that Plaintiff knowingly and voluntarily released ReliaQuest from his claims.

## **LEGAL STANDARD**

Summary judgment is warranted when the record, taken as a whole, demonstrates "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law," per Fed. R. Civ. P. 56(a). A genuine issue for trial does not exist if the evidence is such that a rational trier of fact could not find for the non-moving party. *Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(e). In this context, a clear, definite, and

2

unambiguous contractual provision—understood by its "ordinary meaning"[1]—presents "no issue of fact . . . as to the meaning of the language or the parties' intent, and [thus] the moving party is entitled to judgment as a matter of law." *Pan Am. W., Ltd. v. Cardinal Com. Dev., LLC*, 50 So. 3d 68, 71 (Fla. 3d DCA 2010).

## ARGUMENT

### I.     The Severance Agreement and Release are Unambiguous

Plaintiff first attempts to inject ambiguity into the Agreement by arguing that the conjunction "and" between "claims" and "relief" creates the possibility that the release only applies to certain unspecified claims, and the use of the word "and" introduces an additional exclusion to the release. This interpretation goes against the ordinary meaning of "and," erroneously treating it as a disjunctive, not a conjunctive. Simply put, "and" means "and," not "excluding." Additionally, the prior use of the word "including," in the sentence is the operative term being used to illustrate certain examples of claims **and** relief that cannot be waived as a matter of law. When read alongside "including," it becomes unambiguous that "and" connects these items as examples of the limited exclusion, not as separate or additional exclusions.

Plaintiff next argues that the release clause's second sentence is "a patent ambiguity as it arises from the use of insensible language," suggesting that the phrase

---

[1] As Severance Agreement's language is clear and definite, its terms "must be understood according to their ordinary meaning." *Institutional & Supermarket Equip., Inc. v. C & S Refrigeration, Inc.*, 609 So. 2d 66, 68 (Fla. 4th DCA 1992).

3

"matter that may not be released by law" could ambiguously include his discrimination claims. Plaintiff's argument mistakenly conflates his own misinterpretation of the law—assuming his discrimination claims could not be released—with purported ambiguity in the contract's *wording*. Personal confusion over what claims "may not be released by law" does not equate to contractual ambiguity.[2]

Finally, Plaintiff's erroneous and unreasonable interpretation of a single clause renders surplusage other clauses and ignores the unambiguous message conveyed by the Agreement as a whole. All terms in a contract must be given effect, and none should be read as redundant or superfluous. *See Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Services, Inc.*, 556 F.3d 1232, 1242. Section 6 must be interpreted within the context of the entire Severance Agreement, including the emphatic final sentence—in all-caps, bold letters—which unambiguously conveys Plaintiff's waiver of all rights to seek damages.

## II. Plaintiff Cannot Have Reasonably Relied on Alleged Verbal Statements by a ReliaQuest Employee

The alleged verbal statements by ReliaQuest's Scott Noonan 14 days prior to execution should be disregarded as inadmissible parol evidence. When an individual

---

[2] The larger policy implications of Plaintiff's argument warrant consideration. The EEOC's guidelines prevent employers from barring EEOC complaints to protect the agency's investigative role. The Severance Agreement's carve-out language maintains enforceability without overstepping non-waivable areas. Accepting Plaintiff's view would paradoxically jeopardize the enforceability of releases, deterring out-of-court dispute resolutions.

is on written notice not to rely on representations of another party, such reliance is unreasonable. *See Zarella v. Pac. Life Ins.*, 755 F. Supp. 2d 1218, 1225 (S.D. Fla. 2010). Plaintiff "expressly acknowledge[d] no representations made by any agent or attorney of ReliaQuest, if any, concerning any legal advice or other information related to this Agreement" and that he was acting on his "own best judgment, belief, and knowledge . . . ." Section 7, Severance Agreement. Plaintiff also acknowledged that he "relied on, or had the opportunity to rely upon, advice of counsel" or had "chosen not to do so." *Id.* Particularly here, where Plaintiff claims alleged discrimination and wrongful termination by Defendant, no reasonable person with the opportunity to consult counsel would rely on statements of Defendant's employee over the written agreement.

### III.    The Severance Agreement Bars All of Plaintiff's Claims

Section 6 of the Severance Agreement states it encompasses all claims related to or based on Plaintiff's employment. All eleven counts relate directly to his employment or its termination. Because none are legally non-releasable and all seek monetary damages, the Severance Agreement bars all claims. *See Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619, 622–23 (11th Cir. 2019).

### CONCLUSION

WHEREFORE, Defendant, ReliaQuest, LLC, respectfully requests that this Court grant summary judgment to the Defendant on all counts.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Defendant, ReliaQuest, LLC's Supplemental Brief (Dkt. No. 45) has been furnished to all counsel of record via CM/ECF on July 26, 2024.

    Respectfully submitted,

    */s/ Dean A. Kent*
    Dean A. Kent
    Florida Bar No. 307040
    Email: dak@trenam.com/ ac@trenam.com
    Richard Hanchett
    Florida Bar No. 709212
    rhanchett@trenam.com/ ac@trenam.com
    **TRENAM LAW**
    101 East Kennedy Blvd.
    Suite 2700
    Tampa, Florida 33602-5150
    Tel: (813) 223-7474
    Fax: (813) 229-6553

    Steven J. Pacini (*pro hac vice*)
    **Latham & Watkins LLP**
    200 Clarendon Street, 27th Floor
    Boston, Massachusetts 02116
    Tel: (617) 948-6000
    Fax: (617) 948-6001
    Email: steven.pacini@lw.com

    *Attorneys for ReliaQuest, LLC*