IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AARON ALLEN ) | |
| ) | |
| Plaintiff ) | Case No. 8:23-cv-00806-KKM-AEP |
| ) | |
| vs. ) | |
| ) | |
| RELIAQUEST, LLC, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S MOTION TO DISMISS COUNTS I, II AND III OF DEFENDANT'S COUNTERCLAIMS AND MEMORANDUM OF LAW**

NOW COMES, AARON ALLEN ("Plaintiff") who by and through the undersigned counsel files this Motion to Dismiss as to Counts I, II and III of Defendant's Counterclaims contained in Reliaquest, LLC's Answer and Affirmative Defenses to Amended Complaint (Doc 32) and Amended Counterclaims (the "Answer") [DE 48] pursuant to 12(b)(6) of the Federal Rules of Civil Procedure as follows:

1. On August 16, 2024, Defendant filed three counterclaims against the Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment.

2. An examination of the counterclaims reveal they are shotgun pleadings because each count adopts the allegations of all preceding counts.

3. A further examination of the counterclaims reveal they seek damages in

violation of the litigation privilege.

4. Moreover, the third claim for unjust enrichment fails to state a claim because it incorporated the averment that an agreement exists between the parties.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted for a plaintiff's "failure to state a claim upon which relief can be granted." *McElrath v. ABN AMRO Mortg. Group, Inc.*, 2012 U.S. Dist. LEXIS 17361, at *3 (S.D. Fla. Feb. 13, 2012).

A motion to dismiss for failure to state a claim upon which relief can be granted is proper when a claim is not adequately stated as to allege the proper elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's complaint need not contain detailed factual allegations; however, the plaintiff has an obligation to provide the grounds of his entitlement to relief, and "that obligation requires more than labels and conclusion or a formulaic recitation of the elements of a cause of action." Id. ("Factual allegations must be enough to raise a right of relief beyond a speculative level.").

## Memorandum of Law and Argument
### I. Defendant's Counterclaims are shotgun pleadings.

The Eleventh Circuit has routinely condemned "shotgun pleadings" because they are a "waste [of] scarce judicial resources." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four types of categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The first type are pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321.

In this case, the Defendant incorporates and realleges all of the preceding counts in each of the three counterclaims making them shotgun pleadings. See Answer at ¶s71 and 91.

Based on the foregoing, the Counterclaims should be dismissed as shotgun pleadings.

### II. The Litigation Privilege prevents the damages sought by Defendant.

It is well established in Florida that the litigation privilege extends absolute immunity to any act occurring during the course of a judicial proceeding so long as the act has some relation to the proceeding. See *Wolfe v Foreman*, 128 So. 3d 67, 2013 (Fla. 3rd DCA 2013). This immunity applies

3

regardless of whether the act involves defamatory statements or other tortious behavior. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250 (11th Cir. 2004); *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292 (11th Cir. 2003); *Maraist v. Coates*, 2023 U.S. App. LEXIS 33075 (11th Cir. 2018).

The litigation privilege was initially developed to protect litigants and attorneys from liability for acts of defamation but has since been extended to cover all acts related to and occurring within judicial proceedings. *Jackson v. BellSouth Telecomms*. The rationale behind this broad application is to ensure that participants in litigation can engage in unhindered communication and use their best judgment in prosecuting or defending a lawsuit without fear of subsequent civil actions for misconduct. Id.

Paragraph 70 of the Counterclaims in the Answer seeks *"significant additional damages"* arising out of and related to "monetary damages, damages to its reputation and goodwill and attorneys' fees and costs **incurred in defendant against this matter."**  See ¶70 of Counterclaims in Answer. See also Paragraphs 54 through 58 of the Counterclaims in the Answer and specifically Paragraph 58 in which the Defendant avers that:

*"**Counter-Defendant's filing and continuation of this Action has caused and will continue to cause damage in the** form of attorneys' fees, costs, loss of reputation and goodwill (including its ability to hire and retain employees, damage to customers and investors, and public relations and perception), and loss of the Severance Payment and interest on said payment."*

These averments are incorporated into each of the three counterclaims.

Based on the averments cited above, the Counterclaims clearly seek damages resulting from the Plaintiff's **filing and continuation of this action** in direct violation of the litigation privilege and should be dismissed accordingly.

Moreover, this Court has already denied the Defendant's Motion for Sanctions (DE 22) by Order dated January 25, 2024 (DE 31) so the averments in the Counterclaims that the Plaintiff's *"filing and continuation of this Action were done in bad faith" or "baseless"* (Counterclaims ¶s57 and 84 of Answer) is clearly false as this Court has already ruled upon that issue.

### III. Failure to state a claim for breach of the implied covenant of good faith and fair dealing.

To maintain an action for breach of the implied covenant of good faith and fair dealing, the plaintiff must allege: (i) the plaintiff and the defendant are parties to a written contract; (ii) the contract is ambiguous about the permissibility or scope of the conduct in question; (ii) the defendant, through a conscious and deliberate act, fails or refuses to discharge contractual responsibilities, which unfairly frustrates the contract's purpose and disappoints the plaintiff's expectations; (iv) the defendant's breach deprives the plaintiff of the contract's benefits; and (v) the plaintiff suffers damages. *Cox v. CSX Intermodal, Inc.*, 732 So.2d 1092, 1097 (Fla. 1st DCA 1999).

An examination of the counterclaims of the Defendant reveals this count is devoid of any averments regarding elements 2 through 5, Nothing in paragraphs 72 through 90 of the counterclaim allege a contract ambiguity or cite any part of the contract that is ambiguous. To the contrary, the Defendant avers, that Paragraph 6 was breached and that Paragraph 6 is unambiguous. (¶s 79 and 30-37 of the Counterclaims in the Answer). See *QBE Ins. Corp. v. Chalfonte Condo. Apart. Assoc.*, 94 So.3d 541, 547 (Fla. 2012)(An action for breach of the implied covenant of good faith and fair dealing cannot be maintained in derogation of the express terms of the underlying contract).

Nothing in paragraphs 72 through 90 of the counterclaim allege that the Plaintiff fails or refuses to discharge contractual responsibilities. Nothing in paragraphs 72 through 90 of the counterclaim allege the Plaintiff's breach deprives the Defendant of the contract's benefits. Nothing in paragraphs 72 through 90 of the counterclaim allege damages resulting from the above ambiguity that the contract does not address.

Based on the foregoing, the counterclaims do not state a claim for the breach of the implied covenant of good faith and fair dealing and should be dismissed.

## IV.     Fauiure to state a claim for unjust enrichment

An action for unjust enrichment fails upon a showing that an express contract exists. *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. 5d

6

DCA 1998).

Paragraph 91 of the count states:

*"ReliaQuest incorporates and realleges Paragraphs 1 to 91 of its Counterclaims as if fully set forth herein."*

There are multiple paragraphs in the counterclaim that aver the existence of an express contract which include Paragraph 60 of the count which states:

*"The Severance Agreement is a valid, binding, and enforceable contract."*

Clearly the count fails to state a cause of action because it alleged the exitance of a valid, binding and enforceable contract and should be dismissed accordingly.

WHEREFORE, Plaintiff, requests the entry of an Order granting this Motion, dismissing the Defendant's Counterclaims together with any other and further relief this Court deems just and proper, court costs, expenses and attorney's fees

DATED this 5th day of September, 2024.   Respectfully submitted,

*/s/ Ian Tygar       .*
Ian Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 1031848
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone: (561) 455-0280

              Facsimile:  (561) 455-0281
              Email:   ntygar@me.com

## LOCAL RULE 3.01(g) CERTIFICATION

As set forth above, the undersigned counsel certifies, pursuant to Local Rule 3.01(g), that Plaintiff's counsel Ian Tygar emailed Defendant's counsel Dean Kent on September 4, 2024 and requested as response to his email by September 5, 2024 at 5pm, in a good-faith effort to address and resolve the issues raised by this Motion, but Defendant did not consent to the relief requested in the Motion and did not respond to Mr. Tygar's email.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of September, 2024, the foregoing document electronically filed and served upon all counsel of record via notice delivered by this Court's ECF System.

              */s/ Ian Tygar* .
              Ian Tygar, Esq.