# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| AARON ALLEN | ) |
| | ) |
| Plaintiff | ) Case No. 8:23-cv-00806-KKM-AEP |
| | ) |
| vs. | ) |
| | ) |
| RELIAQUEST, LLC, | ) |
| | ) |
| Defendant | ) |
| | ) |

**PLAINTIFF'S MOTION TO STRIKE
PRAYER FOR ATTORNEYS AND/OR LEGAL FEES AND COSTS IN
COUNTS I, II AND III OF DEFENDANT'S COUNTERCLAIMS AND
MEMORANDUM OF LAW**

NOW COMES, AARON ALLEN ("Plaintiff") who by and through the undersigned counsel files this Motion to Strike Prayer for Attorneys and or Legal Fees in Counts of Defendants Counterclaims contained in Reliaquest, LLC's Answer and Affirmative Defenses to Amended Complaint (Doc 32) and Amended Counterclaims pursuant to 12(f) of the Federal Rules of Civil Procedure (the "Answer") [DE 48] as follows:

1. On August 16, 2024, Defendant filed three counterclaims against the Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment.

2. As part of its claim for breach of contract the Defendant avers that it is entitled to recovery of *"reasonably attorney's fees and costs"*. See ¶ 71. p. 48

of Answer.

3. The Counterclaim contains a singular prayer for relief wherefore clause for all three counts in which it requests *"an award of attorney's fees and costs incurred in this action."* See p. 54 of Answer

4. Nowhere in the 95 numbered paragraph for the Counterclaims in the Answer does the Defendant aver a specific statutory or contractual provision which entitles it to attorney fees.

## Memorandum of Law in Support of Motion

I. <u>Attorney Fees</u>

"Under Florida law, absent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorney's fees." *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018). Accordingly, Florida courts may grant a motion to strike a demand for attorney's fees, where the plaintiff fails to plead a contractual or statutory basis or none exists. *Jones Chems., Inc.*, 908 F. Supp. at 907; *City of Winter Garden v. State ex rel. Wood*, 311 So. 2d 396 (Fla. 4th DCA 1975); *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1365 (M.D. Fla. 2015).

Here, Defendant has failed to set forth any basis contractual or statutory basis that would allow the Defendant to recover attorneys and/or legal fees and expenses with respect to Counts I, II or III. The only contract between the parties related to this matter does not contain an attorneys fee

2

provision, and no statutory basis exists for the claim, and none is pleadf.

Since no basis was pled, the prayer for attorneys and/or legal fees and expenses in Counts I, II and III must be stricken. *See Inflot World Wide, Inc. v. Glukhov*, 2015 U.S. Dist. LEXIS 198167, at *17-20 (S.D. Fla. 2015)(granting Defendant's motion to strike Plaintiff's request for attorney's fees and costs from Plaintiff's defamation claim because there was no contract in place between the parties for attorney's fees and there is no statutory basis for attorney's fees for this cause of action).

II.  <u>Damages Sought in violation of the litigation privilege.</u>

It is well established in Florida that the litigation privilege extends absolute immunity to any act occurring during the course of a judicial proceeding so long as the act has some relation to the proceeding. See *Wolfe v Foreman*, 128 So. 3d 67, 2013 (Fla. 3rd DCA 2013). This immunity applies regardless of whether the act involves defamatory statements or other tortious behavior. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250 (11th Cir. 2004); *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292 (11th Cir. 2003); *Maraist v. Coates*, 2023 U.S. App. LEXIS 33075 (11th Cir. 2018).

The litigation privilege was initially developed to protect litigants and attorneys from liability for acts of defamation but has since been extended to cover all acts related to and occurring within judicial proceedings. *Jackson v. BellSouth Telecomms*. The rationale behind this broad application is to ensure

3

that participants in litigation can engage in unhindered communication and use their best judgment in prosecuting or defending a lawsuit without fear of subsequent civil actions for misconduct. Id.

Paragraph 70 of the Counterclaims in the Answer seeks *"significant additional damages"* arising out of and related to "monetary damages, damages to its reputation and goodwill and attorneys' fees and costs **incurred in defendant against this matter."** See ¶70 of Counterclaims in Answer. See also Paragraphs 54 through 58 of the Counterclaims in the Answer and specifically Paragraph 58 in which the Defendant avers that:

> ***"Counter-Defendant's filing and continuation of this Action has caused and will continue to cause damage in** the form of attorneys' fees, costs, loss of reputation and goodwill (including its ability to hire and retain employees, damage to customers and investors, and public relations and perception), and loss of the Severance Payment and interest on said payment."*

These averments are incorporated into each of the three counterclaims.

Based on the averments cited above, the Counterclaims clearly seek damages resulting from the Plaintiff's **filing and continuation of this action** in direct violation of the litigation privilege and should be dismissed accordingly.

WHEREFORE, Plaintiff, requests the entry of an Order granting this Motion: (i) dismissing and striking the prayer for attorney fees and costs in

4

the Defendant's Counterclaims and request for attorney fees; (ii) dismissing and striking all paragraphs that seek damages in violation of the litigation privilege including but not limited to paragraphs 70 and 54 through 58 together with any other and further relief this Court deems just and proper.

DATED this 5th day of September, 2024.   Respectfully submitted,

/s/ Ian Tygar          .
Ian Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 1031848
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:  (561) 455-0280
Facsimile:          (561) 455-0281
Email:              ntygar@me.com

## LOCAL RULE 3.01(g) CERTIFICATION

As set forth above, the undersigned counsel certifies, pursuant to Local Rule 3.01(g), that Plaintiff's counsel Ian Tygar emailed Defendant's counsel Dean Kent on September 4, 2024 and requested as response to his email by September 5, 2024 at 5pm, in a good-faith effort to address and resolve the issues raised by this Motion, but Defendant did not consent to the relief requested in the Motion and did not respond to Mr. Tygar's email.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 5th day of September, 2024, the foregoing document electronically filed and served upon all counsel of record via notice delivered by this Court's ECF System.

*/s/ Ian Tygar         .*
Ian Tygar, Esq.