UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff/Counter Defendant,

v.                                                                  Case No.: 23-cv-00806-KKM-AEP

RELIAQUEST, LLC.

    Defendant/Counterclaimant.
_____/

### RELIAQUEST, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTS I, II AND III OF DEFENDANT'S COUNTERCLAIMS (DOC. 50)

ReliaQuest, LLC ("ReliaQuest"), pursuant to Local Rule 3.01, hereby responds in opposition to Plaintiff's Motion To Dismiss Counts I, II and III of Defendant's Counterclaims (the "Motion to Dismiss") (Doc. 50). ReliaQuest's Counterclaims do not fail to state claims as a matter of law. Contrary to Aaron Allen's ("Allen") arguments:

(1) The litigation privilege does not preclude ReliaQuest from recovering its damages from Allen's breach of contract by filing an action seeking recovery on claims he released pursuant to what this Court has already found was a clear and unambiguous severance and release agreement (the "Severance Agreement") (Doc. 32).

(2)     ReliaQuest's unjust enrichment Counterclaim is properly pled in the alternative, and predicated upon Allen's affirmative claims in Counts 10 and 11 of his Amended Complaint seeking to rescind the Severance Agreement.

(3) The implied covenant of good faith and fair dealing does not require ambiguity as an essential element, and indeed, the Court's finding that the Severance Agreement is clear and unambiguous supports ReliaQuest's well-pled allegations that Allen filed and continued this litigation in bad faith.

(4)  The Counterclaims are not an "impermissible shotgun pleading" as Allen states because the Counterclaims are clearly delineated into separate counts and supported by numbered paragraphs of factual allegation. Even if they were (and they are not) dismissal on this ground could only be without prejudice and with leave to amend.

Accordingly, ReliaQuest requests that this Court deny the Motion to Dismiss.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

1.     After the execution of the Severance Agreement, Allen filed this suit against his former employer, ReliaQuest, asserting a variety of claims for race discrimination and religious discrimination under Title VII of the Civil Rights Act and the Florida Civil Rights Act (the "Employment Claims"). *See Amended Complaint* (Doc. 32).

2. Allen also asserted various supplemental state law claims against ReliaQuest for fraud in the inducement, negligent misrepresentation, and rescission of the Severance Agreement in Counts 10 and 11 based on either an alleged unilateral or mutual mistake. *Id.*

3. The Amended Complaint seeks monetary damages against ReliaQuest on its claims. *Id.*

4. On August 1, 2014, this Court determined that the Severance Agreement contained "a clear and unambiguous" waiver of Allen's Employment Claims asserted against ReliaQuest and, as such, granted summary judgment to ReliaQuest on such issue. (Doc. 47).

5. In response to Allen's state law based claims, ReliaQuest filed an Answer and Affirmative Defenses to Amended Complaint and affirmatively asserted Amended Counterclaims against Allen. (Doc. 48).

6. ReliaQuest's pending counterclaims against Allen assert three claims: (i) breach of the Severance Agreement, (ii) breach of the implied covenant of good faith and fair dealing relating to the Severance Agreement, and (iii) an alternative claim for unjust enrichment to the extent the Severance Agreement was not entered into knowingly and voluntarily, as now being alleged by Allen in Counts 10 and 11. *Id.* (Doc. 32).

7. Allen has, in response to the counterclaims, filed a Motion to Strike and the Motion to Dismiss. (Docs. 50 and 51).

8. The Motion to Dismiss argues that the counterclaims seek damages precluded by Florida's litigation privilege, ReliaQuest fails to state a claim for unjust enrichment and also for breach of the implied covenant and fair dealing. (Doc. 50). Further, Allen contends the Amended Counterclaims are an impermissible "shotgun pleadings (sic)." *Id.* None of these arguments have merit.

## MEMORANDUM OF LAW

### Florida's Litigation Privilege Does Not Preclude the Damages Sought Against Allen Arising From His Violation Of A Covenant Not To Sue.

Allen incorrectly seeks to invoke Florida's litigation privilege to avoid damages he has caused as a direct and proximate result of his knowing violation of a covenant not to sue. With regard to Allen's arguments relative to Florida's litigation privilege, the law is clear that such privilege "will not be applied in novel ways to 'eviscerate' long standing sources of judicially available recovery." *Sun Life Assurance Co. of Can. V. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1218-1220 (11th Cir. 2018) (*citing Debrincat v. Fischer*, 217 So.3d 68 (Fla. 2017)). Accordingly, in suits alleging a violation of a covenant not to sue, such as the counterclaims, the litigation privilege does not act to preclude attorneys' fees being sought as damages because the privilege does not "provide immunity from a claim that the act of filing a lawsuit breached a contract," from which attorneys' fees

4

incurred in defending such suit are the measure of damages. *Id.* at 1219. By making such an argument in the Motion to Dismiss, Allen seeks to wholly circumvent the actual damages he has caused ReliaQuest in defending his improperly asserted claims arising from his violation of a covenant not to sue.

Such a novel defense theory is not supported by Florida law and is manifestly improper and illogical given that the requested application would preclude awarding all available damages directly flowing from Allen's material breach of a covenant not to sue.  In fact, doing so would totally "eviscerate" the benefit of the bargain ReliaQuest negotiated and sought in entering into such a covenant not to sue with Allen in the Severance Agreement, and in providing significant consideration to Allen, thereby improperly side-stepping "long-standing sources of judicially available recovery" for Allen's breach of the covenant not to sue. *Sun Life Assurance Co. of Can. V. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1218-1220 (11th Cir. 2018) (citing *Debrincat v. Fischer*, 217 So.3d 68, 70 (Fla. 2017)).

Notably, there is no case cited by Allen in the Motion to Dismiss, nor is there any other Florida case law that applies the novel concept being asserted therein, that establishes "a litigation privilege to provide immunity from a claim that the act of filing a lawsuit breached a contract" or the full damages flowing as a direct and proximate result of his violation. *Id*. at 1219.  Simply put, application of the litigation privilege in this instance to avoid all damages incurred by ReliaQuest for

5

violation of a covenant not to sue would virtually extinguish a common form of relief available under Florida law for a beach of an agreement, including the awarding of damages for breaches of agreements not to sue, and would require this court to hold that damages and attorneys' fees are not a proper measure of damages arising from the breach of a covenant not to sue. *Id*. at 1220. Such a convenient, but illogical argument, must be denied by this Court and ReliaQuest permitted to recover all of its damages that are directly and proximately caused by Allen's violation of a covenant not to sue as asserted in the counterclaims.

### **ReliaQuest's Counterclaim for Unjust Enrichment Is Permissible Given Allen's Asserted Claims in Counts 10 and 11 Seeking Rescission of the Severance Agreement.**

Allen's arguments in the Motion to Dismiss the unjust enrichment claim are directly contradicted by applicable law and should be denied. Allen attempts to use such arguments as a sword and shield in the face of his claims for rescission of the Severance Agreement. Although it is well established that an unjust enrichment claim cannot be maintained when there is an express contract, it is equally evident that a claimant may assert a claim for unjust enrichment as an alternative to a contract claim. *Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316 (S.D. Fla. 2018). Florida law and Rule 8 of the Federal Rules of Civil Procedure allow parties to plead unjust enrichment as an alternative to a breach of contract claim. *See*, e.g., *Rea v. It Works! Glob., Inc.,* No. 8:19-cv-599-T-30JSS,

2019 WL 5722479, at *2 (M.D. Fla. June 21, 2019); *Real Est. Value Co. v. Carnival Corp.,* 92 So. 3d 255, 263 n.2 (Fla. 3d DCA 2012); *Rosado v. Barry Univ. Inc.*, 499 F. Supp. 3d 1152, 1160 (S.D. Fla. 2020). As stated by the Florida Supreme Court:

> it has become quite customary, in an abundance of caution, to join the common counts [i.e., unjust enrichment] with the special count which declares on the express contract, so that, if for any reason the plaintiff fails in his proof of the express contract, he may have an opportunity to at least recover the value of the work actually done or the materials actually furnished, or so much thereof as have not been paid for, upon an implied contract.
> *Hazen v. Cobb–Vaughan Motor Co.,* 96 Fla. 151, 117 So. 853 (Fla. 1928).

In addition to such conclusive authority, a claimant may further be permitted to plead an unjust enrichment claim in the alternative to a breach-of-contract claim where "one or more of the parties contest the existence of an express contract governing the subject of the dispute[.]" *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337–38 (S.D. Fla. 2002) (alteration added; footnote call number and citations omitted); *Frayman v. Douglas Elliman Realty*, LLC, 515 F. Supp. 3d 1262, 1287–88 (S.D. Fla. 2021); *Samana Inc. v. Lucena*, 156 F. Supp. 3d 1373, 1374 (S.D. Fla. 2016) ("Because Defendants have denied the existence of any express contract between the Parties, ... the Court concludes that Plaintiff may properly plead a breach of contract clam and, in the alternative, an unjust enrichment claim.").

In this instance, Allen has asserted claims in Counts 10 and 11 of his Amended complaint for rescission of the Severance Agreement. (Doc. 32). Therefore,

ReliaQuest's alternative pleading of an unjust enrichment claim in its counterclaims is unequivocally permitted.

### **ReliaQuest's Counterclaim for Breach of the Implied Covenant Of Good Faith And Fair Dealing is Properly Plead.**

The court must consider the countercomplaint in ReliaQuest's favor, accepting all well-pleaded allegations as true. Allen erroneously argues that ReliaQuest fails to properly address the elements for a claim for breach of the implied covenant of good faith and fair dealing by identifying a new element, not required under Florida law and by ignoring the allegations of the counterclaims. Allen absurdly goes to great length to claim there are insufficient allegations of Allen making a "conscious and deliberate act" regarding the discharge of his contractual obligations under the Severance Agreement, which is directly belied by his own earlier arguments on the same page of the Motion to Dismiss, in which he asserts that ReliaQuest has improperly alleged that Allen's "filing and continuation of this Action were done in bad faith" and were "baseless." (Doc. 50, p.5). Allen also incorrectly seeks to claim that an allegation of a "contractual ambiguity" is an essential element of such a legal claim, which is incorrect. ReliaQuest did not baldly plead that Allen acted in bad faith; it alleged facts showing that he was aware of the release and had knowingly and voluntarily signed it, but sued ReliaQuest for damages anyway.

A claimant asserting a cause of action for breach of the implied covenant must allege "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party." *Tiara Condo. Ass' n, Inc. v. Marsh & McLennan Cos., Inc.*, 607 F.3d 742, 747 (11th Cir. 2010) (applying Florida law) (quoting *Shibata v. Lim*, 133 F.Supp.2d 1311, 1319 (M.D. Fla. 2000)). These factors required for the assertion of the claim, including ReliaQuest's damages, are alleged and far exceeded by ReliaQuest in the Amended Counterclaims. There is no contractual ambiguity element to bad faith. This Court has already found that the Severance Agreement is clear and unambiguous, which bolsters ReliaQuest's allegations of bad faith. As pled, Allen knowingly and voluntarily signed the Severance Agreement and the lack of ambiguity supports, rather than undermines, the bad faith elements of such claim.

### **Allen's Arguments Regarding a Shotgun Pleading May Be Addressed By Renumbering or by Amendment of the Counterclaims.**

The Amended Counterclaims are not an impermissible shotgun pleading, and even if they were (and they are not) this is only a basis for a dismissal without prejudice. The Counterclaims are decidedly *not* an impermissible shotgun pleading because the Counterclaims are plainly separated into distinct and numbered counts, with distinct factual allegations made in numbered paragraphs. Thus, the

Counterclaims comply with Fed. R. Civ. P. 8. But even if they did not comply with Rule 8 (which is not the case), the Counterclaims could only be dismissed without prejudice with leave to amend, or the counts could simply renumber their allegations via a stipulation. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

## CONCLUSION

Based on the foregoing, ReliaQuest requests that this Court deny the Motion to Dismiss, deny all additional relief sought therein by Plaintiff and, if the Court deems appropriate, to grant ReliaQuest leave to amend its counterclaims to address and Fed. R. Civ. P. 8 issues.

Dated September 19, 2024.

Respectfully submitted,

/s/ Dean A. Kent
Dean A. Kent
Florida Bar No. 307040
Email: dkent@trenam.com/ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553

Steven J. Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor

>Boston, Massachusetts 02116
>Tel: (617) 948-6000
>Fax: (617) 948-6001
>Email: steven.pacini@lw.com
>*Attorneys for ReliaQuest, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing ReliaQuest, LLC's Response in Opposition to Plaintiff's Motion to Dismiss Counts I, II and III of Defendant's Counterclaims (Doc. 50) has been furnished to all counsel of record via CM/ECF on September 19, 2024.

>*/s/ Dean A. Kent*
>Attorney