UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff/Counter Defendant,

v.                                                        Case No.: 23-cv-00806-KKM-AEP

RELIAQUEST, LLC.

    Defendant/Counterclaimant.
_____/

**RELIAQUEST, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES AND/OR LEGAL FEES AND COSTS IN COUNTS I, II, AND III OF DEFENDANT'S COUNTERCLAIMS (DOC. 51)**

ReliaQuest, LLC ("ReliaQuest"), pursuant to Local Rule 3.01, hereby responds in opposition to Plaintiff's Motion To Strike Prayer For Attorneys' Fees And/Or Legal Fees And Costs In Counts I, II, and III Of Defendant's Counterclaims (the "Motion to Strike") (Doc. 51). The Motion to Strike should be denied as ReliaQuest is not seeking attorneys' fees in its Amended Counterclaims under a prevailing party theory, but rather its attorneys' fees are the proper measure of its damages arising from Plaintiff, Aaron Allen's ("Allen") violation of a covenant not to sue. Further, ReliaQuest's attorneys' fees in defending against Allen's improper suit is the measure of its damages and such a recovery is not a violation of any purported litigation privilege resulting from a breach of a covenant not to sue.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. After he signed a severance and release agreement (the "Severance Agreement") and accepting its benefits, Allen filed suit against ReliaQuest asserting a variety of claims for race discrimination and religious discrimination under Title VII of the Civil Rights Act and the Florida Civil Rights Act (the "Employment Claims"). *See Amended Complaint* (Doc. 32).

2. Allen also asserted various, supplemental state law claims against ReliaQuest for fraud in the inducement, negligent misrepresentation, and rescission based on either an alleged unilateral or mutual mistake regarding his entry into the Severance Agreement. *Id.*

3. On August 1, 2014, this Court determined that the Severance Agreement contained "a clear and unambiguous" waiver of Allen's Employment Claims asserted against ReliaQuest and, as such, granted summary judgment to ReliaQuest on each those improperly asserted claims. (Doc. 47).

4. In response to the remaining supplemental state law based claims ReliaQuest filed an Answer and Affirmative Defenses to Amended Complaint and affirmatively asserted Amended Counterclaims against Allen. (Doc. 48).

5. ReliaQuest's pending counterclaims against Allen arise from his breach of the Severance Agreement, breach of the implied covenant of good faith and fair dealing relating to the Severance Agreement and, alternatively, for unjust

enrichment for return of the consideration ReliaQuest paid Allen if it is determined that the Severance Agreement may be rescinded because it was not entered into knowingly and voluntarily, as now being alleged by Allen. *Id.*

6. The counterclaims specifically allege in paragraph 58 that the "filing and continuation" of Allen's claims in the lawsuit "has caused and will continue to cause damage to ReliaQuest in the form of attorneys' fees." *Id., ¶ 58.*

7. The counterclaims contain a single prayer for relief in which ReliaQuest requests that this Court "[g]rant ReliaQuest an award of its attorneys' fees and costs incurred in this action." *Id., pg. 54.*

8. In response to the counterclaims, Allen filed the Motion to Strike ReliaQuest's for claims for the recovery of its attorneys' fees as damages, based on the alternative theories that the claims are an improper attempt to obtain prevailing party's attorneys' fees that are not provided for by contract or statute, or that such a recovery would violate Florida's established litigation privilege. (Doc. 48). Neither argument has merit.

## MEMORANDUM OF LAW

### Introductory Statement

Allen's arguments are nothing more than an attempt to avoid the liability for damages he caused ReliaQuest by deliberately violating a covenant not to sue. The Motion to Strike should be denied because ReliaQuest is not seeking attorneys' fees

3

in its Amended Counterclaims under a prevailing party theory. As expressly set forth in the counterclaims, ReliaQuest's attorneys' fees and costs constitute the actual damages ReliaQuest has suffered as a direct and proximate result of Allen's violation of the Severance Agreement. Further, Florida law is clear that the litigation privilege does not preclude ReliaQuest from the recovery of its attorneys' fees and costs, which are the damages Allen caused by violating the Severance Agreement.

**Legal Standard**

Plaintiff is correct in noting that under Florida law prevailing party's attorneys' fees in litigation are not normally recoverable in the absence of statutory authority or a contract providing for the recovery of such fees to the prevailing party. *Gregoire v. Lucient Technologies, Inc.*, No. 6:03 CV 251ORL31KRS, 2005 WL 1863429, *4 (M.D. Fla. Aug. 5, 2005) (citing *United States v. Pepper's Steel & Alloys, Inc.*, 289 F.3d 741, 742 (11th Cir. 2002) (applying Florida law); *Dade County v. Pena*, 664 So. 2d 959, 960 (Fla. 1995). Florida law, however, does allow for the recovery of attorneys' fees as actual damages, not as part of a claim or determination as to which is the prevailing party, when such attorneys' fees are the damages incurred by the defending party directly and proximately caused by a violation of breach of a release and covenant not to sue provision. *See O'Neal v. Am. Shaman Franchise Sys., LLC*, No. 8:20-cv-936, 2024 WL 340767, *7 (M.D. Fla. Jan. 12, 2024); *Gregoire*, 2005 WL 1863429, at *4.

4

In determining whether a release provision acts as a covenant not to sue, "[A] party that releases, and forever discharges, both 'suits' and 'claims'—whether known or unknown—has contractually agreed never to sue" is routinely construed under applicable law as a covenant not to sue. *Hall v. Sargeant*, No. 18-80748-CIV, 2020 WL 1536435, *8 (S.D. Fla. Mar. 30, 2020).

With regard to Florida's litigation privilege, the law is clear that such privilege "will not be applied in novel ways to 'eviscerate' long standing sources of judicially available recovery." *Sun Life Assurance Co. of Can. V. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1218-1220 (11th Cir. 2018) (citing *Debrincat v. Fischer*, 217 So.3d 68 (Fla. 2017)). Accordingly, in a suit alleging a violation of a covenant not to sue where the costs of defense <u>are</u> the damages, the litigation privilege does not preclude the recovery of the agreed party's attorneys' fees. Simply put, the litigation privilege does not "provide immunity from a claim that the act of filing a lawsuit breached a contract" pursuant to which a claimant seeks recovery of the attorneys' fees it incurred in defending against the wrongfully filed action. *Id.* at 1219.

1. **<u>The Motion To Strike Should Be Denied Because Allen's Violation Of A Covenant Not To Sue Allows For The Recovery Of Attorneys' Fees.</u>**

While Allen correctly cites Florida's general rule for attorney's fees as a prevailing party in litigation, as set forth above, ReliaQuest has not and is not asserting that it is entitled to the recovery of attorneys' fees from Allen on its amended counterclaims as a prevailing party. Instead, ReliaQuest is seeking an

award of attorney's fees as the measure of its actual damages arising from Allen's improperly asserted Employment Claims in breach of a covenant not to sue set forth in the Severance Agreement, which is allowed by Florida law. *Gregoire*, 2005 WL 1863429, at *4. Allen himself identifies this important distinction in the Motion to Strike by arguing that the counterclaims "clearly seek damages resulting from the Plaintiff's **filing and continuation of this action**." (Doc. 51, p.4 emphasis in original). Allen does not and cannot claim that there is any mention in the counterclaims of a request for prevailing party's attorneys' fees by ReliaQuest because that is not what ReliaQuest is seeking. The words "prevailing" or "prevail" do not appear once in the Amended Counterclaims filed by ReliaQuest. (Doc. 32).

The Severance Agreement at issue clearly creates a covenant not to sue, which has been violated. The Severance Agreement contains a release in Section 6 that provides:

> **RELEASE. In exchange for the consideration referred to in this Agreement, Employee hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes of action in law or in equity which Employee may have had, or may now have against ReliaQuest, including but not limited to any and all claims which are based on or in any way related to his or her employment with ReliaQuest or the termination of that employment. This waiver and release specifically excludes matter that may not be released by law, including Employee's right to pursue certain claims and relief with the Equal Employment Opportunity Commission, the National Labor Relations Board, and the Security & Exchange Commission**.

By signing the clear and unambiguous Severance Agreement, Allen agreed, in consideration for a payment equivalent to four-weeks' salary (the "Severance Payment") to release and forever discharge ReliaQuest from actions, demands, and causes of action in law or in equity of any kind or nature, including any and all claims related to his employment with ReliaQuest or its termination (the "Release"). Under applicable Florida law the Release is deemed to be covenant not to sue because "[a] party that releases, and forever discharges, both 'suits' and 'claims'—whether known or unknown—has contractually agreed never to sue." *Hall v. Sargeant*, No. 18-80748-CIV, 2020 WL 1536435, *8 (S.D. Fla. Mar. 30, 2020).

The Severance Agreement's Release provisions are a covenant not to sue ReliaQuest with regard to the very claims that Allen is pursuing in this action. The attorneys' fees incurred by ReliaQuest in defending those wrongfully asserted claims constitute its damages arising from Allen's breach of the covenant not to sue. *Gregoire*, 2005 WL 1863429, at *4; *O'Neal v. Am. Shaman Franchise Sys., LLC*, No. 8:20-cv-936-KKM-AAS, 2024 WL 340767, *7 (M.D. Fla. Jan. 12, 2024).

2. **The Motion To Strike Should Be Denied Because Litigation Privilege Does Not Preclude Attorneys' Fees For Violations Of Covenants Not To Sue.**

Allen further argues that ReliaQuest's claim for attorneys' fees is precluded by Florida's litigation privilege. Allen's attempt to avoid liability for the damages caused by his wrongful pursuit of claims in contravention of the Severance Agreement is not supported by Florida law. Allen is clearly attempting to apply the

litigation privilege in a novel way to "eviscerate" ReliaQuest's established legal right to recover damages under long standing judicial principles. *Sun Life Assurance Co. of Can. V. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1218-1220 (11th Cir. 2018) (citing *Debrincat v. Fischer*, 217 So.3d 68, 70 (Fla. 2017)).  Accepting his argument would deny ReliaQuest the benefit of the bargain, including the covenant not to sue created by the Severance Agreement's Release, to which it is entitled to enforce against Allen.  Notably, there is no case cited by Allen in the Motion to Strike, nor is there any other Florida case law that applies the novel concept being asserted therein, that establishes "a litigation privilege to provide immunity from a claim that the act of filing a lawsuit breached a contract." *Id*. at 1219.

In every case predicated upon a breach of a covenant not to sue, the claimed damages will invariably consist of the defendant's attorney's fees and costs. Applying the litigation privilege to such cases would grant de facto immunity to breaching parties like Allen and eviscerate claims and damages for breach of a covenant not to sue, a long-standing form of relief available under Florida law.

## CONCLUSION

Based on the foregoing, ReliaQuest requests that this Court deny the Motion To Strike, specifically finding that its attorneys' fees and costs are a proper measure of its damages resulting from Allen's violation of a covenant not to sue, finding that the litigation privilege inapplicable and does not provide Allen immunity to avoid

damages resulting from his violation of a covenant not to sue, and deny all additional relief sought therein by Allen.

Dated September 19, 2024.

Respectfully submitted,

/s/ Dean A. Kent
Dean A. Kent
Florida Bar No. 307040
Email: dkent@trenam.com/ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553

Steven J. Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
Email: steven.pacini@lw.com
*Attorneys for ReliaQuest, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the forgoing ReliaQuest, LLC's Response in Opposition to Plaintiff's Motion to Strike Prayer for Attorneys' Fees and/or Legal Fees and Costs in Counts I, II, and III of Defendant's Counterclaims (Doc. 51) has been furnished to all counsel of record via CM/ECF on September 19, 2024.

*/s /Dean A. Kent*
Attorney
