UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.                                 Case No.: 23-cv-00806-KKM-MEP

RELIAQUEST, LLC.

    Defendant.
_____/

**DEFENDANT'S MOTION FOR THIRTY (30) DAY ENLARGEMENT OF DISCOVERY DEADLINE IN CASE MANAGEMENT AND SCHEDULING ORDER (DOC. 41)**

    ReliaQuest, pursuant Fed. R. Civ. P. 6 and Local Rules 3.01, moves to extend the discovery deadline set forth in the Case Management And Scheduling Order (Doc. 41) for thirty (30) days up to and including December 16, 2024. In support of this Motion, ReliaQuest states as follows:

    1.    On April 12, 2024, the Court entered a Case Management And Scheduling Order (the "CMSO"). (Doc. 41).

    2.    Currently, the CMSO provides for the discovery deadline to be November 15, 2024.

3. Despite the parties and their respective counsel's best efforts to work expeditiously to complete discovery within the deadlines set forth in the CMSO, an enlargement of the discovery deadline is necessary for all parties to this matter to prepare for mediation, prepare dispositive motions, prepare for trial in an efficient matter, and file any necessary motion to compel.

4. Extending the deadlines is the only practical way that the remaining discovery can be completed so that the case may be effectively mediated, prepare pretrial motions and dispositive motions can be prepared and decided, and a factual record can be prepared for trial.

5. Additional complications in scheduling and conducting discovery arose from Plaintiff's counsels attempt to withdraw from the case (Doc. 26), the parties' agreement in the Uniform Case Management Report not to conduct discovery until "the earlier of" the Court's ruling on ReliaQuest's Motion To Dismiss or May 1, 2024 (Doc. 34), this Court's August 1, 2024, Order with regard to ReliaQuest's Motion to Dismiss (which invited additional briefing regarding the knowing and voluntary execution of the Severance Agreement) and complications caused by Hurricane Helene and Hurricane Milton.

6. Scheduling matters and obtaining available dates for all counsel involved has been challenging, not because of the reluctance of counsel

involved, but due to matters and commitments wholly unrelated to this litigation, including issues with office closures and outages related to hurricane Helene and Hurricane Milton. Under these circumstances, it is currently impractical for the parties to comply with the deadlines set forth in the CMSO.

7. Given all of the foregoing, the discovery deadline set forth in the CMSO of November 15, 2024, if not enlarged by the Court, would severely prejudice the parties and impose hardship on the parties and their counsel in the development of the facts for mediation and trial, as well as their ability to compel discovery if full and appropriate responses are not provided.

8. It is anticipated that the parties will be able to schedule necessary depositions, complete the additional written discovery, and address any motions to compel written discovery without requiring that any other CMSO deadlines be modified.

9. Accordingly, ReliaQuest requests that the discovery deadline be enlarged for thirty (30) days from November 15, 2024, up to and including December 16, 2024.

WHEREFORE, ReliaQuest requests that the Court extend the discovery deadline set forth in the CMSO to December 16, 2024, or as the Court otherwise deems appropriate and just.

## MEMORANDUM OF LAW

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that the court may grant an enlargement of time before the expiration of the relevant deadline for "good cause." The circumstances explained above constitute good cause as contemplated by the rule to enlarge the discovery deadline by thirty (30) days.

To refuse to extend the deadlines would act as a hardship on counsel of record and their respective clients and would prejudice their ability to prepare the case for mediation and trial. As a result, ReliaQuest respectfully submits that the Court should extend applicable discovery deadline to December 16, 2024. This extension is not being sought for purposes of delay and the granting the request for extension will not prejudice any party.

## LOCAL RULE 3.01(g) CERTIFICATION

As discussed above, the undersigned counsel for ReliaQuest certifies, pursuant to Local Rule 3.01(g), that local counsel for ReliaQuest, Dean A. Kent, in a good-faith effort to address and resolve the issues raised by this Motion, conferred with Plaintiff's Counsel, via email request on October 15, 2024 at 2:04 p.m., to which no response was received on or before making a phone call to Neil Tygar on October 16, 2024, at 10:31 a.m. at which time Neil

4

Tygar deferred the issue of the requested enlargement to Ian Tygar and requested that undersigned counsel call back at noon. Before such call was made, an email was received from Ian Tygar on October 16, 2024, at 11:35 a.m. stating that his "client has not consented to an extension." In response to request for clarification made by undersigned counsel via email at 11:38 a.m., about whether there was an objection to the requested thirty day enlargement, Ian Tygar stated in an email at 11:45 a.m. that his client "is not consenting to an extension and is also objecting to it at this time."

/s/ Dean A. Kent
Dean A. Kent
Florida Bar No. 307040
Email: dak@trenam.com/ ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553

Steven J. Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
Email: steven.pacini@lw.com

*Attorneys for ReliaQuest, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Defendant's Motion for Thirty (30) Day Enlargement of Discovery Deadline in Case Management and Scheduling Order (Doc. 41) has been furnished to all counsel of record via CM/ECF on October 16, 2024.

*/s/ Dean A. Kent*
Attorney