AARON ALLEN,

     Plaintiff,

v.                            Case No.: 23-cv-00806-KKM-MEP

 RELIAQUEST, LLC.

     Defendant.

_____/

## DEFENDANT, RELIAQUEST, LLC'S MOTION FOR SUMMARY JUDGMENT ON THE AMENDED COMPLAINT (Doc. 32)

Pursuant to the Court's order on August 1, 2024 (Doc. 47) granting summary judgment in part to Defendant, ReliaQuest, LLC ("ReliaQuest"), and Fed. R. Civ. P. 56, ReliaQuest files this Motion seeking summary judgment on all claims asserted in the Amended Complaint, specifically briefing issues for the Court with regard to the "knowing and voluntary" element of the execution and enforceability of the Severance Agreement and Release ("Severance Agreement" or the "Agreement") and Counts VIII through XI in light of the Court's ruling granting summary judgment that the Agreement is clear and unambiguous. The Agreement is clear and unambiguous, and was entered into by Plaintiff knowingly and voluntarily, entitling ReliaQuest to final summary judgment on Counts I through VII. Because the Agreement is clear and unambiguous, the parol evidence rule bars claims Counts

VIII through XI, which attempt to contradict or avoid the terms of the Agreement. Additionally, irrespective of the parol evidence rule, Plaintiff did not and cannot demonstrate that he exercised the requisite reasonable reliance and due care to maintain Counts VIII through XI. Thus, ReliaQuest is entitled to final summary judgment on all counts of Plaintiff's Amended Complaint.

## <u>INTRODUCTION</u>

On August 1, 2024, the Court found that, under the summary judgment standard of F.R.C.P 56, the Severance Agreement is "clear and unambiguous" as a matter of law (Doc. 47). The Court noted that "the parties have not formally briefed the issue of whether the release was knowing and voluntary under the summary judgment standard" and stated that "the parties are permitted to address in a subsequent summary judgment motion whether the release was knowing and voluntary, and whether summary judgment as to Counts VIII–XI is appropriate in the light of this Order." *Id.* In this Motion, ReliaQuest seeks summary judgment on all counts of Plaintiff's Amended Complaint.

Under Florida law, a release is enforceable if it is clear and unambiguous (which this Court already found) and was entered into knowingly and voluntarily based on a totality of the circumstances. Florida courts look to six elements to determine whether a release is entered into knowingly and voluntarily, one of which is whether the release is clear and unambiguous. Given the facts pled by Plaintiff

and admitted to in his answer to ReliaQuest's counterclaims, there is no genuine, material dispute that each of the other five elements to establish the entry of the Severance Agreement knowingly and voluntarily are met here. The material, undisputed facts are that Plaintiff is a highly educated college graduate, with a graduate degree, who is an experienced computer programmer with management experience and took fourteen days to sign the clear and unambiguous Severance Agreement, during which he had ample opportunity to engage counsel. The alleged extra-contractual oral misrepresentations (even if fraudulent, which is vehemently disputed) do not tip the totality of the circumstances in Plaintiff's favor because the Severance Agreement's clarity and Plaintiff's express acknowledgment that he was not relying on any oral representations, coupled with his opportunity for legal consultation, establish that there is no genuine, material dispute that Plaintiff knowingly and voluntarily executed the Severance Agreement.

Counts I-VII of the Amended Complaint assert employment-based claims that are now ripe for summary judgment, pursuant to this Court's previous ruling, upon a determination that the Severance Agreement was entered into knowingly and voluntarily by Plaintiff. Because the Severance Agreement was entered into by Plaintiff knowingly and voluntarily, ReliaQuest is entitled to final summary judgment on the employment-based claims of the Amended Complaint.

In addition to the employment based claims, Counts VIII-XI of the Amended Complaint asserted by Plaintiff against ReliaQuest raise claims for fraud in the inducement, negligent misrepresentation, and rescission based on mutual and unilateral mistake in attempt to circumvent his knowing and voluntary entry of the Severance Agreement. This gambit fails for two reasons.

First, all of these state law counts are precluded as a matter of law by the Court's finding that the Severance Agreement is clear and unambiguous because they are based entirely on alleged oral representations or alleged mistakes that directly conflict with the clear and unambiguous terms of the written agreement Plaintiff later executed. Extra-contractual evidence (including evidence allegedly showing fraud or mutual mistake) cannot be offered to alter, vary or contradict the clear and unambiguous terms of the writing. Thus, even if the allegations of prior oral representations were true (and they are not), the parol evidence rule precludes those claims because they are based on alleged representations or mistakes that allegedly alter, vary, or contradict the writing. Plaintiff's state law claims are predicated on an alleged prior oral representation and/or a mistake that is directly contradicted by the clear and unambiguous Severance Agreement; as a result, they are barred by the parol evidence rule.

Second, irrespective of the parol evidence rule, each of these ill-fated state law counts requires Plaintiff to establish reasonable reliance or due diligence to

assert a valid claim. Plaintiff's reasonable reliance or due diligence cannot coexist in this circumstance when coupled with and viewed together with his allegations that the alleged pre-signing, oral representations, or alleged misunderstandings, act to contradict or vary clear and unambiguous provisions in writing. This all-too-familiar story of seeking to avoid a clear contractual release of claims, after-the-fact, has been considered and roundly rejected by Florida courts and the Eleventh Circuit Court of Appeals. *See Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619, 622-23 (11th Cir. 2019) (finding the plaintiff's reliance on contradictory verbal statements from management unreasonable and ineffective when "viewed in the context of a written agreement" stating otherwise).

Summary judgment is therefore appropriate on all of Plaintiff's remaining state law counts of the Amended Complaint, Counts VIII-XI.

## STATEMENT OF MATERIAL UNDISPUTED FACTS

*Each of the facts discussed herein has been pled or admitted by Plaintiff, or already found by the Court.*

1. ReliaQuest employed Plaintiff as a Detection Architect for five months, from November 1, 2021, to March 21, 2022. *See* Amended Complaint (Doc. 32) ¶¶ 16, 19. Prior to his employment at ReliaQuest, Plaintiff received a bachelor's degree from Clemson University and a master's degree from the University of Rochester

and had five years of management experience. *See* Amended Complaint (Doc. 32) ¶ 25(c).

2.      In connection with Plaintiff's termination, ReliaQuest proposed a severance and release agreement to Plaintiff on March 21, 2022. *Id.* ¶ 27. Plaintiff reviewed the terms of the Severance Agreement and requested that the word "covenant" be removed, a change to which ReliaQuest ultimately agreed. *See* Amended Complaint (Doc. 32) ¶ 28.

3.      The language of the Severance Agreement is clear and unambiguous. *See* Court's Order (Doc. 47). By its terms, the Severance Agreement contains a release of all claims and actions related to Plaintiff's employment with ReliaQuest, which the Court has determined is clear and unambiguous. (Doc. 47, referring to Section 6 of the Severance Agreement).

4.      In addition, the Severance Agreement unequivocally states that Plaintiff is giving up any right to seek damages from ReliaQuest in bold capitalized letters: "**YOU UNDERSTAND YOU ARE GIVING UP ALL RIGHTS YOU MAY HAVE TO RECOVER DAMAGES FROM THE COMPANY.**" Agreement, Signature Page.

The Severance Agreement also states:

- "Employee expressly acknowledges that Employee has relied on, or had the opportunity to rely upon, advice of counsel of Employee's choosing or has been given an opportunity to review it with counsel and have chosen not to do so."

- "Employee further declares and acknowledges that no representations made by any agent or attorney of ReliaQuest, if any, concerning any legal advice or other information related to this Agreement . . ."

Agreement, Section 7.

5.     Plaintiff alleges that he "contacted several lawyers" but claims he "was unable to schedule a consultation within a weeks' time . . .." Amended Complaint (Doc. 32) ¶ 33. Plaintiff pleads and also admits in response to the Amended Counterclaim that he signed the Severance Agreement fourteen days after receiving a copy of an original draft from ReliaQuest (*i.e.*, two weeks after his alleged discussion with Scott Noonan). (*Id.* ¶ ¶27, 28, 30; Doc. 41 ¶¶ 27-28).

6.     In exchange for the execution of the release, ReliaQuest agreed to pay (and did pay) Plaintiff a severance payment of four more weeks' salary and continued health benefits—compensation to which Plaintiff acknowledged in the Severance Agreement he was not otherwise entitled.  *See* Pl. Answer (Doc. 18, ¶¶ 21, 46).  ReliaQuest promptly complied with its obligations under the Severance Agreement by making the payment to Plaintiff.  (*Id.* ¶ 46).  To date, notably, Plaintiff has not returned the payment to ReliaQuest paid to Plaintiff for the release despite the state law claims asserted in the Amended Complaint seeking the rescission of such Severance Agreement and ReliaQuest's demand for restitution in its counterclaims.  (*Id.* ¶ 74).

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists only when "a reasonable jury could render a verdict for the non-movant" based on facts that have "a real basis in the record." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016).

When a party properly supports a motion for summary judgment, the nonmoving party must come forward with "concrete evidence from which a reasonable juror could return a verdict in his favor." *Hinson v. Bias*, 927 F.3d 1103, 1115 (11th Cir. 2019) (citation omitted). "[C]onclusory" assertions and "[i]nferences based upon speculation" cannot "prevent a grant of summary judgment," nor can "a mere scintilla of evidence" or "[e]vidence that is 'merely colorable.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301, 1310-11 (11th Cir. 2012) (citations omitted). And "[r]hetoric and attorney argument are no substitute for record evidence." *Procaps S.A. v. Patheon Inc.*, 141 F. Supp. 3d 1246, 1260 (S.D. Fla. 2015) (citation omitted), aff'd, 845 F.3d 1072 (11th Cir. 2016). Rather, the non-moving party must produce "relevant and admissible evidence beyond the pleadings" that support all of the "essential elements" of his case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314-15 (11th Cir. 2011).

# ARGUMENT

## I. Plaintiff Knowingly and Voluntarily Released All Employment-Related Claims Against ReliaQuest

To release claims under Title VII, the employee's consent must be "voluntary and knowing based on the totality of the circumstances." *Myricks v. Fed. Rsrv. Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007), quoting *Alexander v. Gardiner-Denver Co.*, 415 U.S. 36, 52, n.15. In determining whether a release was voluntary and knowing, Florida courts look to "(1) the plaintiff's education and business experience; (2) the amount of time the plaintiff considered the agreement before signing it; (3) the clarity of the agreement; (4) the plaintiff's opportunity to consult with an attorney; (5) the employer's encouragement or discouragement of consultation with an attorney; and (6) the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled." *Puentes v. United Parcel Serv., Inc.*, 86 F.3d 196, 198 (11th Cir. 1996) (denying the plaintiff summary judgment based on a finding that the plaintiff's claims under Title VII and Section 1981 were knowingly and voluntarily released); *see also Jones v. A&T Umbrella Benefit Plan No. 1*, 2018 WL 748870, at *6–7 (M.D. Fla. Jan. 10, 2018) (applying the six factors from *Puentes* and granting the defendants summary judgment in an ERISA case). "These factors provide objective evidence tending to support or undermine the employee's claim that he was subjectively unaware that he was waiving [] important rights." *Myricks*, 480 F.3d at

1040 (citation omitted). Courts also apply the same standard in examining claims under the Florida Civil Rights Act. *See Hearns v. Sch. Bd. of Polk Cnty.*, 8:23-cv-985, 2024 WL 1885700, at *2–3 (M.D. Fla. Apr. 30, 2024) (applying the six factors in *Puentes* and granting summary judgment on claims under Title VII and the Florida Civil Rights Act).

The undisputed facts pled in his Amended Complaint and admitted by Plaintiff in his Answer to ReliaQuest's Counterclaims, coupled with the Court's finding that the release is clear and unambiguous, establish that there is no genuine dispute of material fact that Plaintiff voluntarily and knowingly executed the Severance Agreement.

## A. Plaintiff is Highly Educated and has Significant Business Experience

The first factor to determining the knowing and voluntary execution of an agreement under the "totality of the circumstances" examines an individual's education and business experience. *See Taylor v. Camillus House, Inc.*, 149 F. Supp. 2d 1337, 1380 (S.D. Fla. 2001) (finding that the first factor satisfied when the plaintiff had a college education and seven years of work experience); *see also Hearns*, 2024 WL 1885700, at *3 (finding a release valid where the plaintiff was college-educated). Plaintiff holds a bachelor's degree from Clemson University and a master's degree from the University of Rochester, *see* [Pl. Answer], and has five years of management experience, *see* Amended Complaint (Doc. 32) ¶ 25(c). Thus,

there can be no genuine dispute of material fact that Plaintiff is highly educated and has significant business experience.  The first factor is therefore satisfied.

## B. Plaintiff had Sufficient Time to Consider the Severance Agreement

The second factor examines the time Plaintiff had to consider the agreement before signing it.  Plaintiff had more than sufficient time to review the Severance Agreement, because it is undisputed that he executed it fourteen days after receiving it.  Fourteen days is generally considered sufficient to review a severance agreement. *See Puentes*, 86 F.3d at 199 (citing *Mullen v. New Jersey Steel Corp.*, 733 F. Supp. 1534, 1544-1545 (D.N.J. 1990) (finding employee's signing of release was knowing and voluntary when he had fourteen days to consider the release); *see also Jones*, 2018 WL 748870, at *6–7 (finding execution of release was knowing and voluntary when employee had twenty-one days to review). During this fourteen-day period, Plaintiff actually reviewed the Severance Agreement and even requested changes to its language, to which ReliaQuest assented.  Thus, the second factor is satisfied.

## C. The Severance Agreement is Clear that Plaintiff Releases All Claims Relating to his Employment and All Rights to Damages from ReliaQuest

The third factor examines the clarity of the release.  Because this Court has already determined that the Severance Agreement's terms are clear and unambiguous, *see* Court's Order (Doc. 47), the third factor is satisfied.

## D. Plaintiff had Ample Opportunity to Consult And Retain Counsel

The fourth factor examines the individual's opportunity to consult an attorney. Plaintiff claims that he tried to contact various legal counsel but failed to formally engage an attorney. But even if this is true, which is dubious at best, it is immaterial. The relevant factor is whether Plaintiff had the *opportunity* to consult counsel, not whether he actually did so. *Bacon v. Stiefel Labs., Inc*., No. 09-21871-CV-KING, 2011 WL 4944122, at *5 (S.D. Fla. Oct. 17, 2011) (not considering whether the plaintiffs in fact consulted counsel, but finding they had an adequate opportunity to do so, in determining waiver was knowing and voluntary); *see Jones*, 2018 WL 748870, at *7 (granting summary judgment to the defendants and finding that twenty-one days was sufficient time to consult an attorney before signing a release and citing in support *Mullen*, 733 F. Supp. at 1544-45 (D.N.J.1990), which found that fourteen days was sufficient). Fourteen days elapsed between Plaintiff's receipt of the Severance Agreement and his execution of it, more than enough time to consult counsel. Plaintiff cannot use his own unreasonable, self-serving alleged failure to retain counsel to review the Severance Agreement in this fourteen-day period as a sword and shield in this litigation as he had ample time to engage an attorney. The fourth factor is therefore satisfied.

### E. ReliaQuest Did Not Discourage Plaintiff from Consulting an Attorney

The fifth factor examines whether the employer encouraged or discouraged consultation with an attorney. Plaintiff expressly acknowledged that he "has relied on, or had the opportunity to rely upon advice of counsel of Employee's choosing or has been given an opportunity to review it with counsel and have chosen not to do so." Agreement, Section 7. He even alleged that he "contacted several lawyers" and that he signed the Severance Agreement fourteen days after receiving a copy. Amended Complaint (Doc. 32) ¶¶ 30, 33, and 34. The clear contractual acknowledgment by Plaintiff, coupled with these facts objectively showing ReliaQuest never discouraged or hindered Plaintiff's consultation of counsel is more than sufficient under the applicable law. *See Dawson v. Miami-Dade Cnty.*, No. 07-20126 CIV, 2008 WL 1924266, at *18 (S.D. Fla. Mar. 11, 2008) (ruling that the fifth factor was a neutral "non-issue" when the plaintiff alleged both that "she was not told she could obtain legal counsel" but "d[id] not allege…that she asked to obtain legal counsel and was refused or that she was preemptively forbidden from obtaining legal counsel" and did not "state whether [the] [d]efendant ever took a position on her having legal counsel"). Here ReliaQuest did much more than the defendant in *Dawson* by having Plaintiff expressly acknowledge his opportunity to consult with counsel. The fifth factor is therefore satisfied.

### F. Plaintiff Received Consideration to Which He Was Not Otherwise Entitled in Exchange for the Release

The sixth factor examines the consideration given in exchange for the waiver compared to the benefits to which the employee was already entitled. In consideration for signing the Severance Agreement, Plaintiff received a severance payment of four weeks' salary and an additional month of health benefits coverage from ReliaQuest - benefits to which he acknowledged he was not otherwise entitled. *See* Agreement, Sections 1–2; *see also* Agreement, Section 2 ("Employee acknowledges that Employee is not already entitled to this Severance Payment."). Courts have recognized similar consideration as sufficient to satisfy the sixth factor. *See Bacon*, 2011 WL 4944122, at *6 (finding sixth factor satisfied where at-will employee received severance pay of eight weeks' salary in exchange for release and acknowledged in the release that he was receiving consideration to which he was not otherwise entitled). This severance payment is, in addition to ReliaQuest's other claims for damages, sought as part of the Amended Counterclaims asserted in this matter. The sixth and final factor to establish that the Agreement was entered knowingly and voluntarily is therefore satisfied.

With the satisfaction of the six factors in ReliaQuest's favor, final summary judgment should be granted to ReliaQuest as a matter of law with regard to Counts I-VII of the Amended Complaint consistent with this Court's August 1, 2024, Order.

## II. **Counts VIII-XI Are Precluded by the Clear and Unambiguous Language of the Severance Agreement**

Plaintiff's Counts VIII-XI allege fraud in the inducement (Count VIII) and negligent misrepresentation (Count IX) against ReliaQuest, and seek rescission based on unilateral mistake (Count X) and mutual mistake (Count XI). In light of the Court's ruling that the Severance Agreement is clear and unambiguous, these counts turn on inadmissible parol evidence, and cannot, as a matter of law, satisfy the necessary elements of reasonable reliance and due diligence.

The law does not favor, but instead leans against, the rescission of contracts. An agreement will only be rescinded if it is so vague and indefinite that the Court finds it impossible to gather from it the full intention of the parties.[1] *See Billian v. Mobil Corp.*, 710 So. 2d 984, 991 (Fla. 4th DCA 1998) ("[R]escission is a harsh remedy which a court of equity will not grant unless it 'clearly appears that the claimant is entitled thereto'…") (quoting *Rood Co. v. Bd. Of Pub. Instruction of Dade Cnty.*, 102 So. 2d 139, 142 (Fla. 1958)). When "a contract's terms are clear and unambiguous"—as the Court already found to be the case here— "the language itself is the best evidence of the parties' intent and its plain meaning controls,

---

[1] Notably, Plaintiff did not plead that he was misled into believing that he could pursue a federal court lawsuit for money damages against ReliaQuest. Instead, Plaintiff merely alleges that Noonan informed him that the Severance Agreement did not apply to federal claims such as with the EEOC. Amended Complaint ¶ 31. Thus, ReliaQuest could challenge whether Plaintiff actually relied on the statement claimed to be fraudulent and whether any such a statement amounts to a misrepresentation at all. But for purposes of this Motion it assumes *in arguendo* that all elements of misrepresentation and fraud counts are met except reasonable reliance.

warranting summary judgment." *White v. Fort Myers Beach Fire Control Dist.*, 302 So. 3d 1064, 1071, 1076 (Fla. 2d DCA 2020) (holding that the trial court properly entered summary judgment for the defendant). *See Plantation Key Off. Park, LLLP v. Pass Int'l, Inc.*, 110 So. 3d 505 (Fla. 4th DCA 2013) (explaining that "[d]ue to the strong presumption that a written agreement accurately expresses the parties' intent, the party seeking reformation based on mutual mistake must prove its case by clear and convincing evidence.").

Given the Court's prior order, neither reformation nor rescission is available to Plaintiff. Despite the existence of allegations of fraud, misrepresentation, mutual and unilateral mistake (and accepting those allegations as true *in arguendo*), there can be no doubt as to the intent of the Parties with respect to the Severance Agreement because the Court already found that the terms are clear and unambiguous.

### A. Counts VIII-XI Rely on Inadmissible Parol Evidence

Each of the four state law counts each improperly rely on inadmissible parol evidence: that is, alleged extra contractual statements or understandings. *See* Amended Complaint (Doc. 32) ¶¶ 85, 94, 103, 117 (alleging that an oral representation made by Senior VP of Development and Engagement Scott Noonan to Plaintiff "that '*this does not apply to any federal claims such as with the EEOC or other federal labor rights*' in response to Plaintiff questioning his right to file

discrimination claims against ReliaQuest after signing the Severance Agreement");

*see Duval Motors Co. v. Rogers*, 73 So. 3d 261, 265 (Fla. 1st DCA 2011) (stating the "general rule, [that] evidence outside the contract language, which is known as parol evidence, may be considered only when the contract language contains a latent ambiguity").

Parol evidence is irrelevant and such improper evidence is barred from consideration as a matter of law when the terms of the agreement are found to be clear and unambiguous. *Julian Depot Miami, LLC v. Home Depot U.S.A., Inc.*, 824 F. App'x 609, 611-12 (11th Cir. 2020) (stating that "[i]n interpreting a contract under Florida law, we give effect to the plain language of contracts when that language is clear and unambiguous" and "consider parol evidence *only if* an ambiguity exists in the contract.") (emphasis added); *Corp. Creations Int'l, Inc. v. Marriott Int'l, Inc.*, 276 So. 3d 36 (Fla. 4th DCA 2019) (affirming order granting summary judgment and finding that the lower court correctly "found the contract to be unambiguous and did not consider the parol evidence submitted by [the plaintiff]."); *see also Lady of Am. Franchise Corp. v. Malone*, No. 05-61304-CIV, 2006 U.S. Dist. LEXIS 96577, at *12 (S.D. Fla. Feb. 10, 2006) (dismissing a fraud counterclaim based on oral representations because Florida law limits the admissibility of parol evidence to prove that "a contract was procured by fraud or misrepresentation," to "situations in which the statements were not adequately or expressly addressed by the subsequent

contract."). In short, fraud, mistake, and the like may be alleged to show the contract does not embody what was agreed to, ***but not if the allegations of fraud or mistake contradict the writing***.

The Court has already concluded that the release provision at issue is "clear and unambiguous" and it "may not consider extrinsic or 'parol' evidence to change the plain meaning set forth in the contract." *See* Court's Order (Doc. 47) at 9 (internal quotation marks omitted). Counts VIII-XI improperly seek to alter, rescind, or otherwise avoid the Severance Agreement based exclusively on inadmissible parol evidence. Just as the Court correctly declined to consider extrinsic or parol evidence to modify the plain meaning of the Severance Agreement, it may not consider this same inadmissible extrinsic evidence to rescind the Severance Agreement or otherwise allow Plaintiff to side-step it through the assertion of the state law counts.

### B. Plaintiff Cannot Show Reasonable Reliance and Due Diligence

Additionally, the state law counts fail because the elements of justifiable reliance and reasonable mistake or due diligence cannot be met as a matter of law when the agreement is clear and unambiguous. It is elemental that equity and the remedy of rescission aids only the vigilant and will not grant relief to a litigant who has failed to exercise diligence. *See Addison v. Carballosa*, 48 So. 3d 951, 955 (Fla. 3d DCA 2010) (affirming grant of summary judgment to the defendants on fraud

and misrepresentation counts because "misrepresentation[s] [are] not actionable where [the] truth might have been discovered by the exercise of ordinary diligence."). Even it was true that a representative of ReliaQuest made the alleged oral representations, which will be disputed if necessary, there can be no justifiable reliance on any such alleged statements as a matter of law given that the writing is clear and unambiguous. Plaintiff expressly acknowledged that he had relied or had the opportunity to rely on counsel, and he declared and acknowledged that no representation had influenced him. Agreement, Section 7. He even alleged that he "contacted several lawyers" and that he signed the Severance Agreement fourteen days after receiving a copy (*i.e.*, two weeks after his alleged discussion with Noonan). Amended Complaint (Doc. 32) ¶¶ 30 and 33. *Id.* Looking at these pled facts most favorably to Plaintiff, this is at best a quintessential example of an agreement entered into improvidently, which precludes rescission notwithstanding allegations of fraud, misrepresentation, mutual or unilateral mistake. *See Leff v. Ecker*, 972 So.2d 965, 966 (Fla. 3d DCA 2007) (reversing order denying renewed motion to enforce the parties' settlement agreement and remanding for entry of an order enforcing the agreement because the plaintiff bore the risk of a mistake when he decided to sign a settlement agreement knowing he had limited knowledge of the subject matter).

1. <u>The Fraud and Misrepresentation Counts Fail as a Matter of Law Given the Severance Agreement's Clarity</u>

Both fraud in the inducement and negligent misrepresentation require justifiable reliance as a necessary element. *See Zarrella v. Pac. Life Ins.*, 755 F. Supp. 2d 1218, 1224 (S.D. Fla. 2010) (stating that for fraud in the inducement, the elements include "(1) misrepresentation of material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with intent that the representation would induce another to rely and act on it; and (4) injury *suffered in justifiable reliance on the representation*" and dismissing the plaintiff's fraud claims for failure to adequately allege reliance) (emphasis added); *Hercules Cap., Inc. v. Gittleman*, No. 16-CV-81663, 2018 WL 395489, at *21 (S.D. Fla. Jan. 12, 2018) (stating that negligent misrepresentation requires a false material misrepresentation believed to be true, which the defendant should have known was false, intended to induce reliance, and resulting in injury due to "*justifiable reliance*" and rendering judgment for the defendants as to all counts at a bench trial) (emphasis added).

But it is well settled in Florida law that a party cannot reasonably rely on alleged contradictory extra-contractual representations when the contract's terms are clear and unambiguous. *Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619, 622-23 (11th Cir. 2019) (dismissing the plaintiff's fraudulent and negligent representation claims because the plaintiff's reliance on contradictory verbal statements from management was unreasonable as a matter of law when viewed in

the context of a written agreement which "squarely contradicted [plaintiff's] assertions."). Summary judgment is therefore appropriate because "reliance on representations by a contracting party in a suit based on the contract is unreasonable where the representations are not contained in the subsequent written agreement between the parties." *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1428 (S.D. Fla. 1996) (affirming magistrate's recommendation to grant summary judgment). Here, the alleged extra-contractual representation is not contained in the Severance Agreement. Thus, it is legally irrelevant, cannot have been reasonably relied on by Plaintiff or accepted with due diligence, and cannot be a basis for avoiding or rescinding the contract as claimed.

Summary judgment is especially appropriate "when an oral misrepresentation is adequately covered or contradicted by the terms of a subsequently written contract." *MSC Trading, S.A. v. Delgado*, No. 22-20075-CV, 2024 WL 3103942, at *4 (S.D. Fla. May 20, 2024) (granting summary judgment on plaintiff's breach of contract claim because "[d]efendants could not have possibly relied on [the allegedly fraudulent misrepresentations], as a matter of law, given the express provisions of the Agreement that fully negates any such reliance."); *see also Barnes,* 932 F. Supp. at 1427 (affirming summary judgment for a franchiser because the franchisee's reliance on a letter promising no additional franchises was unreasonable as the letter "flatly contradicted the terms of…the Franchise Agreement."). Thus, when a

plaintiff pleads extra-contractual statements that conflict with clear and unambiguous terms of the agreement, fraud and misrepresentation claims fail as a matter of law. *M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91, 93 (Fla. 2002) (stating that when the "pleadings of the parties make it evident that reliance on the part of [the plaintiff] was not justified as a matter of law... "it [is] entirely proper for a trial court to rule against the plaintiff as a matter of law.").

Here, Plaintiff points to alleged extra-contractual statements that he asserts contradict the language in the Severance Agreement, language this Court has already found (a) to be clear and unambiguous; and (b) precludes him from bringing Courts I through VII. The Severance Agreement's clarity negates Plaintiff's claims for fraud in the inducement, negligent misrepresentation, and rescission claims because Plaintiff could not have reasonably or justifiably relied on alleged oral representations that are not contained within, but directly conflict with the clear and unambiguous terms of, a written agreement that he later reviewed, negotiated, and executed. Furthermore, Plaintiff's express acknowledgment that he had consulted with or had the opportunity to consult with counsel, and the Severance Agreement's explicit warning against relying on ReliaQuest's representations, and disclaimer of any such reliance, combined with his request to make certain word changes to the Agreement, render Plaintiff's alleged reliance on Noonan's statements

unreasonable. Therefore, summary judgment should be granted in ReliaQuest's favor as to Counts VIII and IX.

2. Mutual and Unilateral Mistake Fail as Matter of Law Given the Severance Agreement's Clarity

The clarity of the Severance Agreement also precludes claims of mutual and unilateral mistake. Florida law holds that rescission based on alleged unilateral and mutual mistake cannot be maintained when the mistake was unreasonable. *Leff*, 972 So.2d at 966 (reversing an order denying the defendant's renewed motion to enforce a settlement agreement because the plaintiff alleging mutual mistake failed to "show he did not bear the risk of a mistake" by knowing he had "limited knowledge with respect to the facts to which the mistake relate[d] but treat[ed] his limited knowledge as sufficient at the time the contract was made); *Berman v. Kafka*, 518 F. App'x 783, 786 (11th Cir. 2013) (holding that the requirements of unilateral mistake had not been met because the "lack of due care" and "due diligence" "did not result in an excusable mistake" and affirming the district court's order to enforce the parties' settlement agreement). Under Florida law, a plaintiff bears the risk of mistake when an agreement's terms are clear and unambiguous. *See First Baptist Ferry Pass Inc. v. W. World Ins. Co.*, 681 F. Supp. 3d 1257, 1266, 1269 (N.D. Fla. 2023) (holding that "unilateral mistake doctrine d[id] not provide a basis for setting aside the [parties'] settlement agreement" where the agreement contained "clear terms" and

the defendant, and its counsel failed to address their alleged confusion before signing the agreement).

In short, rescission is not available for "agreements entered into improvidently," and an agreement is entered into improvidently if a plaintiff makes an alleged mistake of interpretation that conflicts with the agreement's clear and unambiguous written terms. *See Leff*, 972 So.2d at 966; *see also First Baptist Ferry Pass Inc.*, 681 F. Supp. 3d at 1266 (explaining that "it is well settled that a court cannot rewrite the terms of a…contract in an attempt to make otherwise valid contract terms more reasonable for a party or to fix an apparent improvident bargain."). Here, the scope of the release and the consideration are standard and reasonable on their face, but even if Plaintiff had asserted they were inequitable terms (and he did not), his lack of due care would preclude the remedy he seeks.

Given the Court's ruling that the Severance Agreement's terms are clear and unambiguous, there can be no genuine, material dispute that Plaintiff bore the risk of a mistake and did not exercise the requisite due diligence and due care required by the law to pursue a claim for rescission based on unilateral or mutual mistake. As a result, Plaintiff's claims of an alleged mutual or unilateral mistake fail as a matter of law, and summary judgment should be granted in ReliaQuest's favor as to Counts X and XI.

## CONCLUSION

WHEREFORE, Defendant, ReliaQuest, LLC, respectfully requests this Court respectfully to enter summary judgment in its favor on all Counts of the Amended Complaint and award such other relief as it deems just and proper. Specifically, summary judgment should be granted to ReliaQuest on Counts I-VII of the Amended Complaint because the record evidence establishes that the Severance Agreement was entered into knowingly and voluntarily. Summary judgment should also be granted to ReliaQuest with regard to Counts VIII to XI because parol evidence is inadmissible and cannot stand as Plaintiff's sole basis to avoid the terms of the clear and unambiguous Severance Agreement and also that arise from Plaintiff's lack of diligence and lack of due care.

Respectfully submitted,

*/s/ Dean A. Kent*
Dean A. Kent
Florida Bar No. 307040
Email: dak@trenam.com/ ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd.
Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553

Steven J. Pacini (*pro hac vice*)
**Latham & Watkins LLP**

200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
Email: steven.pacini@lw.com

*Attorneys for ReliaQuest, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the forgoing Defendant, ReliaQuest, LLC's Motion for Summary Judgment on the Amended Complaint (Doc. 32) has been furnished to all counsel of record via CM/ECF on October 16, 2024.

<u>*/s/ Dean A. Kent*</u>
Attorney