**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| AARON ALLEN | ) | |
| | ) | |
| Plaintiff | ) | Case No. 8:23-cv-00806 |
| | ) | |
| vs. | ) | |
| | ) | |
| RELIAQUEST, LLC, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT ON THE AMENDED COMPLAINT (ECF 59)**

NOW COMES, AARON ALLEN ("Plaintiff") who by and through the undersigned counsel files this Response to the Defendant's Motion to for Summary Judgment on the Amended Complaint (the "Motion") (ECF No. 59) as follows:

1. The Defendant's Motion lumps the Plaintiffs eleven claims into two categories and raises argument for each category.

2. The Motion lumps counts I through VII together as "employment related claims" and alleges the Severance Agreement (the "Agreement") bars the claims.

3. The Motion lumps counts VIII through XI together and argues that the Amended Complaint fails because of the parol evidence rule and because they fail to allege justifiable reliance.

4. The Motion further fails to take into consideration that the Defendant has not clearly established that the settlement agreement was entered into knowingly and voluntarily.

5. The Motion further fails to consider that the fraud in the inducement alleged is not directly controverted by the settlement agreement.

6. Moreover, Defendant's Motion fails to take into consideration that discovery is still pending in this matter.

**RESPONSE TO STATEMENTT OF MATERIAL UNDISPUTED FACTS**

1. Admitted in part and denied in part. Plaintiff admits that he was employed as a Detection Architect from November 1, 2021, to March 21, 2022 but denies that the stated time period equates to five Months. Plaintiff Denies Defendant's summary of Amended Complaint (Doc. 32) ¶ 25(c) stated as it clearly states that ALLEN has approximately five years of management not exactly five years of management experience and makes no reference to his degrees or level of education. See Amended Complaint (Doc. 32).

2. Admitted in part and denied in part. Plaintiff admits that the Defendant presented him with a severance agreement on March 21, 2022 but denies the remainder of the alleged undisputed facts as they are not found in any pleading, paper or other document filed of record.

3. Admit.

4. Admit.

5. Plaintiff admits that he contacted several lawyers and was unable to schedule a consultation or have a lawyer review the Severance Agreement. Amended Complaint (Doc. 32) ¶ 33. Plaintiff denies he signed Severance Agreement 14 days after it was presented to him because there is a dispute as to when the final version of the agreement was presented to him for review as this alleged undisputed fact is not found in any pleading, paper or other document filed of record.

6. Plaintiff admits that he received 4 weeks compensation. Plaintiff admits that in the severance agreement it states "Employee acknowledges that Employee is not already entitled to this Severance Payment.".

## MEMORANDUM OF LAW

### I.  Standard of Review

Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. The Court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, (1986).

### II.  Defendant has not met its burden.

Defendant bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). In the present case, the Defendant failed to demonstrate there is no genuine dispute of material facts.

#### A.  Plaintiff did not knowingly and voluntarily waive his EEOC discrimination claims.

There are no undisputed facts which demonstrate that the Plaintiff knowingly and voluntarily entered into the severance agreement. Employees can waive employment claims when their waiver is "voluntary and knowing based on the totality of the circumstances." *Myricks v. Fed. Reserve Bank of Atlant*a, 480 F.3d 1036, 1040 (11th Cir.2007). The waiver claims must be knowing and voluntary. *Freeman v. Motor Convoy, Inc*., 700 F.2d 1339, 1352-53 (11th Cir. 1983).

The Court considers the (i) the education and business experience of the employee; (ii) the time the employee spent considering the agreement before signing it; (iii) the clarity of the language in the agreement; (iv) the employee's opportunity to consult with an attorney; (v) whether

the employer encouraged or discouraged consultation with an attorney; and (vi) the consideration given in exchange for the release compared to the benefits the employee was already entitled to receive. *Id*.

In regards to the second factor, there are no facts which support a determination of the time that Plaintiff spent considering the agreement before signing it. To the contrary, the Plaintiff has alleged that he received a severance agreement on March 21, 2022 and requested that Defendant "*remove the word covenant as it goes against his religious belief.*" Am.Comp. ¶28. There is no factual averments as to when the above change was made and presented to the Plaintiff for review. Defendant argues that 14 days is sufficient time even though Defendant provided no authority which takes this position. To the contrary, this Court has held that 21 days not 14 days is sufficient time to review an agreement. See *Jones v. A&T Umbrella Benefit Plan No. 1*, 2018 WL 748870, (M.D. Fla. 2018).

In regards to the fourth factor, there is no undisputed fact which establishes that Mr. Allen had the opportunity to hire legal counsel. This Court has held that 21 days is sufficient time not 14 days. See *Jones v. A&T Umbrella Benefit Plan No. 1*, 2018 WL 748870, (M.D. Fla. 2018). The Motion makes a conclusory statement that 14 days is "*more than enough time to consult counsel.*" (Motion at p. 12) but said statement is not supported by any case law that this Court must follow.

In regards to the fifth factor, there is a disputed fact which establishes that Mr. Allen was discouraged from retaining legal counsel. Mr. Allen alleges that Scott Noonan told him "that he could sue after he signed and executed the Severance Agreement. Amended Complaint (Doc. 32) ¶ 34. The representation from the Senior Vice President of Development and Engagement, Scott Noonan regarding a material matter to the Plaintiff should be construed as their efforts to discourage Plaintiff from retaining counsel.

Taking the facts most favorable to the Plaintiff, the totality of the circumstances suggest that Mr. Allen did not execute the Agreement knowingly and voluntarily therefore the agreement can be avoided by Mr. Allen and the Motion should be denied.

**B. The Parol Evidence Rule does not establish summary judgment in favor of Counts VIII-XI**

Fraud in the inducement is a legal concept where a party is misled into entering a contract by false statements or representations. In Florida, the parol evidence rule generally prohibits the use of extrinsic evidence to alter or contradict the terms of a written agreement. However, there are exceptions to this rule, particularly in cases involving allegations of fraud in the inducement. Courts have held that parol evidence is admissible to prove that a contract was procured by fraud, even if the contract contains a merger or integration clause. *Levitan v. Dancaescu*, 347 So. 3d 485, (1d DCA 2022); See also *Tinker v. De Maria Porsche Audi, Inc*., 459 So. 2d 487 (3d. DCA 1984)(parol evidence rule did not bar evidence showing that a contract was procured through fraud, and a written disclaimer was ineffective to negate liability for fraud in the inducement).

**III. Discovery is not yet complete.**

To the extent the Court is satisfied that the Defendant has met its burden, discovery is not yet complete. Simultaneously with the filing of its Motion, on October 16, 2024, Defendant also filed a Motion for Thirty (30) day Enlargement of Discovery Deadline in Case Management and Scheduling Order (Doc. 41) (ECF. 58). This Court issued an endorsed order on October 18, 2024 granting the motion and extending the discovery deadline to December 16, 2024. See ECF. 60.

Outstanding discovery can significantly impact the court's decision on a motion for summary judgment. Under Rule 56(d) of the Federal Rules of Civil Procedure, if a non-moving party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential

to justify its opposition, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. *Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, (11th Cir. 2011). See attached Declaration of Plaintiff.

Moreover, summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. *Southard v. State Farm Fire & Cas. Co*., 2012 U.S. Dist. LEXIS 3539 (S.D. Ga. 2012). See also *Doherty v. Infuserve Am., Inc.*, 2021 U.S. Dist. LEXIS 14830, (M.D. Fla. 2021)("Infuserve's alternative motion for summary judgment is denied as premature because Doherty is entitled to conduct discovery on his claims. See *Reflectone Inc. v. Farrand Optical Co. Inc*., 862 F.2d 841, 843 (11th Cir. 1989) ("As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.")"

Since discovery has not been completed, Defendants motion is premature and should be denied.

## CONCLUSION

For the reasons set forth above, the Plaintiffs request that the Defendant's Motion be denied.

DATED this 6th day of November, 2024.          Respectfully submitted,

/s/ Ian Tygar

Ian Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 1031848
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:      (561) 455-0280
Facsimile:      (561) 455-0281
Email:          ntygar@me.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 6th   day of November, 2024, the foregoing document electronically filed and served upon all counsel of record via notice delivered by this Court's ECF System.

/s/ *Ian Tygar*

Ian Tygar, Esq.