# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

                           CASE NO.: 8:23-cv-00806-KKM-MEP

v.

RELIAQUEST, LLC,

    Defendants.

_____/

## TIME-SENSITIVE MOTION TO QUASH SUBPOENA

Wenzel Fenton Cabassa, P.A. respectfully requests that the Court quash the subpoena issued by Defendant ReliaQuest, LLC, attached as Exhibit A, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) to protect from disclosure confidential information received from Plaintiff Aaron Allen as a prospective client. Because the subpoena requires compliance by December 13, 2024, at 9:00 a.m., the undersigned requests a ruling from the Court before that date.

## BACKGROUND

The subpoena requests information that is confidential and is protected from disclosure under Florida Rule of Professional Conduct 4-1.18 governing duties to a prospective client. The rule states in subsection (b) titled "Confidentiality of Information" that "[e]ven when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client may not

1

use or reveal that information, except as rule 4-1.9 would permit with respect to information of a former client."

In March of 2022, Allen contacted the law firm regarding potential representation, and during that process he completed a questionnaire. Disclosure of this questionnaire would violate the firm's obligation to keep this information confidential. The comment to Rule 4-1.18 makes this requirement clear:

> It is often necessary for a prospective client to reveal information to the lawyer during an initial consultation prior to the decision about formation of a client-lawyer relationship. The lawyer often must learn this information to determine whether there is a conflict of interest with an existing client and whether the matter is one that the lawyer is willing to undertake. Subdivision (b) prohibits the lawyer from using or revealing that information, except as permitted by rule 4-1.9, even if the client or lawyer decides not to proceed with the representation. The duty exists regardless of how brief the initial conference may be.

## Local Rule 3.01(g) Certification

On December 3, 2024, before filing this motion, undersigned counsel reached out to Defendant's lead counsel, Dean Kent, and left him a substantive message identifying the case and the specific problem to be addressed. Mr. Kent was unavailable. In accordance with Local Rule 3.01(g)(3), the undersigned will supplement this motion after contact.

WHEREFORE, the undersigned requests that the Court quash the attached subpoena and grant any other relief the Court deems just and proper.

Dated this 4th day of December 2024.

        Respectfully submitted,

        */s/ Steven G. Wenzel*
        **STEVEN G. WENZEL**
        Florida Bar No. 159055
        Wenzel Fenton Cabassa P.A.
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Direct No.: 813-223-6545
        Facsimile No.: 813-229-8712
        Email: swenzel@wfclaw.com
        Email: rcooke@wfclaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4th day of December 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will furnish a copy to counsel of record.

        *s/ Steven G. Wenzel*
        **STEVEN G. WENZEL**