# EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| AARON ALLEN<br>*Plaintiff*<br>v.<br>RELIAQUEST, LLC<br>*Defendant* | )<br>)<br>)  Civil Action No. 23-cv-00806-KKM-MEP<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wenzel Fenton Cabassa, P.A. c/o Steven G. Wenzel, Registered Agent, 1110 N. Florida Ave., #300, Tampa, FL 33602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Trenam Law<br>101 E. Kennedy Blvd., Suite 2700<br>Tampa, FL 33602 | Date and Time:<br>12/13/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/26/2024

*CLERK OF COURT*                                OR    [signature]

_____                         _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ReliaQuest, LLC
_____, who issues or requests this subpoena, are:
Dean A. Kent, Esq., Trenam Law, 101 E. Kennedy Blvd., Suite 2700, Tampa, FL 33602  813-227-7423

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

11-26-24  9:55 AM
[signature] CPS0667190l

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## I. DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to the Subpoena:

1. As employed herein, the term "communication" is used in the broadest sense and includes, without limitation, any oral, or written utterance, notation or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, or a document made for the purpose of recording a communication, idea, statement, opinion, or belief.

2. As employed herein, the term "document" shall include any tangible thing upon which information is or has been stored, recorded, or communicated in whatever medium information can be obtained, including without limitation originals, copies or drafts of records, letters, notes, summaries, communications, correspondence, contracts or agreements, memoranda, diaries, calendars, telephone logs, messages (*e.g.*, text messages, SMS/MMS messages), drawings, graphs, charts, presentations, tapes, audio recordings, electronically stored information, electronic mail (*i.e.*, email), photographs or pictures, any data, data compilations or other graphic symbol, and recorded or written materials of any

kind whatsoever. The definition also covers and includes those items which did exist but have since been destroyed or lost. Non- identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of this term. All documents stored or maintained in electronic form must be produced in the same electronic form in which they are stored or maintained in the regular course of business.

3. As employed herein, the term "persons" shall refer to and shall include, without limitation and in the singular as well as in the plural, natural persons, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically indicates otherwise.

4. As employed herein, the phrase "possession, custody, or control" means and includes any document in your physical custody, possession or control; or that you own in whole or in part; or that you have a right by contract, statute or otherwise to use, access, inspect, examine or copy on any terms; or that you have, as a practical matter, the ability to use, access, inspect, examine or copy on any terms.

5. As employed herein, the term "all" shall be deemed to include and encompass the words "each," "every" and "any."

6. All terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.  As employed herein, the terms "and" or "or" have both conjunctive and disjunctive meanings.

## II. **INSTRUCTIONS**

1.  This subpoena shall be deemed to be a request for all documents, whether prepared by you or by any other party or any other person, which are in your physical custody, possession, or control; or that you own in whole or in part; or that you have a right by contract, statute, or otherwise to use, access, inspect, examine, or copy on any terms; or that you have, as a practical matter, the ability to use, access, inspect, examine, or copy on any terms. This includes documents in the possession, custody, or control of your agents, employees, representative, and attorneys.

2.  Documents produced in response to this subpoena are to be either produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in this subpoena, including, but not limited to, all associated file labels, file headings, and file folders together with the responsive documents from each file, and the owner or custodian of each produced item should be identified. To the extent that the documents are in any computerized, electronic, or digital format or any other medium of communication or storage, the documents shall be downloaded to a hard-drive or DVD without further processing by you, containing all significant material

contained in the electronic records including, without limitation, the creation date for the file and the date it was last modified.

3. Electronically stored information ("ESI") should be produced in its native format, except that ESI may be produced in a reasonably usable form, *i.e.*, single page TIFFs that are searchable by electronic means. In addition, ESI should be produced in a logically unitized format. Logical unitization of documents requires the producing party to ensure, among other things, that a particular document captures all of its respective pages and that document relationships, such as a "parent" document (*e.g.*, a fax cover sheet) and "children" attachments (*e.g.*, a faxed letter and attachment to the letter), are preserved.

4. With respect to any documents you produce, each original is to be produced, and each copy is to be produced, if it in any way varies from the original by addition or subtraction of marginalia, notations, text or any other information. Each document shall be produced without alteration, abbreviation, or expurgation. In addition, each and every draft of any responsive document is to be produced.

5. Should any of the requests seem unclear or vague, please contact counsel for necessary clarification.

6. Each document requested herein is requested to be produced in its entirety (including any and all attachments) without deletion or excision and regardless of whether you consider the entire document to be relevant or

responsive to these requests. If any document cannot be produced in full, then you should produce it to the extent possible.

### III. **DOCUMENTS TO BE PRODUCED**

Please provide true and complete copies of the following documents and/or items regarding the plaintiff in this action, Aaron Allen ("Allen"):

1. All documents reflecting any communications between you and Aaron Allen related to (a) Allen's retaining or attempting to consult with or retain you to conduct any review and or analysis of a proposed separation and release agreement between Allen and ReliaQuest, LLC, (b) any information, advice or analysis provided to Allen regarding any proposed separation and release agreement or such agreement in general, (c) any engagement letters executed by Allen, (d) any alleged claims Allen believed that he had or otherwise wished to assert against ReliaQuest, LLC, (e) any invoices for services rendered to Allen, and (f) any communications or correspondence regarding the lack of establishment of any attorney client relationship with Allen.