# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.                                Case No.: 23-cv-00806-KKM-MEP

RELIAQUEST, LLC.

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR TWENTY-TWO (22) DAY ENLARGEMENT OF DISCOVERY DEADLINE IN CASE MANAGEMENT AND SCHEDULING ORDER (DOC 41)**

Plaintiff Aaron Allen, pursuant Fed. R. Civ. P. 6 and Local Rules 3.01, moves to extend the discovery deadline set forth in the Order (Doc. 60) and for twenty-two (22) days up to and including January 7, 2024. In support of this Motion, Allen states as follows:

1. On April 12, 2024, the Court entered a Case Management and Scheduling Order (the "CMSO"), (Doc. 41).

2. On October 18, 2024, the Court entered in an order extending the discovery deadline to December 16, 2024. (Doc. 60).

3. Currently, the CMSO provides for the discovery deadline to be December 16, 2024.

4. Despite the Plaintiff best efforts to work expeditiously to complete discovery within the deadlines set forth in the CMSO, an enlargement of the discovery deadline is necessary for Plaintiff in this matter to take critical deposition testimony.

5. Scheduling depositions had been impractical until now, as the Defendant only produced the requested discovery materials on December 4, 2024. This is contrary to their indication in their response to Plaintiff's Request for Production dated November 12, 2024. Despite multiple follow-up requests from the Plaintiff on November 13, 2024, November 18, 2024, and December 4, 2024, the materials were not provided until December 4, 2024. Please see attached Exhibit "A," the relevant email correspondence. Furthermore, Plaintiff can now only begin drafting their motion to compel production of documents in response to Defendant's more than 30 boilerplate objections. As until December 4, 2024, Defendant had not provided any documents for Plaintiff's review, thereby delaying Plaintiff's ability to address these objections.

6. Extending the deadlines is the only practical solution that allows the Plaintiff to obtain deposition testimony from two witnesses, as the Defendant failed to provide the requested discovery until two days after the 14-day deadline specified by the local rule for scheduling depositions and declined to consent to said depositions being taken because of the rule.

7. Whether intentional or not, the Defendant's repeated failure to provide the requested discovery—despite three separate requests following their initial responses—has significantly hindered the Plaintiff's ability to analyze the information and identify potential deponents. While the Plaintiff has made efforts to schedule depositions without seeking an extension of the discovery deadlines from the Court, these efforts have been obstructed by the Defendant's refusal to cooperate.

8. Given all of the foregoing, the discovery deadline set forth in the CMSO of December 16, 2024, if not enlarged by the Court, would severely prejudice the Plaintiff and impose Plaintiff on the parties and their counsel in the development of the facts for trial, as well as their ability to compel discovery if full and appropriate responses are not provided.

9. There is also no real prejudice to the Court granting the extension as the trial term is set for July 2025 approximately six months from now.

10. Accordingly, ALLEN requests that the discovery deadline be enlarged for twenty-two (22) days from December 16, 2024, up to and including January 7, 2025.

WHEREFORE, ALLEN requests that the Court extend the discovery deadline set forth in the CMSO to January 7, 2025, or as the Court otherwise deems appropriate and just.

## MEMORANDUM OF LAW

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that the Court may grant an enlargement of time before the expiration of the relevant deadline for "good cause." The circumstances explained above constitute good cause as contemplated by the rule to enlarge the discovery deadline by twenty-two (22) days.

To refuse to extend the deadlines would act as a hardship on counsel of record and their respective clients and would prejudice their ability to prepare the case for mediation and trial. As a result, Allen respectfully submits that the Court should extend applicable discovery deadline to January 7, 2025. This extension is not being sought for purposes of delay and the granting the request for extension will not prejudice any party.

## LOCAL RULE 3.01(g) CERTIFICATION

As discussed above, the undersigned counsel for ALLEN certifies, pursuant to Local Rule 3.01(g), that counsel emailed counsel to confer on December 5, 2024 at 2:24PM, emailed and called counsel on December 5, 2024 at 3:49PM, emailed counsel on December 5, 2024 at December 5, 2024 at 7:49PM, and on December 6, 2024 Defense counsel objected to a motion for enlargement of extension of time via telephone conference.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Defendant's Motion for Twenty-Two (22) Day Enlargement of Discovery Deadline in Case Management and Scheduling Order (Doc. 41) has been furnished to all counsel of record via CM/ECF on December 7, 2024.

                                        Neil Bryan Tygar, P.A.
                                        Attorneys for Plaintiff
                                        By: /s/ Ian Tygar
                                        Ian Tygar
                                        Executive Square Plaza
                                        5341 West Atlantic Avenue, Suite 303
                                        Delray Beach, FL 33484
                                        561-455-0280 Phone
                                        561-305-5214 Cellular Phone
                                        561-455-0281 Fax
                                        Florida Bar No. 1031848
                                        **Primary E-Mail itygar@icloud.com**
                                        **Secondary E-Mail neiltygarlaw@gmail.com**