UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff/Counter Defendant,

                              Case No.: 23-cv-00806-KKM-MEP

v.

RELIAQUEST, LLC,

    Defendant/ Counterclaimant.

_____

**RELIAQUEST, LLC'S RESPONSE IN OPPOSITION TO IAN TYGAR AND NEIL BRYAN TYGAR, P.A.'S SECOND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF (Doc. 64)**

Defendant, ReliaQuest, LLC, ("ReliaQuest"), respectfully files this response in opposition to Ian Tygar's and Neil Bryan Tygar, P.A.'s second Motion To Withdraw as counsel for Plaintiff, Aaron Allen (Doc. 64) (the "Renewed Motion"). ReliaQuest opposes the Renewed Motion based on (a) the impending deadlines set forth in the CMSO and subsequent Court Order, (Doc. 60); (b) the fact that Allen's Motion To Dismiss (Doc. 50), Allen's Motion to Strike (Doc. 51), and ReliaQuest's Motion For Summary Judgment (Doc. 59) have been fully briefed and are ripe for determination; and (c) the unresolved issue of Rule 11 sanctions against Plaintiff and Plaintiff's counsel.

1

A. **Granting The Renewed Motion At This Time Would Lead To Unnecessary Delay Without An Appropriate Or Supportable Basis.**

Under applicable law, a motion to withdraw is within the sole discretion of the court. However, Local Rule 2.03(c) suggests that leave to withdraw should be denied in cases where "such withdraw would cause continuance or delay." *Roth v. ABCW, LLC*, 2015 WL 13804724, at *1 (M.D. Fla. July 10, 2015). Given the established case deadlines and the pending motions, allowing Plaintiff's counsel to withdraw will lead to continuance or delay in resolution of the dispute.

As set forth in the CMSO and subsequent Court Order (Doc. 60), the Court has established a discovery deadline of December 16, 2024, a dispositive and *Daubert* motion deadline of December 27, 2024, a Joint Pretrial Statement deadline of June 5, 2025, and a trial term of July 2025 (the "Scheduling Deadlines").

Pending before the Court are Allen's Motion To Dismiss Counts I, II, and III of the Amended Counterclaims (Doc. 50) and Motion to Strike Attorneys' Fees Requests in Counts I, II, and II of the Amended Counterclaims (Doc. 51), both of which have been briefed. Also pending and fully briefed is ReliaQuest's Motion for Summary Judgment directed to all counts of Allen's Amended Complaint (Doc. 59). The resolution of these motions will materially affect the future of the litigation, including the nature and scope of the parties' and the Court's investment of resources before and after the Scheduling Deadlines.

Under the circumstances, allowing Plaintiff's counsel to withdraw would likely delay a decision on the merits and further waste judicial resources and require further expenditure of time and legal fees by ReliaQuest resulting from such delay. *See Obermaier v. Driscoll*, 2:00-cv-214, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000) (courts consider "the effect of withdrawal on the efficient administration of justice"). Allowing Plaintiff's counsel to withdraw at this point will either leave Plaintiff unrepresented or result in newly retained counsel seeking to modify the Scheduling Deadlines and/or delay trial. *See Rodriguez v. Goff*, No. 3:20CV5946-MCR-HTC, 2022 WL 1222671, at *3 (N.D. Fla. Feb. 2, 2022) (denying leave to withdraw when client does not have alternate counsel).

    **B.**    **Plaintiff's Counsel Cannot Withdraw This Late In The Litigation To Delay Resolution Of The Dispute Or As A Means Of Avoiding Rule 11 Sanctions.**

Plaintiff's counsel previously attempted to withdraw from the matter by filing a Motion To Withdraw on July 7, 2023 ("Original Motion") (Doc. 26). In its response to this motion, ReliaQuest described how the requested withdrawal would cause delay and was an attempt to avoid Rule 11 issues. The Court denied the Original Motion without prejudice, based in part on the pendency of various motions. (Docs. 27, 28). The same issues that resulted in the denial of the Original Motion exist with respect to the Renewed Motion.

3

When the Original Motion was filed, ReliaQuest had already submitted a Rule 11 motion against Attorney Tygar, Neil Tygar (his father and acting lead counsel), and the Tygar law firm for filing and sustaining a frivolous action against ReliaQuest that is barred by a Severance and Release Agreement. (Doc. 24). The Rule 11 motion was denied as being premature, without making any ruling on the merits of the motion. ReliaQuest intends to file a renewed Motion for Sanctions based on conduct before and after the first motion to withdraw, including the continued pursuit of Plaintiff's ill-advised claims in the face of the clear and unambiguous terms of the Severance and Release Agreement. (Docs. 31, 47). That is, Rule 11 issues related to the conduct of Plaintiff's current counsel were first raised early in the litigation, but were not resolved, and Plaintiff's counsel continued the same conduct thereafter, which means these issues remain and require full and final resolution and evaluation by this Court.

Plaintiff's counsel has been put on actual notice of the lack of legal and factual support for Plaintiff's claims (including but not limited to this Court's holding that the Severance and Release Agreement's terms are clear and unambiguous) and provided more than twenty-one (21) days to change course or withdraw the claims in the Amended Complaint. Rather than take corrective action, Plaintiff "doubled down" his continued pursuit of his frivolous claims. (Docs. 32, 47).

The day after the initial pleading in this action was filed on April 13, 2023, counsel for ReliaQuest informed attorney Tygar that it would file a Rule 11 motion, via a telephone conference between attorney Tygar and Mr. Pacini. A few days later, counsel for ReliaQuest sent Plaintiff's counsel a four-page letter pointing out the lack of merit in Plaintiff's claims.

Attorney Tygar ignored these and subsequent communications regarding the complete lack of merit in Plaintiff's position and continued the claims now asserted in the Amended Complaint, even after this Court's rulings. *Rodriguez v. Goff*, No. 3:20CV5946-MCR-HTC, 2022 WL 1222671, at *3 (N.D. Fla. Feb. 2, 2022) (Rule 11 applies to both the initial filing of a frivolous action and continuing the pursuit of such an action). It is anticipated that these Rule 11 issues will be ripe for further determination against Plaintiff and Plaintiff's counsel when this Court rules on the various pending motions.

Plaintiff's counsel should not be allowed to utilize an eleventh hour Renewed Motion to withdraw, made after mediation occurred and less than a month before the extended discovery deadline[1], to avoid the Rule 11 issues arising from their conduct. In addition, withdrawal by Plaintiff's counsel at this late juncture is likely to cause

---

[1] The Court granted ReliaQuest's Motion To Enlarge seeking twenty-two (22) additional days of discovery (Doc. 41) over Plaintiff's objection.

further delay and waste judicial resources in a matter that has been pending for nearly two years and is set for trial in July of 2025.

Counsel for ReliaQuest, when conferring with Plaintiff's counsel in connection with the Renewed Motion, told Plaintiff's counsel ReliaQuest would not oppose withdrawal provided that (a) it did not result in the enlargement of any deadlines, including the cited Scheduling Deadlines, that would delay the resolution of the dispute and (b) Rule 11 sanctions against Plaintiff's counsel could still be fully addressed by the Court. This proposal was flatly rejected by Plaintiff's counsel but was not referenced in the meet and confer certification in the Renewed Motion.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court deny the Renewed Motion. If, however, this Court deems it appropriate to allow withdrawal, ReliaQuest would request that (a) withdrawal only be permitted after the deadlines for discovery and any responses to dispositive and *Daubert* motions have elapsed; (b) Plaintiff, or any new counsel of record acting on his behalf, would be precluded from seeking to alter the established deadlines, including the Scheduling Deadlines; and (c) jurisdiction would be expressly retained over Plaintiff's counsel

and law firm after withdrawal to allow for their notice of such issues and participation to fully address and impose sanctions and any other requested relief.[2]

Dated: December 16, 2024.

/s/ Dean A. Kent
Dean A. Kent
Florida Bar No. 307040
dk@trenam.com / ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553

Steven J. Pacini (*pro hac vice*)
steven.pacini@lw.com
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
*Attorneys for ReliaQuest, LLC*

---

[2] The Court would retain jurisdiction to impose Rule 11 sanctions on Plaintiff's current counsel of record even after withdrawal from the action, but such retention of jurisdiction should expressly be made part of any Oder allowing withdrawal and require their participation on claims under Rule 11. *Bama Sea Products, Inc. v. Lighthouse Foods, Inc*., 8:14-cv-484, 2014 WL 12620853, at *1 (M.D. Fla. Nov. 10, 2014) (reasoning that "the triggering event for Rule 11 sanctions is the filing of complaints, papers, or other motions without taking the necessary care in their preparation, rather than a decision on the merits of such papers.")

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, a true and correct copy of the foregoing Reliaquest, LLC's Response in Opposition to Ian Tygar and Neil Bryan Tygar, P.A.'s Second Motion to Withdraw as Counsel for Plaintiff (Doc. 64) was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Dean A. Kent*
Attorney