UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.                                                         Case No. 8:23-cv-00806-KKM-AEP

RELIAQUEST, LLC,

    Defendant.

_____/

## ORDER

This cause comes before the Court upon attorney Ian Tygar's motion to withdraw as counsel for Plaintiff (Doc. 64). Mr. Tygar seeks withdraw due to irreconcilable differences between his firm and Plaintiff. In accordance with Local Rule 2.02(c), Plaintiff has been given fourteen (14) days' notice of counsel's intent to withdraw. Defendant objects in part (Doc. 71). A hearing regarding the matter was held on December 18, 2024 (Doc. 72). For the reasons stated at the hearing, it is hereby

ORDERED:

1. The Motion to Withdraw (Doc. 64) is GRANTED. However, there shall be no extension of the December 27, 2024 dispositive motion deadline, and the parties' discovery stay agreement shall remain in place regardless of who may appear on Plaintiff's behalf.

2. Attorney Ian Tyger is terminated as counsel of record for Plaintiff and relieved of any further responsibility in this action, except that he is directed to serve a copy of this Order on Plaintiff.

3. Plaintiff is on notice that unless he obtains substitute counsel who makes an appearance on the record within 30 days of the entry of this Order, he will proceed in this matter *pro se* and be expected to adhere to any deadlines as well as to the procedural requirements of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.[1]

4. The Clerk is directed to update the contact information for Plaintiff to reflect his address as 933 Branch Court #122, Grovetown, AL 30813 and his email address as ineedalawyer@sudomail.com.

DONE AND ORDERED in Tampa, Florida, on this 18th day of December 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

---

[1] *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules" (citation and internal quotation omitted)); *see, generally, Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").