UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff,

v.                                                                                    Case No. 8:23-cv-0806-KKM-AEP

RELIAQUEST, LLC,

    Defendant.
_____

## ORDER

Aaron Allen sues ReliaQuest for events that occurred while he was employed by ReliaQuest. He brings various claims of employment discrimination, Am. Compl. (Doc. 32), and ReliaQuest brings counterclaims arising out of a severance agreement signed by Allen upon his termination, Am. Countercls. (Doc. 48) ¶¶ 59–95. Allen moves to dismiss each of ReliaQuest's counterclaims, Mot. to Dismiss (Doc. 50) (MTD), and moves to strike ReliaQuest's request for certain damages, Mot. to Strike (Doc. 51) (MTS). ReliaQuest responded to both motions. Resp. to MTD (Doc. 52); Resp. to MTS (Doc. 53). I address them jointly and deny for the reasons below.

    I.    BACKGROUND

Aaron Allen "is a Native American and African-American male." Am.

Compl. ¶ 10. Allen began working for ReliaQuest in November 2021 "as a Detection Architect as part of their Detection Operations Team." *Id.* ¶ 16. Allen was terminated on March 21, 2022. *Id.* ¶ 19. The same day, ReliaQuest presented Allen with a severance agreement. *Id.* ¶ 27. Allen signed the Severance Agreement on April 4, 2022. *Id.* ¶¶ 33–34.

Following the signing of the Severance Agreement, Allen filed a claim with the EEOC, alleging discriminatory behavior by ReliaQuest. *Id.* ¶ 35. The EEOC then gave Allen a right to sue letter and Allen initiated this discrimination suit against ReliaQuest, asserting a variety of discrimination and retaliation claims, as well as contract claims. *See generally* Am. Compl.

In July 2024, ReliaQuest filed a motion to dismiss. (Doc. 35). Because the motion relied on the legal interpretation of the severance agreement, it was converted to a motion for summary judgment, (Doc. 44), and granted in part, Sum. Judg. Order (Doc. 47) (SJ Order). That earlier order concluded that "the severance agreement contains a clear and unambiguous waiver of the claims Allen now asserts," but declined to address whether the release was knowing and voluntary. *Id.* at 1, 12.

ReliaQuest filed an amended answer and brought three counterclaims against Allen for breach of the severance agreement by filing this action, breach of the

2

implied covenant of good faith and fair dealing, and, in the alternative, unjust enrichment. Am. Countercls. ¶¶ 59–95.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the complaint's factual allegations are accepted "as true" and construed "in the light

3

most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear that the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Secs. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999)); *see also Belmer v. Ezpawn Fla., Inc.*, 8:20-cv-1470-T-33SPF, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (noting that a Court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters" (first quoting *Royal Ins. Co. of Am.*

*v. M/Y ANASTASIA*, No. 95CV60498/RV, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); then quoting *Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996))).

## III.  ANALYSIS

Allen argues that dismissal of the counterclaims is necessary for three reasons. First, he contends that the counterclaims constitute a "shotgun" pleading. Second, Allen moves to dismiss and strike ReliaQuest's request for attorney's fees and damages flowing from defending this action. Finally, he argues that ReliaQuest failed to state claims as to the breach of the implied covenant of good faith and fair dealing and unjust enrichment. I address each argument in turn.

### A. Shotgun Pleading

Pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has outlined four common types of shotgun pleadings, the most common being a complaint that contains multiple counts where each count adopts the allegations of all preceding counts. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or

5

another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Allen complains that the counterclaims commit this common error by adopting the allegations of all preceding counts. Perhaps they do technically, but Allen has more than adequate notice of the claims against him and the grounds for those claims. *See id.* This is especially true where there are only three claims, and each count relates to the same contract and therefore one transaction. *See* Am. Countercls. ¶¶ 59–95. Additionally, the unjust enrichment claim is clearly plead "as an alternative claim to ReliaQuest's breach of contract claim," clearing up any confusion that might result from adopting all preceding allegations. *Id.* ¶ 92. Because the counterclaims provide adequate notice to Allen of the claims and "the grounds upon which each claim rests," the counterclaims are not insufficient under Federal Rule 8(a)(2). *Weiland*, 792 F.3d at 1323.

### B. Damages

The prevailing party in a breach of contract action "is entitled to recover a fair and just compensation that is commensurate with the resulting injury or damage." *MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 223 (Fla. 2008) (per curiam). In other words, "[a]n award of damages for breach of contract is

6

intended to place the injured party in the position he or she would have been in had the breach not occurred." *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002). The party injured by a contract breach "is entitled to recover all damages that are causally related to the breach so long as the damages were reasonably foreseeable at the time the parties entered into the contract." *Capitol Env't. Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 596 (Fla. 1st DCA 2009). Foreseeable damages are those that are incurred as the "proximate and usual consequence" of the breach. *Id.* (emphasis omitted) (quoting *Fla. E. Coast Ry. Co. v. Beaver Street Fisheries, Inc.*, 537 So.2d 1065, 1068 (Fla. 1st DCA 1989)).

Under the Florida litigation privilege, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 383 (Fla. 2007) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)). It applies to "all causes of action, whether for common-law torts or statutory violations." *Id.* at 384.

Allen argues that there is no basis in Florida law for the attorney's fees requested by ReliaQuest and that Florida's litigation privilege bars ReliaQuest's

7

request for damages directly incurred because of this action. MTD at 3–5; MTS at 2–4. He is wrong twice over.

Although the default rule for attorney's fees in Florida is the "American rule," *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993), ReliaQuest's damages are based on a breach of the release provision in the severance agreement, which is a "clear and unambiguous" release of any claims against ReliaQuest, SJ Order at 1, 7. The damages caused by Allen's alleged breach of the release provision include attorney's fees amassed by ReliaQuest in defending this action, as opposed to a standalone demand for attorney's fees. Resp. to MTS at 5-7. If ReliaQuest ultimately prevails on its counterclaims, the proximately caused and thus "reasonably foreseeable" damages are those that are a direct consequence of litigation—therefore its requested damages, including attorney's fees, are appropriate, considering the basis for the action. *Capitol Envtl. Servs., Inc.*, 25 So. 3d at 596–97 (explaining that a declaratory judgment action along with its attorney's fees and costs were reasonably foreseeable consequence of breach of insurance contract and thus recoverable); *see also Gregoire v. Lucent Techs., Inc.*, No. 6:03CV251ORL31KRS, 2005 WL 1863429, at *4 (M.D. Fla. Aug. 5, 2005) (concluding that attorney's fees were appropriate damages for the prevailing party in an action over a breach of covenant

not to sue under Florida law); *O'Neal v. Am. Shaman Franchise Sys., LLC*, No. 8:20-CV-936-KKM-AAS, 2024 WL 340767, at *7 (M.D. Fla. Jan. 12, 2024) (same), *report and recommendation adopted*, No. 8:20-CV-00936-KKM-AAS, 2024 WL 1252387 (M.D. Fla. Mar. 25, 2024), *appeal dismissed sub nom. O'Neal v. Am. Shaman Franchise Sys., Inc.*, No. 24-10900-HH, 2024 WL 3102835 (11th Cir. 2024).

For similar reasons, the litigation privilege does not bar the other kinds of damages sought by ReliaQuest. In *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, the Eleventh Circuit declined to apply the litigation privilege in a similar context involving an incontestability clause in an insurance contract. 904 F.3d 1197, 1218–20 (11th Cir. 2018) (applying Florida law). The court explained that the "application of the privilege would virtually extinguish a common form of relief: the awarding of damages for breaches of agreements not to sue a contract counterparty." *Id.* at 1220. It follows, then, that Florida's litigation privilege does not bar ReliaQuest from seeking damages resulting from the breach of the agreement not to sue. *See id.*

Therefore, ReliaQuest's request for damages resulting from the litigation of this action, including attorney's fees, is sufficient as a matter of law and need not be

stricken or dismissed. *See* FED. R. CIV. P. 8(a), 12(f).

### C. Implied Covenant of Good Faith and Fair Dealing

Florida contract law implies a covenant of good faith and fair dealing in every contract to protect "the reasonable expectations of the contracting parties in light of their express agreement." *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012) (quoting *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla. 1996)). Breach of the implied covenant of good faith and fair dealing requires allegations of "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party." *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 607 F.3d 742, 747 (11th Cir. 2010) (quoting *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000)) (applying Florida law). A duty of good faith must "relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." *QBE Ins. Corp.*, 94 So. 3d at 548 (citing *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232,

1235 (Fla. 4th DCA 2001)).

Allen contends that ReliaQuest fails to state a claim because there is no allegation that the contract was ambiguous as to the particular duty at issue. MTD at 6.[1] ReliaQuest responds that Florida law does not require that allegation, and Florida caselaw supports that view. *See QBE Ins. Corp.*, 94 So. 3d at 548 (citing *Ins. Concepts & Design, Inc.*, 785 So.2d at 1234). Regardless, at most, *Cox* explains that the implied covenant "cannot be used to vary the express terms of a contract"—not that the plaintiff must affirmatively plead ambiguity, as Allen suggests. *Cox*, 732 So. 2d at 1098. Here, ReliaQuest sufficiently pleads breach of the implied covenant, because it alleges that Allen waived any right to sue ReliaQuest under the contract, but he consciously disregarded that prohibition by filing the instant action, causing damages. Am. Countercls. ¶¶ 72–90. None of these allegations attempt to "vary the express terms of [the] contract," *Cox*, 732 So. 2d at 1098, and therefore they are sufficient to state a plausible claim for relief, *see Iqbal*, 556 U.S. at 678.

---

[1] Citing *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999), Allen states that "[t]o maintain an action for breach of the implied covenant of good faith and fair dealing, the plaintiff must allege: (i) the plaintiff and the defendant are parties to a written contract; (ii) the contract is ambiguous about the permissibility or scope of the conduct in question; (ii) the defendant, through a conscious and deliberate act, fails or refuses to discharge contractual responsibilities, which unfairly frustrates the contract's purpose and disappoints the plaintiff's expectations; (iv) the defendant's breach deprives the plaintiff of the contract's benefits; and (v) the plaintiff suffers damages." MTD at 5.

### D. Unjust Enrichment

To plead unjust enrichment, a plaintiff must allege "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Pincus v. Am. Traffic Sols., Inc.*, 333 So. 3d 1095, 1097 (Fla. 2022) (quoting *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)). An unjust enrichment claim arises only in the absence of a contract. *F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 49 (Fla. 4th DCA 2021). But "plaintiffs may plead breach of contract and unjust enrichment in the alternative," because the Federal Rules of Civil Procedure empower pleading "statements of a claim or defense alternatively or hypothetically." *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1276 (11th Cir. 2023); Fed. R. Civ. P. 8(d)(2); *see Longo v. Campus Advantage, Inc.*, 588 F. Supp. 3d 1286, 1298 (M.D. Fla. 2022).

Allen argues that ReliaQuest's unjust enrichment claim fails because the count adopts the preceding allegations, including that there was a valid contract. MTD at 6-7. ReliaQuest clearly pleads the unjust enrichment claim in the alternative, which is permissible, and suffices to provide Allen notice of the two claims and their

12

supporting theories. *Marquez*, 69 F.4th at 1276; FED. R. CIV. P. 8(d)(2). Therefore, ReliaQuest sufficiently states a claim for unjust enrichment. *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

Because ReliaQuest's counterclaims plausibly state a claim for relief, they survive the motion to dismiss. *Iqbal*, 556 U.S. at 678. Nor is there a basis to dismiss or strike ReliaQuest's request for damages.

Accordingly, the plaintiff's Motion to Dismiss, (Doc. 50), and Motion to Strike, (Doc. 51), are **DENIED**.

**ORDERED** in Tampa, Florida, on April 17, 2025.

Kathryn Kimball Mizelle
United States District Judge

13