UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

    Plaintiff/Counter Defendant,

v.                                                                          Case No.: 23-cv-00806-KKM-MEP

RELIAQUEST, LLC.

    Defendant/Counterclaimant.

_____/

**COUNTERCLAIM PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND JUDGMENT OF DEFAULT ON LIABILITY ON AMENDED COUNTERCLAIMS (Doc. 48) AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

    ReliaQuest, LLC ("ReliaQuest"), pursuant to Fed. R. Civ. P. 55(b)(2), 12(a)(4)(A), and Local Rule 1.10(c), hereby makes application for entry of default and default judgment of liability on the Amended Counterclaims (Doc. 48). In this Motion, ReliaQuest seeks the entry of default and default judgment as to liability on the claims asserted in the Amended Counterclaims and reserves its right to provide further evidence to quantify its damages. The relief requested is appropriate because Aaron Allen ("Allen") has not timely filed a responsive pleading after the Court's entry of an Order on April 17, 2025 (Doc. 76), denying Mr. Allen's Motion to Dismiss and Motion Strike (Docs. 50, 51).

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. After the execution of the Severance Agreement, Allen filed this suit against his former employer, ReliaQuest, asserting a variety of claims for race discrimination and religious discrimination under Title VII of the Civil Rights Act and the Florida Civil Rights Act (the "Employment Claims"). *See Amended Complaint* (Doc. 32).

2. Allen also asserted various supplemental state law claims against ReliaQuest for fraud in the inducement, negligent misrepresentation, and rescission of the Severance Agreement in counts 10 and 11 based on either an alleged unilateral or mutual mistake[1]. *Id.*

3. On August 1, 2024, this Court determined that the Severance Agreement contained "a clear and unambiguous" waiver of Allen's Employment Claims asserted against ReliaQuest and, as such, granted summary judgment to ReliaQuest on such issue. (Doc. 47).

4. In response to Allen's state law based claims, ReliaQuest filed an Answer and Affirmative Defenses to Amended Complaint and affirmatively asserted Amended Counterclaims against Allen. (Doc. 48).

---

[1] In addition, on April 1, 2025, this Court entered Summary Judgment in ReliaQuest's favor on Allen's affirmative claims. (Doc. 77)

5. ReliaQuest's pending Amended Counterclaims against Allen assert three claims: (i) breach of the Severance Agreement, (ii) breach of the implied covenant of good faith and fair dealing relating to the Severance Agreement, and (iii) an alternative claim for unjust enrichment to the extent the Severance Agreement was not entered into knowingly and voluntarily, as now being alleged by Allen in counts 10 and 11. *Id.* (Doc. 32).

6. Allen, in response to the Amended Counterclaims, filed a Motion to Strike and the Motion to Dismiss. (Docs. 50 and 51).

7. Allen's counsel of record filed a Motion to Withdraw, which was granted by this Court via an Order on December 18, 2024. (Docs. 64, 75). The Order granting withdrawal specifically stated that "unless he obtains substitute counsel who makes an appearance on the record within 30 days of the entry of this Order, he will proceed in this matter *pro se* and be expected to adhere to any deadlines as well as to the procedural requirements of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida." (Doc. 75).

8. Further, the Court specifically cited in the December 18, 2024, Order granting withdrawal, in footnote 1, the following:

> *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan,*

*Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules" (citation and internal quotation omitted)); *see, generally, Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). *Id.*

9. The Motion to Strike and Motion to Dismiss were denied by this Court on April 17, 2025. (Doc. 76).

10. As required by Fed. R. Civ. P. 12(a)(4)(A), Allen's deadline to respond to the Amended Counterclaims expired on May 2, 2025, with no response being timely filed.

11. On May 8, 2025, undersigned counsel filed a Notice Regarding Mediation (the "Mediation Notice") expressly referencing that Allen was in default under Fed. R. Civ. P. 12(a)(4)(A) because he had not filed a responsive pleading directed to the Amended Counterclaims after the Court's April 17, 2025, Order. (Docs. 76 and 78), which was served on Allen via CM/ECF and email.

12. To date, despite being in default since May 2, 2025, and receiving notice of the April 17, Order, and his default since at least May 8, 2025, via the Mediation Notice, Allen has not filed a responsive pleading directed to the Amended Counterclaims.

## MEMORANDUM OF LAW

A. **Allen Has Defaulted For Failing To Timely Respond To The Amended Counterclaims.**

Pursuant to Fed. R. Civ. P. 12 (a)(4)(A), unless the court establishes a different time via for a responsive pleading in connection with a motion to dismiss directed to a pleading "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Allen, in initially opposing the Amended Counterclaims, filed a Motion to Strike and the Motion to Dismiss. (Docs. 50 and 51), which were both denied by this Court on April 17, 2025. (Doc. 76). Allen received notice of the Order denying the Motion to Strike and Motion to Dismiss via CM/ECF. *Id.*

To date, however, Allen has not filed a responsive pleading directed to the Amended Counterclaims, despite notice of such default on at least May 8, 2025, via the Mediation Notice. Accordingly, Allen has defaulted in failing to timely file a responsive pleading to the Amended Counterclaims and entry of default by the clerk and default judgment on liability by this Court are appropriate.

B. **The Threshold Procedural Requirements for Entry of Clerk's Default And A Default Judgment On Liability Have Been Met.**

This Court is within its discretion to enter a default judgment against Allen due to his failure to appear, plead, or otherwise defend against the Amended Counterclaims in this case, despite him previously asserting affirmative claims,

seeking dismissal of the Amended Counterclaims, and being involved in the action. S*ee Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry of a default judgment is committed to the discretion of the district court"); Fed. R. Civ. P. 55(b)(2). Indeed, the Clerk can validly enter a default under Rule 55 for Allen's failure to timely respond. *Curtis v. Best Care Senior Living at Port Richey, LLC*, 823CV01735WFJUAM, 2024 WL 21988, at *1 (M.D. Fla. Jan. 2, 2024) (explaining that Rule 55 requires entry of a clerk's default prior to entry of default judgment). The threshold obligation is to examine and confirm personal jurisdiction over Allen by determining that ReliaQuest sufficiently alleged a *prima facie* case of jurisdiction in asserting counterclaims, and that service of process was properly effected in accordance with CM/ECF in this matter via Allen's past and ongoing presence in the lawsuit. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (recognizing that plaintiff bears the initial burden of alleging sufficient facts to establish a *prima facie* case of jurisdiction, even in the default judgment context).

Once the Court is satisfied that these preliminary jurisdictional matters are settled, the clerk and the Court may proceed with entering default and then judgment by default under Rule 55(b)(2), Fed. R. Civ. P. *See Geodetic Services, Inc.*, 2014 WL 12620804, at *2; *but c.f. Curtis*, 2024 WL 21988, at *1 (finding that motion for default judgment was premature since no clerk's default had been entered).

**C.      Allen Has Received Notice Of His Default And The Circumstances Allow The Entry Of Default And Default Judgment On Liability.**

Allen's ongoing presence and participation in the suit, first via a representation by the Tygar firm up to December 18, 2024, and now as a pro se party, require that he be provided notice of the application for entry of default and default judgement and that he was on notice to "adhere to any deadlines and procedural requirements." Fed. R. Civ. P. 55(b)(2) (recognizing that only appearing parties are entitled to prior written notice of an application for their judicial default). (Doc. 77). Further, as alleged in the Amended Counterclaims, Allen - an educated computer engineer with management experience who initiated this action—is wholly capable of responding after the denial of the Motion To Dismiss and Motion to Strike (Docs. 50 and 51) having judgment entered against him after the entry of a clerk's default, but has declined to file any timely response. (Doc. 48).

Notably, Allen has not been pro se throughout this litigation. He was previously represented by Counsel up until this Court granting withdrawal from the matter via an Order dated December 18, 2024 (Doc. 75). Prior counsel filed the lawsuit, filed numerous dispositive motions, participated in mediation, and initiated and defended other actions in this litigation. Prior counsel moved for leave to withdraw, citing irreconcilable differences, which was granted by this Court, and which put Allen on notice of his adherence to deadlines. (Docs. 64, 75) Allen, a college educated computer engineer with management experience, is fully capable

7

of engaging new counsel or representing himself in timely filing a responsive pleading to the Amended Counterclaims. Yet, he has done neither.

Moreover, on May 8, 2025, undersigned counsel filed the Mediation Notice providing him notice and expressly referencing that Allen was in default under Fed. R. Civ. P. 12(a)(4)(A) because he had not filed a responsive pleading directed to the Amended Counterclaims after the Court's April 17, 2025, Order. (Docs. 76 and 78), which was served on Allen via CM/ECF and email. To date, despite being in default since May 2, 2025, and having actual or constructive notice of the issue since at least May 8, 2025, via the Mediation Notice Allen has not filed a response to the Amended Counterclaims.

**D.     Allen's Default Admits The Amended Counterclaims' Allegations And Establishes His Liability**

Having defaulted, Allen is deemed to have admitted the Amended Counterclaims' well-pleaded allegations of fact, which are conclusively established by the judgment and cannot be contested on appeal. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Therefore, the Court's task is simply to determine if the admitted allegations in the Amended Counterclaims state a plausible claim for relief, which it has already done so in its evaluation of the Motion to Dismiss and Motion to Strike, and in denying such Motions (Doc. 76); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *Ingram Enterprises, Inc. v. Showtime Fireworks Orlando LLC*, 6:23-CV-818-WWB-RMN,

8

2024 WL 2874640, at *1 (M.D. Fla. May 1, 2024); *Pirate Water Taxi, LLC v. Tampa Water Taxi Co. LLC*, 8:22-CV-1878-KKM-UAM, 2023 WL 8651362, at *2 (M.D. Fla. Nov. 2, 2023), *R. & R. adopted sub nom.*, 8:22-CV-1878-KKM-UAM, 2023 WL 8651354 (M.D. Fla. Nov. 27, 2023).

Thus, after entry of default by the clerk, the Court may further enter default judgment on liability the three claims asserted in the Amended Complaint as the well-pled allegations demonstrate that Defendant is now liable for the three claims asserted: (i) breach of the Severance Agreement, (ii) breach of the implied covenant of good faith and fair dealing relating to the Severance Agreement, and (iii) an alternative claim for unjust enrichment. (Doc. 48).

**E.     Since Allen's Liability is Established From His Default, the Court Should Reserve Jurisdiction To Assess The Damages Incurred By ReliaQuest.**

From Allen's default, all legally required elements of ReliaQuest's three asserted claims in the Amended Counterclaims have been satisfied, establishing his liability and necessitating an award of damages flowing from such claims to ReliaQuest. This Court should consider further evidence, via affidavits or the submission of evidence and other damages testimony, after entry of default and a default judgement of liability, to allow ReliaQuest to quantify its asserted damages. Fed. R. Civ. P. 55(b)(2).

## CONCLUSION

WHEREFORE, ReliaQuest respectfully requests that this honorable Court grant the instant Motion, enter a clerk's default and then enter final judgment of default with regard to liability against Allen on the three (3) asserted Amended Counterclaims, allow ReliaQuest an opportunity to establish and quantify its damages, and for such other and further relief as deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

As discussed above, undersigned counsel for ReliaQuest certifies, pursuant to Local Rule 3.01(g), that local counsel for ReliaQuest, Dean A. Kent, in a good-faith effort to address and resolve the issues raised by this Motion For Entry of Default, attempted to set a meet and confer discussion with Allen by sending emails on June 2, 2025, June 3, 3025, and June 4, 2025, to which no response has received as of the time of filing this Motion. True and correct copy of the emails to Allen are attached hereto as **Exhibit A.** If Allen responds to such email requests after the Motion is filed and a meet and confer is conducted, undersigned counsel will file an Amended Motion with regard to the meet and confer efforts of the parties.

Respectfully submitted,

*/s/ Dean A. Kent*
Dean A. Kent
Florida Bar No. 307040
Email: dak@trenam.com/ ac@trenam.com
Richard Hanchett

>Florida Bar No. 709212
>rhanchett@trenam.com/ ac@trenam.com
>TRENAM LAW
>101 East Kennedy Blvd., Suite 2700
>Tampa, Florida 33602-5150
>Tel: (813) 223-7474
>Fax: (813) 229-6553
>
>Steven J. Pacini (pro hac vice)
>Latham & Watkins LLP
>200 Clarendon Street, 27th Floor
>Boston, Massachusetts 02116
>Tel: (617) 948-6000
>Fax: (617) 948-6001
>Email: steven.pacini@lw.com
>
>Attorneys for ReliaQuest, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion For Entry of Default And Default Judgment has been furnished to Mr. Allen, *pro se*, via email and CM/ECF on June 4, 2025.

>*/s /Dean A. Kent*
>Attorney

| | |
|---|---|
| **From:** | Dean A. Kent |
| **To:** | "ineedalawyer@sudomail.com" |
| **Cc:** | Ashley M. Chrisman; Richard M. Hanchett; Steven Pacini - LATHAM & WATKINS LLP (Steven.Pacini@lw.com); Jocelyn Wexler - LATHAM & WATKINS LLP (Jocelyn.Wexler@lw.com) |
| **Subject:** | RE: RQ/Allen - meet and confer 3.01g Fourt request made - 6.4.25 |
| **Date:** | Wednesday, June 4, 2025 11:04:18 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

I still have not received any response from you Mr. Allen on my meet and confer requests. If we don't hear back from you by 1pm today, we shall proceed with filing the motion and can meet and confer per local rule 3.01 afterwards to address the required certificate of conferral.



**DEAN A. KENT | SHAREHOLDER**

Dir: 813-227-7423   | Cell: 813-785-8917 | Fax: 813-227-0469   | email | vcard | bio



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

WIRE FRAUD ADVISORY: Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Trenam Law containing wire transfer instructions, please call Trenam Law using previously known contact information and NOT information provided in the email, to verify the information contained in the wire transfer instructions prior to wiring funds.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Dean A. Kent <DKent@trenam.com>
**Sent:** Tuesday, June 3, 2025 6:02 PM
**To:** 'ineedalawyer@sudomail.com' <ineedalawyer@sudomail.com>
**Cc:** Ashley M. Chrisman <AChrisman@trenam.com>; Richard M. Hanchett <RHanchett@trenam.com>; Steven Pacini - LATHAM & WATKINS LLP (Steven.Pacini@lw.com) <Steven.Pacini@lw.com>; Jocelyn Wexler - LATHAM & WATKINS LLP (Jocelyn.Wexler@lw.com) <Jocelyn.Wexler@lw.com>
**Subject:** RE: RQ/Allen - meet and confer 3.01g Third request made - 6.3.25

Mr. Allen:

Wanted to follow up via email on this issue as no response has been received by 6pm today and we want to comply with the MD Florida's local rule 3.01(g) for meeting and conferring prior to filing a motion.  I do not

**EXHIBIT A**

have a phone number to reach you to discuss the issue and this, currently, is the only contact email we have on file.

Please advise.

Thanks,



**DEAN A. KENT | SHAREHOLDER**

Dir: 813-227-7423   | Cell: 813-785-8917 | Fax: 813-227-0469   | email | vcard | bio



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

WIRE FRAUD ADVISORY: Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Trenam Law containing wire transfer instructions, please call Trenam Law using previously known contact information and NOT information provided in the email, to verify the information contained in the wire transfer instructions prior to wiring funds.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Dean A. Kent <DKent@trenam.com>
**Sent:** Tuesday, June 3, 2025 2:28 PM
**To:** 'ineedalawyer@sudomail.com' <ineedalawyer@sudomail.com>
**Cc:** Ashley M. Chrisman <AChrisman@trenam.com>; Richard M. Hanchett <RHanchett@trenam.com>; Steven Pacini - LATHAM & WATKINS LLP (Steven.Pacini@lw.com) <Steven.Pacini@lw.com>; Jocelyn Wexler - LATHAM & WATKINS LLP (Jocelyn.Wexler@lw.com) <Jocelyn.Wexler@lw.com>
**Subject:** RE: RQ/Allen - meet and confer 3.01g Second request 6.3.25
**Importance:** High

Mr. Allen:

We have not heard back from you in connection with our meet and confer request made yesterday, below, via email. Please advise when we can discuss later today or tomorrow.

Thanks,



**DEAN A. KENT | SHAREHOLDER**
Dir: 813-227-7423   | Cell: 813-785-8917 | Fax: 813-227-0469   | email | vcard | bio



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

WIRE FRAUD ADVISORY: Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Trenam Law containing wire transfer instructions, please call Trenam Law using previously known contact information and NOT information provided in the email, to verify the information contained in the wire transfer instructions prior to wiring funds.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Dean A. Kent <DKent@trenam.com>
**Sent:** Monday, June 2, 2025 2:10 PM
**To:** 'ineedalawyer@sudomail.com' <ineedalawyer@sudomail.com>
**Cc:** Ashley M. Chrisman <AChrisman@trenam.com>; Richard M. Hanchett <RHanchett@trenam.com>; Steven Pacini - LATHAM & WATKINS LLP (Steven.Pacini@lw.com) <Steven.Pacini@lw.com>; Jocelyn Wexler - LATHAM & WATKINS LLP (Jocelyn.Wexler@lw.com) <Jocelyn.Wexler@lw.com>
**Subject:** RQ/Allen - meet and confer 3.01g request 6.2.25
**Importance:** High

Mr. Allen:

Please let me know a 10 minute time frame either tomorrow after 2pm or any time Wednesday in which we can talk and meet/confer on a motion which RQ will be filing. Happy to make any time work Wednesday and flexible later tomorrow as well.

Just let me know what works for you.

Thanks,



**DEAN A. KENT | SHAREHOLDER**
Dir: 813-227-7423   | Cell: 813-785-8917 | Fax: 813-227-0469   | email | vcard | bio



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

WIRE FRAUD ADVISORY: Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Trenam Law containing wire transfer instructions, please call Trenam Law using previously known contact information and NOT information provided in the email, to verify the information contained in the wire transfer instructions prior to wiring funds.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.