**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


AARON ALLEN,

      Plaintiff/Counter-Defendant,

v.                                        CASE NO. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

      Defendant/Counterclaimant.

_____/

**COUNTER-DEFENDANT'S RESPONSE IN OPPOSITION
TO "COUNTERCLAIM PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT AND JUDGMENT OF DEFAULT ON LIABILITY
ON AMENDED COUNTERLAIMS" (DOC. 80) AND MOTION
FOR EXTENSION OF TIME IN WHICH TO FILE ANSWER TO
<u>AMENDED COUNTERCLAIMS</u>**

The Counter-Defendant, Aaron Allen, through his undersigned

counsel, hereby responds to the Counterclaimant, ReliaQuest, LLC's,

motion (Doc. 80), regarding its amended counterclaims.  *See* Doc. 48 at 30-

54 (amended counterclaims).

  ReliaQuest moves for three forms of relief. First, ReliaQuest moves

for the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). (Doc. 80 at

1).  Second, ReliaQuest moves for this Court's issuance of a default

judgment pursuant to Fed. R. Civ. P. 55(b)(2). *Id*. Third, ReliaQuest moves,

also under Rule 55(b)(2), for this Court to consider evidence – ReliaQuest

lists "affidavits or the submission of evidence and other damages

testimony" - relevant to its claim for damages. *Id.* at 1 & 9.[1]

Although the motion to direct the clerk to enter a default under Rule

55(a) is timely,[2] the motion to this Court to issue a default judgment under

Rule 55(b)(2), and to take evidence on the claimed damages in accordance

with the same Rule, are both premature, and for that reason should be

denied. First, the motion for this Court's entry of a default judgment is

premature under Local Rule 1.10(c), as it must be filed within 35 days of

the clerk's entry of default, an event that has yet to occur. Second, the

motion for taking evidence under Rule 55(b)(2) is also premature, as

---

[1] According to Rule 55(b)(2), in pertinent part, if a default judgment is entered in a case, "The court may conduct hearings or make referrals – preserving any statutory right to a jury trial – when, to enter or effectuate judgment, it needs to ... (B) determine the amount of damages; [and] (C) establish the truth of any allegation by evidence...."

[2] Allen agrees with ReliaQuest that, pursuant to Fed. R. Civ. P. 12(a)(4)(A), his answer to the counterclaims was due no later than May 1, 2025, that is, 14 days after this Court denied (Doc. 76) his motions to dismiss and to strike. According to Local Rule 1.10(b), ReliaQuest was obligated to apply for the clerk's entry of default within 28 days, that is, by May 29, 2025. Before the expiration of that deadline, on May 28, 2025 this Court issued its Endorsed Order, which provided in pertinent part that, "ReliaQuest must move for default against Allen for its counterclaims under Local Rule 1.10 no later than June 4, 2025." (Doc. 79). (Because this Court required a motion for default, in contrast to a motion for a default judgment, it is apparent that the reference was to Local Rule 1.10(b), as opposed to 1.10(c).) In any event, ReliaQuest timely filed its motion for the clerk's entry of default under Rule 55(a) by this Court's June 4, 2025 deadline, which extended by six days the 28-day period prescribed by Local Rule 1.10(b).

ReliaQuest is entitled to that relief only upon issuance of a default judgment, a condition that has also not yet occurred.

In addition, as to Reliaquest's timely-filed motion for the clerk's entry of default under Rule 55(a), Allen submits that the motion should be denied, and moves pursuant to Fed. R. Civ. P. 6(b)(1)(B) for an extension of time – until a date no later than seven days following this Court's ruling on the motion - to file his answer to the counterclaims.[3]

MEMORANDUM OF LAW

In *Curtis v. Best Care Senior Living at Port Richey, LLC*, 2024 WL 21988 (M.D. Fla. Jan. 2, 2024),[4] the district court reasoned, "Federal Rule of Civil Procedure 55(a) governs clerk's entries of default, while Rule 55(b) discusses court's entries of default judgment. '[A] Clerk's default must be entered prior to the entry of default judgment.'" *Id*. at *1, *quoting Brantley v. Drug Enforcement Admin.*, Case No. 2:15-cv-802-FtM-29CM, 2016 WL 7440836 at *2 (M.D. Fla. Dec. 27, 2016) (brackets in original). The *Curtis* court found that the plaintiff's motion for default judgment "is premature because the Clerk has not yet entered default." *Id.* Accordingly, the district

---

[3] ReliaQuest opposes the motion for extension of time.

[4] The order in *Curtis* may also be found in PACER. *See* Case No. 8:23-cv-1735-WFJ-UAM (Doc. 17). ReliaQuest's counsel commendably disclosed *Curtis* in its motion.

3

court denied the motion for issuance of a default judgment without prejudice, directed the clerk to enter a default, and granted leave to the plaintiff to file a motion for a default judgment within 35 days of entry of the clerk's default. *Id.* at *2.

Accordingly, Allen submits that ReliaQuest's motion for entry of a default judgment under Rule 55(b)(2), and its motion "to provide further evidence to quantify its damages" (Doc. 80 at 1), also filed pursuant to Rule 55(b)(2), should be denied as prematurely filed.

In contrast to the disposition in *Curtis*, however, Allen submits that ReliaQuest's request for the clerk's entry of default under Rule 55(a) should be denied without prejudice, and Allen moves for an extension of time to file his answer to Reliaquest's counterclaims.

Allen relies on Fed. R. Civ. P. 6(b)(1)(B), which provides that, "When an act may or must be done within a specified time, the court may, for good cause, extend the time...on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1)(B). Allen agrees with ReliaQuest's calculation that his answer to its counterclaims was due to be filed no later than May 1, 2025. For excusable neglect, Allen points to the order, dated December 18, 2024, granting his previous counsel's motion to withdraw.  (Doc. 75). Subsequently, Allen proceeded

*pro se*,[5] but there was no record activity over the next four months, until

issuance of the April 17, 2025 order denying his motions to dismiss and to

strike ReliaQuest's counterclaims. (Doc. 76). Without counsel, Allen was

not sufficiently experienced to recognize the need to file an answer to the

counterclaims upon entry of the order denying the motions to dismiss and

to strike.

Moreover, in the event Allen is granted an extension in which to file

his answer to the amended counterclaims, the risk of unfair prejudice to

ReliaQuest is low. Even in the absence of an answer, ReliaQuest has

requested further relief under Rule 55(b)(2) in the form of additional

proceedings related to its claim for damages, including "the filing of

affidavits[6] or the submission of evidence and other damages testimony."

(Doc. 80 at 9.)  In other words, ReliaQuest does not seek to proceed under

Rule 55(b)(1), which permits the clerk, rather than the Court, to enter the

default judgment for an amount sought in a claim when the party's claim

"is for a sum certain or a sum that can be made certain by computation."

---

[5] Allen appeared *pro se* for the six months between December 18, 2024, until the undersigned counsel appeared on June 16, 2025. (Doc. 81).

[6] In the event of proceeding by affidavits, Allen contemplates seeking leave to depose all such affiants. Again, Rule 55(b)(2) also expressly provides that the court may conduct hearings and make referrals to "determine the amount of damages" and "establish the truth of any allegations by evidence."

Fed. R. Civ. P. 55(b)(1).  Instead, ReliaQuest contemplates future proceedings to include an evidentiary hearing.

Thus, granting Allen leave under Rule 6(b)(1)(B) to file an answer will not result in any appreciable extension of the proceedings that remain in this case.

WHEREFORE, Allen responds in opposition to ReliaQuest's motion for the clerk's entry of a default and this Court's entry of a default judgment and moves for an extension of time – to a date no later than seven days following the disposition of the instant motion – to file his answer to the amended counterclaims.

<u>Local Rule 3.01(g) Certification</u>

Allen certifies that Allen conferred with the ReliaQuest about his motion for extension of time to file his answer to the amended counterclaims. ReliaQuest opposes the motion. The conference occurred as follows. The undersigned counsel emailed counsel for ReliaQuest on June 17, 2025, counsel for ReliaQuest promptly responded by email that he would discuss with the client and respond shortly, and on today's date counsel for ReliaQuest indicated by email that the motion for extension of time is opposed.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 18th day of June, 2025:

Dean Kent, Esq.
dkent@trenam.com

Richard Hanchett, Esq.
rhanchett@trenam.com

Steven Pacini, Esq.
Steven.pacini@lw.com

/s/ *Matthew Farmer*
COUNSEL

7