# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AARON ALLEN,

    Plaintiff/Counter-Defendant,

v.                                        CASE NO. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

    Defendant/Counterclaimant.

_____/

## PLAINTIFF/COUNTER-DEFENDANT'S RENEWED, UNOPPOSED MOTION TO CONTINUE SETTLEMENT CONFERENCE

The Plaintiff/Counter-Defendant, Aaron Allen, through his undersigned counsel, hereby moves to continue the settlement conference currently scheduled before the Hon. Thomas Wilson, United States Magistrate Judge, on July 30, 2025, at 2:00 p.m.

The Defendant/Counterclaimant, ReliaQuest, LLC, has no objection to the requested relief.

## MEMORANDUM OF LAW

Allen relies on Local Rule 3.08(a). This is Allen's third motion to continue the settlement conference, and he acknowledges that this request is extraordinary. However, he believes in good faith – a belief shared by

the Defendant/Counterclaimant - that a continuance will markedly enhance the likelihood of a successful resolution, and that the likelihood of success at a settlement conference conducted on July 30, 2025, is correspondingly very low.

 As grounds for this motion, Allen states as follows. Only ReliaQuest's three counterclaims remain for resolution by this Court. The majority of ReliaQuest's pending counterclaim damages consist of attorneys' fees incurred in defending this instant lawsuit filed by Allen's predecessor counsel. This Court previously determined that attorneys' fees would be an appropriate measure of damages on the counterclaims. ReliaQuest's position is that the majority of Allen's current exposure for damages on the counterclaims may stem from the advice of his prior counsel, particularly as it involves the construction and legal effects of a signed separation agreement, which this Court has previously construed as an enforceable covenant not to sue. ReliaQuest contends that Allen's predecessor counsel was actually aware of the separation agreement, as disclosed in conversations prior to the filing of the lawsuit, yet took an erroneous legal position that it did not preclude the filing of the instant civil action seeking compensatory damages on Allen's affirmative claims. Accordingly, ReliaQuest contends that Allen's exposure on the

counterclaim damages claimed by ReliaQuest might well prove to be attributable to legal advice provided by predecessor counsel. Accordingly, the participation of appropriate third parties at the Court-ordered Settlement Conference would markedly improve the prospects of a full and final resolution of the three pending counterclaims. Allen requests a continuance of six weeks to ensure the participation of any necessary third parties.

Local Rule 3.01(g)(2) Certification

I certify that I have conferred with Dean Kent, Esq., counsel for the opposing party, and state that the parties agree on the resolution of the relief sought in the motion.

WHEREFORE, Aaron Allen moves to continue the settlement conference for a period of six weeks.

>Respectfully submitted,
>
>FARMER & FITZGERALD, P.A.
>
>/s/ *Matthew Farmer*
>Matthew P. Farmer, Esq.
>Fla. Bar No. 0793469
>800 W. De Leon St.
>Tampa, FL  33606
>(813) 228-0095
>FAX (813) 224-0269
>MattFarmer1@aol.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 28th day of July, 2025:

Dean Kent, Esq.
dkent@trenam.com

Richard Hanchett, Esq.
rhanchett@trenam.com

Steven Pacini, Esq.
Steven.pacini@lw.com

*/s/ Matthew Farmer*
Counsel