UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. Case No. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counter-Plaintiff.
___________________________________/

**ORDER TO SHOW CAUSE**

This is before the Court *sua sponte*. In May 2025, Defendant/Counter-Plaintiff Reliaquest, LLC ("Reliaquest") filed a notice indicating that, after conferral with Plaintiff/Counter-Defendant Aaron Allen ("Allen"), "the parties are amendable to a further mediation to address the remaining issues" in this case. (Doc. 78). Then, at a status conference set for July 1, 2025, the parties requested a United States Magistrate Judge to conduct the mediation. (Doc. 84). The Court instructed the parties to coordinate with Magistrate Judge Thomas G. Wilson's chambers to schedule the mediation and directed that the mediation occur within the next thirty (30) days. (*Id.*). The mediation was set for July 21, 2025. (Doc. 85).

Between July 14, 2025, and July 16, 2025, Allen filed two motions to continue the settlement conference due to his work obligations, the latter of which was unopposed by Reliaquest. (Docs. 86, 88). The Court granted Plaintiff's request and reset the mediation for July 30, 2025. (Docs. 89-91). A couple of days before the mediation, on July 28, 2025, Allen again moved for a continuance that was also unopposed by Reliaquest. (Doc. 92).

This time, Allen requested a six-week continuance "to ensure the participation of any necessary third parties." (*Id.*). The Court again granted Allen's request but directed him to contact chambers to reschedule the mediation if the parties had not settled the matter. (Doc. 93).

No new filings were made in this action until November 3, 2025, when the Court directed the parties to propose a new date for mediation by the end of the week and required the mediation to be completed by December 12, 2025. (Doc. 95). Reliaquest provided that December 10, 2025, was its preferred date (Doc. 96) and Allen confirmed that he was also available at that time (Doc. 97).

Soon thereafter, the undersigned set the mediation for December 10, 2025, at 10:00 am in Tampa, Florida. (Doc. 98). In that Order, the parties were warned that "[u]nless authorized by the Court to appear remotely, counsel and party representatives with full settlement authority must attend in person." (*Id.*). On December 5, 2025, Allen filed a motion to appear via videoconference at the mediation. (Doc. 100). The Court denied that request and reiterated that "[t]he Court expects all parties and their representatives to appear in person." (Doc. 101). No other motions related to the mediation were filed.

Allen did not attend the December 10, 2025, mediation. He is therefore directed to show cause in writing as to why he should not be held in contempt or otherwise sanctioned for failing to appear. Allen's response shall be filed no later than **December 17, 2025**. If Allen fails to comply, default judgment or another sanction may be entered against him. *See Morancy v. Regan Hospitality, LLC*, 2025 WL 1697850, at *3 (S.D. Fla. May 28, 2025) (citing *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989); *Lustig v. Stone*,

679 F. App'x 743, 745 (11th Cir. 2017); *Bell v. Fla. Highway Patrol*, 476 F. App'x 856, 856 (11th Cir. 2012)).

ORDERED in Tampa, Florida, on December 10, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE