**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. CASE NO. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counterclaimant.
______________________________________/

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO SEAL AND FILE *EX PARTE* SUPPLEMENT TO PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO "ORDER TO SHOW CAUSE" AND EXHIBIT 1**

Plaintiff/Counter-Defendant Aaron Allen, through his undersigned counsel, hereby moves pursuant to Local Rule 1.11 to file "Supplement to Plaintiff/Counter-Defendant's Response to Order to Show Cause," and Exhibit 1 to that supplement, under seal and *ex parte*, and in support thereof states:

**MEMORANDUM OF LAW**

1. Pursuant to Local Rule 1.11, Allen moves to seal the Exhibit 1. First, filing the exhibit is necessary to support Allen's response to this Court's Order to Show Cause. Second, the exhibit contains sensitive and

private medical information. Third, using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory. Fourth, Allen proposes that the seal remain indefinitely, as a confidential medical record is involved. Fifth, the name, mailing address, email address, and telephone number of the person authorized to retrieve the sealed, tangible item is:

Matthew Farmer, Esq.
800 W. De Leon St.
Tampa, FL 33606
Mattfarmer1@aol.com
(813) 928-1131

Sixth, there is no known non-party who has an interest in establishing or maintaining the seal.

2. Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common law right of access may be overcome by a showing of good cause which requires balancing the asserted right of access against the other parties' interest in keeping the information confidential. *Romero v. Drummond Co. Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007). Among the factors the court should consider is whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and the likelihood of

injury if it were made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.* 263 F 3d 1304, 1309 (11th Cir. 2001). Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury. *Vista India, Inc. v. Raaga, LLC* Case No. 07-1262, 2008 WL 834399 at *2 (D.N.J. Mar. 27, 2009).

WHEREFORE, Allen moves to file "Supplement to Plaintiff/Counter-Defendant's Supplement to Response to Order to Show Cause," and Ex. 1 to that supplement, both under seal and *ex parte.*

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469

*/s/ Timothy Fitzgerald*
Timothy Fitzgerald, Esq.
Fla. Bar 0780618

800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 18th day of December, 2025:

Dean Kent, Esq.
dkent@trenam.com

Richard Hanchett, Esq.
rhanchett@trenam.com

Steven Pacini, Esq.
Steven.pacini@lw.com

*/s/ Matthew Farmer*
COUNSEL