UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. Case No. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counter-Plaintiff.
_________________________________/

**ORDER**

This is before the Court *sua sponte*. In May 2025, Defendant/Counter-Plaintiff Reliaquest, LLC ("Reliaquest") filed a notice indicating that, after conferral with Plaintiff/Counter-Defendant Aaron Allen ("Allen"), "the parties [were] amendable to a further mediation to address the remaining issues" in this case. (Doc. 78). Then, at a status conference on July 1, 2025, the parties requested a United States Magistrate Judge to conduct the mediation. (Doc. 84). The Court instructed the parties to coordinate with Magistrate Judge Thomas G. Wilson's chambers to schedule the mediation and directed that the mediation occur within the next thirty days. (*Id.*). The mediation was set for July 21, 2025. (Doc. 85).

Between July 14, 2025, and July 16, 2025, Allen filed two motions to continue the settlement conference due to work obligations, the latter of which was unopposed by Reliaquest. (Docs. 86, 88). The Court granted Plaintiff's request and reset the mediation for July 30, 2025. (Docs. 89-91). A couple of days before the mediation, on July 28, 2025, Allen again moved for a continuance that was also unopposed by Reliaquest. (Doc. 92).

This time, Allen requested a six-week continuance "to ensure the participation of any necessary third parties." (*Id.*). The Court again granted Allen's request but directed him to contact chambers to reschedule the mediation if the parties had not settled the matter. (Doc. 93).

No new filings were made in this action until November 3, 2025, when the Court directed the parties to propose a new date for mediation by the end of the week and required the mediation to be completed by December 12, 2025. (Doc. 95). Reliaquest provided that December 10, 2025, was its preferred date (Doc. 96) and Allen confirmed that he was also available at that time (Doc. 97).

Soon thereafter, the undersigned set the mediation for December 10, 2025, at 10:00 am in Tampa, Florida. (Doc. 98). In that Order, the parties were warned that "[u]nless authorized by the Court to appear remotely, counsel and party representatives with full settlement authority must attend in person." (*Id.*). On December 5, 2025, Allen filed a motion to appear via videoconference at the mediation. (Doc. 100). The Court denied that request and reiterated that "[t]he Court expects all parties and their representatives to appear in person." (Doc. 101). No other motions related to the mediation were filed.

Allen did not attend the December 10, 2025, mediation. At the mediation, his attorney represented that Allen had been hospitalized and was unable to travel. The Court then directed Allen to show cause in writing as to why he should not be held in contempt or otherwise sanctioned for failing to appear. (Doc. 103). The parties were also directed at the mediation to confer about whether they wish to resume efforts to mediate this case. All filings were due by December 17, 2025.

Allen filed a timely response to the show cause Order explaining that he had fallen ill and was unable to travel from his residence in Washington, D.C. to Tampa, Florida for the mediation. (Doc. 107). In support, Allen provided a patient summary for a hospital emergency department visit that occurred on December 8, 2025, which provides that Allen was seen and discharged on the same day for a "[v]iral illness" and was directed to take over-the-counter medications for his symptoms after imaging and testing came back normal.[1] (Doc. 108-1). Allen also filed a receipt for his flight from the Washington, D.C. area which states that the ticket was purchased on December 8, 2025, with a departure date of December 9, 2025, and a return date of December 11, 2025. (Doc. 107-1). The ticket had been cancelled, and Allen received a refund. (*Id.*).

In the parties' notices regarding their conferral efforts to determine whether further mediation would be productive, Allen attested that he was "amenable" to resuming mediation efforts (Doc. 105), while Reliaquest indicated that it did not wish to proceed with mediation (Doc. 104).

Federal Rule of Civil Procedure 16 provides that, if a party "fails to obey a scheduling or other pretrial order," a court may sanction them. Fed. R. Civ. P. 16(f)(1). Though a court "must order" the offending party to "pay the reasonable expenses—including attorney's fees—incurred because of" the noncompliance unless the party was "substantially justified [in failing to comply] or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

---

[1] Allen filed his medical documentation separately and asked that it be sealed. (Docs. 108, 108-1). The Court granted his request. (Doc. 109).

Though the Court is sympathetic to Allen's illness, his failure to attend the mediation was not substantially justified. Allen's emergency room visit occurred two days before the mediation and he did not take any action to be excused. Indeed, it appears Allen was well enough to cancel his flight and receive a refund during this time. And, while Allen's attorney represented at the mediation that Allen was hospitalized, his medical summary indicates he was never admitted to the hospital, and he was not at the emergency room on the day of mediation. Allen is therefore required to pay Reliaquest's reasonable expenses in traveling to and attending the December 10, 2025, mediation. *See Puck v. Silverman*, 2023 WL 8679211, at *11 (S.D. Fla. Nov. 7, 2023) (awarding the opposing party its expenses in attending a mediation that the offending party failed to attend), *report and recommendation adopted*, 2024 WL 1340156 (S.D. Fla. Mar. 29, 2024).

And, considering Allen's historical difficulty in attending mediation and Reliaquest's disillusionment with the process, further attempts to mediate are not an efficient use of resources. The mediation will therefore not be rescheduled, and the case will proceed in litigation.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff/Counter-Defendant Aaron Allen was not substantially justified in failing to appear at the Court Ordered mediation on December 10, 2025.

2. Plaintiff/Counter-Defendant Aaron Allen is directed to pay Reliaquest's reasonable expenses in traveling to and attending the December 10, 2025, mediation.

**ORDERED** in Tampa, Florida, on January 6, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE