**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. CASE NO. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counterclaimant.
_______________________________________/

**PLAINTIFF/COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMANT'S AMENDED COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

The Plaintiff/Counter-Defendant, Aaron Allen, (hereinafter, "Allen"), through his undersigned counsel, hereby responds to the corresponding numbered paragraphs of Defendant/Counterclaimant's (hereinafter, "ReliaQuest"'s) Amended Counterclaims. (Doc. 48 at 30-54).

Introduction (Doc. 48 at 30-33)

To the extent a response is elicited, denied.

The Parties

1. Admitted.

2. Admitted as to Counterclaimant's belief, otherwise denied.

## Jurisdiction and Venue

3. Admitted.

4. Admitted.

5. Admitted.

## Factual Background

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Admitted that ReliaQuest terminated Allen on March 21, 2022, otherwise denied.

15. Admitted that the reasons ReliaQuest provided Allen for terminating him were that he "made mistakes" and "did not talk during a meeting with a customer who was threatening to leave"; otherwise denied.

16(a)-(g). Denied.

17. Denied.

18. Admitted that ReliaQuest presented Allen with a Severance Agreement on March 21, 2022 and was told to sign it; otherwise denied.

19. Admitted that ReliaQuest presented Allen with a Severance Agreement on March 21, 2022 and was told to sign it; otherwise denied.

20. Admitted.

21. Admitted that Allen did not participate in the creation of the Severance Agreement but did request removal of the word "covenant"; otherwise denied.

22. Admitted that ReliaQuest removed the word "covenant"; otherwise denied.

23. Admitted.

24. Allen does not object.

25. Denied.

26. Admitted that Allen had an opportunity to consult with an attorney; denied that a consultation occurred before April 4, 2022.

27. Admitted.

28. Admitted that the Severance Agreement provided to Allen provided for the payment of money and other benefits; otherwise denied.

29. Admitted.

30. Admitted.

31. Contains legal conclusions to which no response is required; otherwise denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Admitted.

40. Contains legal conclusions to which no response is required; otherwise denied.

41. Admitted that Allen filed an EEOC charge; otherwise denied.

42. Admitted that the EEOC issued a Right to Sue letter; otherwise denied.

43. Admitted that Allen filed the instant civil action on April 12, 2023; otherwise denied.

44. Admitted that August 1, 2024 Order speaks for itself; otherwise denied.

45. Denied.

46(a)-(f). Without knowledge and therefore denied.

47. Denied.

48. Contains legal conclusions to which no response is required; otherwise denied.

49. Admitted that August 1, 2024 Order speaks for itself; otherwise denied.

50. Denied.

51. Without knowledge and therefore denied.

52. Denied.

53. Denied.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. Without knowledge and therefore denied.

57. Denied.

58. Denied.

<u>Count I</u>

59. To the extent a response is required, Allen hereby incorporates his answers set forth in Paragraph 1 – 58.

60. Contains legal conclusions to which no response is required; otherwise denied.

61. To the extent a response is required, denied.

62. To the extent a response is required, denied.

63. To the extent a response is required, denied.

64. Admitted that Severance Agreement speaks for itself; otherwise denied.

65. To the extent a response is required, denied.

66. Admitted.

67.Admitted that August 1, 2024 Order speaks for itself; otherwise denied.

68. To the extent a response is required, denied.

69. To the extent a response is required, denied.

70. To the extent a response is required, denied.

71. To the extent a response is required, denied.

<u>Count II</u>

72. To the extent a response is required, Allen hereby incorporates his answers set forth in Paragraph 1 – 71.[1]

73. To the extent a response is required, admitted, with the exception that the place of execution is not the place of Allen's current residence.

[1] By incorporating his answers to Paragraphs 1 – 71, Allen does not waive his objection that the Amended Counterclaims constitute an improper shotgun pleading.

74. To the extent a response is required, denied.

75. To the extent a response is required, admitted.

76. Contains legal conclusions to which no response is required; otherwise denied, to the extent a response is required.

77. Contains legal conclusions to which no response is required; otherwise denied, to the extent a response is required.

78. To the extent a response is required, denied.

79. To the extent a response is required, denied.

80. To the extent a response is required, admitted that relevant events occurred in the State of Florida; otherwise denied.

81. To the extent a response is required, denied.

82(a)-(h). To the extent a response is required, denied.

83. To the extent a response is required, denied.

84. To the extent a response is required, denied.

85. To the extent a response is required, admitted that complaint and amended complaint were not voluntarily dismissed; otherwise denied.

86. To the extent a response is required, admitted.

87. To the extent a response is required, denied.

88. To the extent a response is required, denied.

89. To the extent a response is required, denied.

90. To the extent a response is required, denied.

Count III

91. To the extent a response is required, Allen hereby incorporates his answers set forth in Paragraph 1 – 90.[2]

92. To the extent a response is required, denied.

93. To the extent a response is required, denied.

94. To the extent a response is required, denied.

95. To the extent a response is required, denied.

First Affirmative Defense

By incorporating by reference all of the allegations of the preceding counts, ReliaQuest's amended counterclaims constitute an improper shotgun pleading, and should be dismissed.

Second Affirmative Defense

ReliaQuest fails to allege facts sufficient to state a claim upon which relief can be granted.

Third Affirmative Defense

ReliaQuest's alleged damages, if any, are too speculative to permit recovery.

[2] By incorporating his answers to Paragraphs 1 – 90 (not 1-91 as paragraph 91 alleges), Allen does not waive his objection that the Amended Counterclaims constitute an improper shotgun pleading.

<u>Fourth Affirmative Defense</u>

The amended counterclaims fail to state a claim upon which an award of attorneys' fees and costs may be granted.

<u>Fifth Affirmative Defense</u>

The amended counterclaims, and every purported claim alleged therein, is barred because any recovery from Allen would result in ReliaQuest's unjust enrichment.

<u>Sixth Affirmative Defense</u>

Allen denies every allegation in the amended counterclaims that Allen has not specifically admitted and demands strict proof thereof with respect to all allegations.

<u>Seventh Affirmative Defense</u>

To the extent ReliaQuest seeks non-monetary relief, any such relief is precluded because it has an adequate remedy at law.

<u>Eighth Affirmative Defense</u>

Allen has not knowingly or intentionally waived any applicable affirmative defenses and reserves his right to assert and rely on such other applicable defenses, including, but not limited to, inequitable conduct, as may become available or apparent as facts become known through discovery. Allen reserves the right to amend or supplement his affirmative

defenses and answer when and if appropriate after an opportunity for investigation and discovery.

## Prayer for Relief

WHEREFORE, Allen respectfully requests that the Court:

1. Order that ReliaQuest take nothing on its amended counterclaims;

2. Dismiss ReliaQuest's amended counterclaims against Allen and any claim therein in their entirety with prejudice;

3. Order that judgment on the amended counterclaims be entered in Allen's favor;

4. Deny restitution to ReliaQuest;

5. Grant Allen an award of attorney's fees and costs incurred in this action; and

6. Award Allen such other and further relief as this Court may deem appropriate.

## Demand for Jury Trial

Allen demands a trial by jury on all issues so triable.

Dated: January 20, 2026.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469

*/s/ Timothy Fitzgerald*
Timothy Fitzgerald, Esq.
Fla. Bar 0780618

800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 20th day of January, 2026:

Dean Kent, Esq.
dkent@trenam.com

Richard Hanchett, Esq.
rhanchett@trenam.com

Steven Pacini, Esq.
Steven.pacini@lw.com

*/s/ Matthew Farmer*
COUNSEL