**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter Defendant,

v. Case No.: 23-cv-00806-KKM-MEP

RELIAQUEST, LLC.

Defendant/Counterclaimant.
_______________________________/

**RELIAQUEST, LLC'S NOTICE OF EXPENSES INCURRED IN CONNECTION WITH PREPARING FOR AND ATTENDING DECEMBER 10, 2025, MEDIATION**

ReliaQuest, LLC ("ReliaQuest"), pursuant to the Court's January 6, 2026 Order (Doc. 112) finding that Aaron Allen ("Allen") was not substantially justified in failing to appear at the December 10, 2025, mediation and directing payment of reasonable expenses to ReliaQuest, hereby provides notice of ReliaQuest's expenses incurred in preparing for and attending the mediation.

Attached as **Exhibit A** are excerpts from Trenam Law's contemporaneously generated time entries and billing invoice reflecting the time spent by Trenam Law attorneys and the fees and expenses incurred by ReliaQuest in connection with preparation for and attendance at the December 10, 2025 mediation.

Attached as **Exhibit B** is a declaration from Dean A. Kent of Trenam Law: (i) describing the firm and his qualifications; (ii) explaining the general nature of the

time and expense entries set forth in **Exhibit B**; (iii) confirming that the charges reflected in **Exhibit B** were incurred, entered into Trenam Law's billing system as part of its normal practice, billed to ReliaQuest, and that such amounts have been paid by ReliaQuest.

Thus, pursuant to this Court's January 6, 2026, Order, ReliaQuest requests this Court specifically find that **$ 5,887.00** is the amount of reasonable expenses it incurred for Trenam Law's preparation and attendance at the December 10, 2025, mediation at which Allen failed to appear and award ReliaQuest that amount as a sanction, with payment to be made on a date certain or otherwise enter judgment in such amount to ReliaQuest.

Respectfully submitted,

*/s/ Dean A. Kent*

Dean A. Kent
Florida Bar No. 307040
Email: dak@trenam.com/ ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553

Steven J. Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116

Tel: (617) 948-6000
Fax: (617) 948-6001
Email: steven.pacini@lw.com
*Attorneys for ReliaQuest, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing ReliaQuest, LLC's Notice of Expenses Incurred in Connection with Preparing for and Attending December 10, 2025, Mediation has been furnished to all counsel of record via CM/ECF on January 22, 2026.

/s/ Richard M. Hanchett
Attorney

TRENAM LAW

Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.
P.O. BOX 1102
Tampa, FL 33601-1102
(813) 223-7474
Tax Identification No. 59-1772042

Jody P. Keeling
Reliaquest, LLC
jkeeling@reliaquest.com

January 6, 2026
Invoice # 753196
ID: 0070879/231927
DAK/451715

**SUMMARY OF EXCERPTED TIME ENTRIES RELATED TO DECEMBER 10, 2025, MEDIATION**

| | | | |
|---|---|---|---|
| 12/05/25 | Review notice of appearance of new Allen counsel and emails with client re: same (.3); draft and revise mediation statement and request client information (1); analysis of damages (.3). | 1.60 | DAK |
| 12/05/25 | Receive and review Allen motion to appear at mediation by video and exchange emails with Mr. Kent re: same; receive and review email from Mr. Keeling re: revisions to mediation statement. | 0.20 | RMH |
| 12/08/25 | Read and analyze Allen's motion to attend mediation via Zoom (.3); read and forward court order denying Allen's motion (.2); edit and expand mediation statement and review amended complaint, motion for sanctions and amended counterclaims (1.5); conduct/calculate prejudgment interest amounts and statute interest on contract claim (.6); finalize and forward to Judge Flynn ReliaQuest's mediation statement (.2). | 2.80 | DAK |
| 12/08/25 | Receive and review multiple emails re: revisions to and additional information for inclusion in mediation statement; receive and review endorsed order denying motion to permit remote attendance at mediation. | 0.40 | RMH |
| 12/09/25 | Prepare for mediation-review all pleadings, filings and damages calculations (1.6); emails with opposing counsel re: Allen "illness" (.2). | 1.80 | DAK |
| 12/10/25 | Preparation, travel and attendance and pre-mediation client discussions at Court ordered mediation at Courthouse with Judge Flynn (2); discussions with Allen's counsel re: mediation (.3); review Court order re: Order to Show Cause and minute entry and separate Order to Show Cause (.3). | 2.60 | DAK |

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,
Plaintiff/Counter Defendant,

v. Case No.: 23-cv-00806-KKM-MEP

RELIAQUEST, LLC.
Defendant/Counterclaimant.
_______________________________/

**DECLARATION OF DEAN A. KENT IN SUPPORT OF AWARD OF RELIAQUEST'S DECEMBER 10, 2026 MEDIATION EXPENSES**

I, Dean A. Kent declare and state as follows:

1. I submit this declaration pursuant to this Court's January 6, 2026, Order finding that Plaintiff, Aaron Allen ("Allen"), was not substantially justified in failing to appear at the Court Ordered December 10, 2025, mediation and directing payment of expenses to ReliaQuest

2. I am a member in good standing of The Florida Bar. I am an equity partner in the Trenam law firm ("Trenam"), and practice in the areas of complex commercial litigation, intellectual property, and employment law.

3. I am an experienced trial lawyer and have tried cases in both state and federal court. I have practiced law since 2000.

4. I am the local counsel in charge of Trenam Law's overall representation of ReliaQuest in this suit.

**EXHIBIT B**

5. I am the co-head of Trenam Law's commercial litigation practice group and chair of its intellectual property litigation practice and A-V rated by Martindale Hubble.

6. My standard hourly rate billed to ReliaQuest for all time entries material to this request for expenses is $625 an hour.

7. In addition, Richard Hanchett of Trenam Law provides legal services to ReliaQuest in this matter to assist with employment law specific issues. Mr. Hanchett is the former head of Trenam Law's employment law group, has practiced law for over 37 years, is A-V rated by Martindale Hubbel, is a shareholder of Trenam Law, and a graduate of Yale Law School.

8. Mr. Hanchett's standard hourly rate billed to ReliaQuest for all time entries material to this request for expenses is $645 an hour.

9. Trenam is a regional firm with offices in Tampa, Florida, St. Petersburg, Florida, and Sarasota, Florida that was founded in 1970 with currently over 100 attorneys. Trenam has a statewide practice and ranks among the top law firms in the Middle District of Florida in size and breadth of practice.

10. Trenam and its attorneys are listed in third party publications and directories including, The Best Lawyers in America, Chambers USA, Florida Super Lawyers, Florida Trend, Legal Elite, Martindale Hubbell, and U.S. News & World Report Best Law Firms.

11. Trenam Law attorneys routinely practice before courts in the Middle District and are awarded attorneys' fee and costs based upon Trenam's established billing rates. In addition, Richard Hanchett and I work on a variety of complex civil cases in the Middle District.

12. As part of my responsibility as local counsel, I have personally reviewed all invoices sent to ReliaQuest in this matter for services and I am knowledgeable regarding the billing rates and tasks undertaken by Trenam Law attorneys, paralegals, and staff in connection with the matter.

13. All of the attorneys' fees identified in ReliaQuest's request for expenses, as reflected in the excerpted time entries on **Exhibit A** to the Notice provided in support of ReliaQuest's expenses (the "Notice"), are based on records maintained by Trenam in the normal course of its business and obtained from an invoice issued to ReliaQuest.

14. I believe the attorneys' fees that were billed to ReliaQuest in connection with our firm's preparation and attendance at the December 10, 2025 mediation are appropriate, reasonable and well within the standard in our firm and other reginal firms for cases of this type and complexity.

15. When Trenam sets its hourly rates for attorneys, it is aware of and considers the rates being charged by competitor firms in the market for similar legal services. The rates of the Trenam legal team are consistent with or generally

lower than the rates charged by regional, full-service law firms with complex commercial litigation and trial experience that practice before this Court.

16. **Exhibit A** to the Notice is a copy of the relevant, excerpted time entries from the invoice sent to ReliaQuest in the matter reflecting the amount of attorney time incurred and the hourly rates charged related to the December 10, 2025 mediation.

17. Should the Court wish to review an unexcerpted version of the invoice to evaluate the requested charges, it will promptly be made available to the Court for in camera review.

18. As reflected in **Exhibit A** to the Notice, the fees incurred by ReliaQuest for the work performed by Trenam's attorneys in connection with December 10, 2025 totals **$5,887.00**.

***Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.***

Executed on January 22, 2026.

Dean A. Kent, Esq.
Trenam Law