**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. Case No. 8:23-CV-00806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counterclaimant,

______________________________

## Revised, Uniform Case Management Report[1]

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the revised planning conference on January 20, 2026, via telephone at 10:30 a.m. In attendance were:

(i) Dean A. Kent, Esq., local counsel for Counterclaim Plaintiff, ReliaQuest, LLC ("ReliaQuest"), and

(ii) Matt Farmer, Esq., counsel for Counter-Defendant, Aaron Allen ("Allen").

---

[1] This Revised Case Management Report is submitted per this Court's January 15, 2026, Order (Doc. 116).

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | completed |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 02/27/2026 |
| Deadline for completing fact discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 04/30/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2),including any report required by Rule 26(a)(2)(B). | |
| Plaintiff | completed |
| Defendant | completed |
| Rebuttal | completed |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 06/01/2026 |

| Action or Event | Date |
|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>The Mediator is to be determined by mutual agreement of the parties | completed |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 04/21/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 08/13/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 09/11/2026 |
| Month and year of the trial term. | 10/1/2026 |

The trial will last approximately one (1 ) day and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

BY COUNTERCLAIMANT:

After he was terminated for poor performance, Allen executed a the Severance Agreement, in return for which he received a substantial payment. The Severance Agreement contains a release provision that "[i]n exchange for the consideration" in the agreement, Allen "hereby releases and forever discharges ReliaQuest from any and all claims, actions, demands, and causes

of action . . . which [Allen] may have had, or may now have against ReliaQuest." Sev. Agr. ¶ 6.

Allen filed an EEOC charge and then, after receiving a right to sue letter, this lawsuit seeking recovery for the very claims he released via employment discrimination claims for race discrimination in violation of Title VII (Counts I, III); race discrimination in violation of the Florida Civil Rights Act (FCRA) (Counts II, V); race discrimination in violation of 42 U.S.C. § 1981 (IV); retaliation in violation of Title VII (Count VI); and religious discrimination in violation of Title VII (Count VII). (Doc. 32 ¶¶ 37–81). Allen also asserted claims for negligent misrepresentation claim (Count IX) and the following contract claims, all based on alleged ReliaQuest's statements, which are disputed, that Allen could sue after signing the agreement: fraud in the inducement (Count VIII); recission of severance agreement (mutual mistake) (Count X); and recission of severance agreement (unilateral mistake) (Count XI). Id. ¶¶ 82–127.

Knowing that it is fatal to his claims, Allen, via his prior counsel the Tygar firm, continued with their efforts to invalidate the Separation Agreement by advancing a number of far-fetched arguments, none of which are supported by the law or the facts. Such arguments are further belied by a conversation that the Tygar firm had with Steven Pacini of Latham in which it was admitted that the firm was fully aware of the Separation Agreement prior to filing suit.

In August of 2024, the Court ruled that the language of the Severance Agreement is clear and unambiguous in preventing Allen from recovering damages and should be properly construed as a covenant not to sue and granted ReliaQuest summary judgment on such issue. (Doc. 47). After this ruling, Allen continued undaunted to advance his unsupported legal theories in an attempt to circumvent the Severance Agreement's restrictions by claiming it was not executed knowingly and voluntarily.

In May of 2025, the Court next ruled that the "totality of the circumstances shows that Allen entered into the agreement knowingly and voluntarily," which unequivocally precluded the employment discrimination claims Allen asserted in this lawsuit seeking damages from ReliaQuest and all such claims were dismissed. (Doc. 77). Specifically, the Court ruled that "no reasonable jury could conclude, based on the totality of the circumstances, that Allen did

not sign the release agreement knowingly and voluntarily, and thus summary judgment in ReliaQuest's favor on Counts I–VII is warranted. Id.

In addition, in the May 2025 Order, the Court determined that Allen's contract based claims asserted all failed as a matter of law and ReliaQuest entitled to summary judgment on Allen's contract-related claims. Id. Thus, ReliaQuest obtained summary judgment on all counts in the amended complaint asserted by Allen. Id.

What now remains for determination, however, are ReliaQuest's amended counterclaims for Allen's breach of the severance agreement by filing the action, breach of the implied covenant of good faith and fair dealing, and, in the alternative, unjust enrichment. Am. Countercls. ¶¶ 59–95. The counterclaims seek the return of the consideration paid to Allen under the Severance Agreement and ReliaQuest's attorneys' fees and costs from Allen as the measure of its damages for breach of a covenant not to sue, which the Court has already determined in analyzing Allen's Motion to Dismiss and Motion to Strike, as a matter of law, to be an appropriate measure of damage arising from the breach of the relevant covenant not to sue. (Doc. 76).

<u>BY COUNTER-DEFENDANT</u>:

The sole matter for the Court's consideration is ReliaQuest's, the Counterclaimant's, three amended counterclaims, found at Doc. 48 at 30-54. The counterclaims are: breach of the severance agreement (Count One); breach of an "implied covenant of good faith" (Count Two); and unjust enrichment (Count Three). At issue are questions of liability and damages. The Counter-Defendant, Aaron Allen, denies liability for all three claims against him, and demands strict proof. Similarly, in the event liability is determined by the jury as to any of the three counterclaims, Allen disputes Reliaquest's theory of damages.

4. ☒ **The parties have filed their disclosure statements as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.**

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

Defendant filed a Notice of a Related Action on May 30, 2023, disclosing the administrative charge Plaintiff filed with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, which has been closed.

**6. Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties request a preliminary pretrial conference, and ReliaQuest wants to discuss any dispositive motion ruling(s) still pending at such time and, if dispositive relief is granted, whether submissions of briefs or an evidentiary hearing on damages would be more appropriate than conducting a jury trial limited to damages issues.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.

☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

ReliaQuest will seek discovery on its amended counterclaims regarding Plaintiff's and his counsel's breach of the separation agreement, bad faith litigation, to establish its damages as asserted in the amended counterclaims, and to support its claims for dispositive relief prior to trial and any pending motions.

C. Discovery should be conducted in phases:

☒ No.

☐ Yes.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.

☐ Yes; The Parties should be specifically directed and put on notice to preserve all potentially relevant ESI and other records and data, including personal phone messages, emails, etc. in connection with this matter, all of which may go to show Plaintiff was aware of and understood the agreement, and issues surrounding the reason for his termination, including allegations of his subpar performance, and communications with Plaintiff by ReliaQuest and its agents.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ *Steven Pacini*_______________
STEVEN J. PACINI, Esq.
Mass Bar No. 676132
Steven.Pacini@lw.com
Latham &Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4516
Counsel for ReliaQuest

/s/ *Dean A. Kent*______________
DEAN A. KENT
Florida Bar No. 307040
dkent@trenam.com; ac@trenam.com
TRENAM LAW
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Local counsel for ReliaQuest

Dated: January 22, 2026.

**FARMER & FITZGERALD, P.A.**

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469

/s/ Timothy Fitzgerald
Timothy Fitzgerald, Esq.
Fla. Bar 0780618
800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

Dated: January 22, 2026.