**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. CASE NO. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counterclaimant.
_______________________________________/

**PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE IN OPPOSITION TO "RELIAQUEST, LLC'S NOTICE OF EXPENSES INCURRED IN CONNECTION WITH PREPARING FOR AND ATTENDING DECEMBER 10, 2025, MEDIATION" (DOC. 118)**

The Plaintiff/Counter-Defendant, Aaron Allen, ("Allen"), through his undersigned counsel, hereby responds to "ReliaQuest, LLC's Notice of Expenses Incurred in Connection with Preparing for and Attending December 10, 2025, Mediation." (Doc. 118).

For the following reasons, the expenses claimed by the Defendant/Counterclaimant, ReliaQuest, LLC ("ReliaQuest"), are only minimally authorized by the Court's Order (Doc. 112), and an award of expenses should be limited accordingly.

## MEMORANDUM OF LAW

According to the Order, in pertinent part, "Allen is ... required to pay Reliaquest's reasonable expenses in traveling to and attending the December 10, 2025, mediation." (Doc. 112 at 4). Concluding its Order, this Court reiterated the precise scope of the expenses it awarded: "Plaintiff/Counter-Defendant Aaron Allen is directed to pay Reliaquest's reasonable expenses in traveling to and attending the December 10, 2025, mediation." *Id*. The Order is unambiguous. As a sanction for Allen's non-appearance, ReliaQuest is entitled only to its reasonable expenses for travel to, and attendance at, the scheduled mediation.

As the title of its Notice implies, ReliaQuest nonetheless seeks payment for expenses "incurred in preparing for and attending the mediation." (Doc. 118 at 1). First, Allen does not oppose the claim to the extent it reflects expenses for ReliaQuest's representatives' attendance at the mediation.[1] He also does not oppose the claim as it embraces these representatives' travel to the mediation, which does not appear to be included in ReliaQuest's claim. However, Allen opposes the claim for time spent on preparing for the mediation, an expense that is *not* contemplated

---

[1] According to the minutes – the term is especially apt here - of the December 10, 2025, mediation, three individuals attended the four-minute mediation on ReliaQuest's behalf, Dean Kent, Dan Silver, and Stephanie Pareda. (Doc. 102).

by the Order (Doc. 112). Attorneys' fees claimed for preparing for the mediation represents the lion's share of ReliaQuest's claimed expenses. *See* (Doc. 118 at 4) (Ex. "A").

Allen, then, respectfully submits that ReliaQuest's claim should be denied without prejudice to resubmit a claim for the "reasonable expenses in traveling to and attending the December 10, 2025, mediation" (Doc. 112 at 4), as authorized by this Court's Order.

WHEREFORE, Allen responds in opposition to ReliaQuest's Notice of Expenses.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469

*/s/ Timothy Fitzgerald*
Timothy Fitzgerald, Esq.
Fla. Bar 0780618

800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 30th day of January, 2026:

Dean Kent, Esq.
dkent@trenam.com

Richard Hanchett, Esq.
rhanchett@trenam.com

Steven Pacini, Esq.
Steven.pacini@lw.com

/s/ *Matthew Farmer*
COUNSEL