**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter-Defendant,

v. CASE NO. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counterclaimant.
_____________________________________/

**PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO ORDER DIRECTING STATEMENT OF PARTIES' POSITIONS ON COURT'S DISCRETIONARY EXERCISE OF SUPPLEMENTAL JURISDICTION (DOC. 124)**

Aaron Allen, the plaintiff/counter-defendant, hereby responds to this Court's Order. (Doc. 124). In its Order, the parties are directed to address the question whether this Court should decline to exercise its discretion, pursuant to 28 U.S.C. § 1367(c)(3), to assume supplemental jurisdiction over ReliaQuest's counterclaims, all of which assert state law claims. *Id.*[1]

[1] This Court directed the parties to consider its opinion in *Stalley v. Cumbie*, 586 Supp. 3d 1211, 1249 (M.D. Fla. 2022), *aff'd*, 124 F. 4th 1273 (11th Cir. 2024).

## MEMORANDUM OF LAW

In its May 1, 2025, Order (Doc. 77), this Court granted ReliaQuest's motion for summary judgment on all of Allen's claims, which were asserted under both federal and state law. ReliaQuest's counterclaims, all based on state law, remained for adjudication. *Id.* No federal claim remains in the case. *Id.*

The governing statute states: "The district courts may decline to exercise supplemental jurisdiction over a [state law] claim if...the district court has dismissed all claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In *Vibe Micro, Inc. v. Shabanets,* 878 F. 3d 1291 (11th Cir. 2018), the Eleventh Circuit reasoned that, "When all federal claims are dismissed before trial, a district court should typically dismiss the [supplemental] state claims as well." *Id.* at 1296, *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The *Vibe Micro* court continued, '"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise supplemental jurisdiction over the remaining state-

law claims.'" *Id., quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n. 7 (1988). The Eleventh Circuit concluded, "We find this to be particularly the case where, as here, the dismissal occurs without any analysis of the merits of the state law claims," and reasoned that the state law claims should be dismissed without prejudice to refiling in state court. *Id.*

Applying the same factor here, though, the fact that this Court engaged in an extensive analysis of the merits of the state law claims weighs against declining to exercise supplemental jurisdiction over the state-law counterclaims. Allen recognizes that, in its 13-page Order denying Allen's motion to dismiss the counterclaims, (Doc. 76) (April 17, 2025), this Court thoroughly evaluated the merits of ReliaQuest's three claims, (albeit on the motion to dismiss, rather than the motion for summary judgment, standard).

Accordingly, applying the *Vibe Micro* factor, Allen acknowledges that this Court may reasonably exercise its discretion to retain supplemental jurisdiction over ReliaQuest's three state law counterclaims.

WHEREFORE, Allen provides his response to this Court's Order. (Doc. 124).

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469

*/s/ Timothy Fitzgerald*
Timothy Fitzgerald, Esq.
Fla. Bar 0780618

800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 28th day of February, 2026:

Dean Kent, Esq.
dkent@trenam.com

Richard Hanchett, Esq.
rhanchett@trenam.com

Steven Pacini, Esq.
Steven.pacini@lw.com

*/s/ Matthew Farmer*
COUNSEL