**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AARON ALLEN,

Plaintiff/Counter-defendant,

v. Case No.: 8:23-cv-00806-KKM-AEP

RELIAQUEST, LLC,

Defendant/Counterclaimant.
_______________________________________/

**RELIAQUEST, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THE COURT'S EXERCISE OF SUPPLEMENTAL JURISDICTION**

Defendant, ReliaQuest, LLC ("ReliaQuest"), by and through its undersigned counsel, responds to the Court's Order permitting the parties to address whether the Court should exercise supplemental jurisdiction over ReliaQuest's Amended Counterclaims, which are claims under state law. (Doc. 124). ReliaQuest requests the Court, in its discretion, to continue exercising supplemental jurisdiction over the Amended Counterclaims and, in support, states as follows:

Plaintiff filed this action in federal court asserting both federal employment law and associated state law claims. The Court has either dismissed or entered judgment in ReliaQuest's favor on all of Plaintiff's claims. (Doc. 1). Only ReliaQuest's Amended Counterclaims against Plaintiff remain at issue. (Doc. 48).

Under the circumstances of this case, considerations of judicial economy, convenience, fairness to the parties, and comity all weigh in favor of the Court's continued exercise of its supplemental jurisdiction over ReliaQuest's Amended Counterclaims. Although district courts are limited per Article III of the U.S. Constitution and "encouraged" to decline to exercise supplemental jurisdiction where all claims over which they had original jurisdiction have been dismissed, "[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citations and internal quotations omitted) (noting that a district court's "exercise of its discretion under § 1367(c) is not a jurisdictional matter" and "the court's determination may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect").

Before declining to exercise supplemental jurisdiction over state law claims that remain after dismissal of claims within its original jurisdiction, a court must analyze the discretionary factors set forth in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). These factors include judicial economy, convenience, fairness to the parties, and comity. *Id.* (citing *Gibbs*, 383 U.S. at 725–26); *Ameritox, Ltd. v. Millenium Lab'ys, Inc.*, 803 F.3d 518, 532 (11th Cir. 2015). In this instance,

each of these factors weighs in favor of the Court continuing to exercise supplemental jurisdiction over the Amended Counterclaims.

**I. Judicial Economy.**

Judicial resources will be conserved by the Court continuing to exercise supplemental jurisdiction over ReliaQuest's Amended Counterclaims. "[T]he policy of supplemental jurisdiction is to support the conservation of judicial energy and avoid multiplicity in litigation." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th Cir. 2006) (citations omitted). "Having a state court rehash issues that have already been argued in federal court is . . . likely to cause multiplicity in litigation . . ." *Id.* Accordingly, in exercising its discretion, "[a] court should retain jurisdiction over state law claims 'where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort.'" *Parker*, 468 F.3d at 746 (quoting *Graf v. Elgin, Joliet and E. Railway Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)) (noting the district court had "handed down 18 orders, ruling on more than 40 motions").

Here, the Court has already determined legal and factual issues material to the resolution of the Amended Counterclaims, finding specifically that: the terms of the Severance Agreement, including the release, are clear and unambiguous, *see* Court's Order (Doc. 47) pp. 7–8; Florida's litigation privilege does not preclude ReliaQuest's recovery of attorneys' fees it incurred in defense of Plaintiff's

affirmative claims, and if ReliaQuest prevails on its counterclaims the proximately caused and "reasonably foreseeable" damages arising as a direct consequence of the litigation would include attorneys' fees, *see* Court's Order (Doc. 76) p. 8; Plaintiff entered into the Severance Agreement knowingly and voluntarily, *see* Court's Order (Doc. 77) p. 8; and the affirmative claims made by Plaintiff against ReliaQuest in this action fall within the scope of the release contained in Section 6 of the Severance Agreement, *see* Court's Order (Doc. 47) p. 8; Court's Order (Doc. 77) p. 17. If the Court now declines to continue exercising supplemental jurisdiction over ReliaQuest's counterclaims it will result in multiplicity in litigation. ReliaQuest will have to draft and file a new state court suit, serve the complaint on Plaintiff, and deal with any motions directed to the complaint. Then, ReliaQuest will have to persuade a state court, unfamiliar with the parties, the issues, and the procedural history of this case, to apply the doctrine of collateral estoppel to prevent re-litigation of the above-cited issues already decided by this Court. Even in a best-case scenario, any new litigation regarding ReliaQuest's claims in state court will involve the unnecessary expenditure of the state court's and the parties' time and resources.

This case has been pending since April 2023, and nearly a year has passed since the Court dismissed the claims over which it had original jurisdiction in May 2025. (Doc. 77). Since Plaintiff improvidently initiated this action in this Court, the parties have filed various motions for relief, and filed responses thereto, and the

Court has, among other rulings, decided ReliaQuest's Motion for Judgment on the Pleadings, (Doc. 31), ReliaQuest's Motion to Dismiss, which the Court construed as a motion for summary judgment, (Doc. 47), Plaintiff's Motion to Dismiss and Strike, (Doc. 76), ReliaQuest's Motion for Summary Judgment, (Doc. 77), and ReliaQuest's Motion for Default Judgment on the Amended Counterclaims. (Doc. 115). As Plaintiff notes in his brief on the Court's exercise of supplemental jurisdiction (in which Plaintiff agrees that this Court should retain jurisdiction over the Amended Counterclaim), the Court thoroughly evaluated the merits of ReliaQuest's state law claims when it ruled on Plaintiff's Motion to Dismiss directed to the Amended Counterclaims. Pl.'s Brief (Doc. 125) p. 3.

To the extent the Court believes the parties are responsible for the waste of judicial resources, and that this factor should thus weigh against the continued exercise of supplemental jurisdiction, *see Ameritox, Ltd.*, 803 F.3d at 537–39, ReliaQuest notes that, in response to the procedural delays caused by Plaintiff's failure to respond and defend against the Amended Counterclaims in a timely manner, and at the Court's direction, ReliaQuest moved for entry of default and default judgment against Plaintiff (the "Default Motion"). *See* Court's Order (Doc. 79); Def.'s Mot. for Default J. (Doc. 80). The Court denied the Default Motion in favor of permitting Plaintiff to litigate the merits of ReliaQuest's state law claims asserted in the Amended Counterclaims. *See* Court's Order (Doc. 115) p. 2.

A dismissal requiring that a new state court action be initiated to pursue the relief sought by ReliaQuest, after years of litigation in this Court including approximately nine months after Plaintiff's federal claims were dismissed, would sacrifice and squander the substantial judicial resources this Court has already committed to the resolution of this litigation, including its due consideration of the legal and factual issues already ruled upon. Under these circumstances, the factor of judicial economy weighs in favor of the Court continuing to exercise supplemental jurisdiction to resolve ReliaQuest's Amended Counterclaims.

Importantly, as referenced on the record at the February 24, 2026, status conference before Magistrate Judge Porcelli, ReliaQuest has prepared a motion for summary judgment on the Amended Counterclaims that will be filed after counsel for the parties confer on the joint statement of material facts as required by the Court's preferences.[1] *See* Court's Order (Doc. 41) at § 9(b). Ruling on ReliaQuest's soon-to-be-filed dispositive motion will necessarily involve the Court's consideration and application of legal and factual findings already made in this litigation to the undisputed facts, noted *supra*.

## II. Convenience.

[1] Plaintiff's counsel's preplanned travel may affect the parties' ability to complete their required conferral on the proposed joint statement of material facts before March 6, 2026, seven days after provision of a proposed joint statement of material facts. As stated at the February 24, 2026, status conference, ReliaQuest plans to file its motion for summary judgment as soon as counsel for the parties have an opportunity to confer meaningfully and in good faith.

The convenience factor weighs in favor of the Court's continued exercise of supplemental jurisdiction as supported by the fact that neither party has cited any issue with convenience. *See Parker*, 468 F.3d at 746 (finding any inconvenience of the exercise of supplemental jurisdiction by the district court would be minor where "the distance from the property in question to the federal courthouse in Atlanta is a mere 36 miles" and no party raised an objection to having their witnesses travel to Atlanta to try the case in federal court); *cf. Stalley v. Cumbie*, 586 F. Supp. 3d 1211, 1250 (M.D. Fla. 2022) (finding convenience to the parties favored declining jurisdiction where the plaintiff originally filed the case in Lake County, Florida, the site where the alleged wrongful death took place was located in Lake County, and the site was more than 50 miles from the federal courthouse in Ocala).

If the Court declines to exercise supplemental jurisdiction over the Amended Counterclaims, a new suit would have to be filed in state court to address ReliaQuest's counterclaims, and the issues remaining for determination in this litigation would simply move a few blocks down and over to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County. Geographically, this forum and the state forum are equally convenient for the parties. In fact, this Court is arguably a more convenient forum due to its flexibility in primarily conducting hearings via Zoom and the submission of court filings via CM/ECF. And, as discussed *supra*, re-litigation in state court of issues this Court has already analyzed

and decided after complete briefing by both parties will cause inconvenience by further delaying the resolution of this dispute and increasing the parties' litigation costs, especially when a dispositive motion is to be filed shortly by ReliaQuest as explained above. Accordingly, the convenience factor weighs in favor of the Court's exercise of supplemental jurisdiction.

**III. Fairness to the Parties.**

A dismissal in favor of state court resolution, after years of litigation in this Court and approximately nine months of litigation via the Court's exercise of supplemental jurisdiction after the dismissal of Plaintiff's federal claims, would be unfair to the parties. This is especially true since ReliaQuest is only seeking to recover the benefit of the bargain it struck in the Severance Agreement. Any additional state court process would cause the parties to incur unnecessary legal fees and costs and needlessly delay the resolution of this litigation, which ReliaQuest believes will likely imminently follow its filing of the forthcoming motion for summary judgment in this Court, if supplemental jurisdiction is exercised. Notably, in this case, unlike *Stalley,* the Court did not immediately decline to exercise supplemental jurisdiction over the state law claims that remained after the dismissal of the claims within the Court's original jurisdiction in May 2025.

A dismissal essentially requiring refiling of ReliaQuest's claims in state court would be especially unfair to ReliaQuest. As previously determined by this Court,

Plaintiff sued ReliaQuest for damages based on claims of discrimination that Plaintiff contractually released. As a result of Plaintiff's suit—which ReliaQuest never should have had to defend in the first place— ReliaQuest spent more than two years in this Court litigating the merits of its affirmative defenses against Plaintiff's claims. The Court has decided complex issues material to the determination of the forthcoming motion for summary judgment on ReliaQuest's counterclaims against Plaintiff. A dismissal of the state law counterclaims and requirement that a new case be filed in state court at this juncture would unfairly delay ReliaQuest's establishment of liability and associated recovery of the damages caused by Plaintiff's breach of the Severance Agreement. Thus, under the circumstances of this case, the fairness factor weighs in favor of the Court exercising supplemental jurisdiction over the remaining state law claims.

**IV. Comity.**

Finally, comity weighs in favor of the Court exercising supplemental jurisdiction. "[N]ovel and complex state-law questions implicate comity and thus favor remand or dismissal." *Parker v. Exterior Restorations, Inc.*, 601 F. Supp. 3d 1221, 1236 (S.D. Ala. 2022). "In contrast, when only 'relatively simple questions of state law' are present, comity weighs in favor of retaining jurisdiction of the state claims." *Id.* (quoting *West v. City of Albany*, 830 F. App'x 588, 597 (11th Cir. 2020)). While state courts, not federal courts, "'should be *final arbiters* of state law in our

federal system'" and "'are the *final expositors* of state law[,]'" these propositions "reflect that state courts should, and ultimately do, decide what state law *is*; neither suggests that only state courts should ever decide unremarkable cases simply because they require the application of settled state law." *Id.* at 1235–36 (emphasis in original) (other internal quotations and citations omitted) (quoting *Ameritox, Ltd.*, 803 F.3d at 540)) (noting that "comity favored dismissal of the supplemental state claims in *Ameritox* because otherwise the federal court would be 'creating law'").

ReliaQuest's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment do not involve novel or complex issues of Florida law. *See Parker*, 468 F.3d at 743–44 (citing *Myers v. Richland Cnty.*, 288 F. Supp. 2d 1013, 1018 (D.N.D. 2003)). Instead, they require the application of settled state contract law, primarily the existence of a contract, a material breach, and damages, to facts that are now largely undisputed. Thus, comity weighs in favor of the Court exercising supplemental jurisdiction to resolve ReliaQuest's Amended Counterclaims in this Court.

Based on the foregoing, the *Gibbs* factors weigh in favor of this Court's exercise of supplemental jurisdiction over ReliaQuest's Amended Counterclaims. Accordingly, ReliaQuest requests the Court retain jurisdiction and permit this action to proceed in federal court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant ReliaQuest, LLC's Memorandum of Law in Support of the Court's Exercise of Supplemental Jurisdiction has been furnished to all counsel of record via CM/ECF on March 5, 2026.

Respectfully submitted,

*/s/ Dean A. Kent*

Dean A. Kent
Florida Bar No. 307040
dak@trenam.com/ ac@trenam.com
Richard Hanchett
Florida Bar No. 709212
rhanchett@trenam.com/ ac@trenam.com
**TRENAM LAW**
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474
Fax: (813) 229-6553
*Attorneys for ReliaQuest, LLC*