UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ALLEN,

      Plaintiff,

v.

                                        Case No. 8:23-cv-806-KKM-AEP

RELIAQUEST, LLC,

      Defendant.

_____

## ORDER

Aaron Allen sued his former employer, ReliaQuest, LLC, for race discrimination and religious discrimination under Title VII of the Civil Rights Act, among other things. *See* Am. Compl. (Doc. 32). Allen's federal claims provided the Court's jurisdiction under 28 USC § 1331. *See id.* ¶ 2. ReliaQuest counterclaimed for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, alleging that Allen signed a severance agreement that prohibited him from bringing certain employment-related claims. *See* Am. Ans. & Countercls. (Doc. 48). Allen moved to dismiss those claims, which I denied. (Docs. 50, 76). ReliaQuest moved for summary judgment on Allen's affirmative claims, and I granted its motions.[1] *See* (Docs. 35, 47, 59, 77).

---

[1] ReliaQuest first moved to dismiss the claims, which I construed as a motion for summary judgment and granted in part. *See* (Docs. 35, 47).

Only ReliaQuest's state law counterclaims remain pending, and I invited the parties to address whether this Court should continue to exercise supplemental jurisdiction over those counterclaims. *See* (Doc. 124) (citing 28 U.S.C. § 1367(c)(3)). Although the parties request this Court to retain jurisdiction and adjudicate ReliaQuest's counterclaims, *see* (Doc. 125); ReliaQuest Resp. (Doc. 126), I conclude that the balance of relevant factors weighs against doing so.

"In the ordinary course, where the federal claims have been dismissed and the case is before a federal district court solely through supplemental jurisdiction, a court should decline supplemental jurisdiction." *Stalley v. Cumbie*, 586 F. Supp. 3d 1211, 1249 (M.D. Fla. 2022) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)), *aff'd*, 124 F.4th 1273 (11th Cir. 2024). Before doing so, "courts engage in a two-step process: first, the district court must confirm that it has discretion to decline under § 1367(c); and second, it must consider whether prudential factors counsel against dismissal." *Id.*

This Court has discretion to decline supplemental jurisdiction because it "has dismissed all claims over which it [had] original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the

2

district court discretion to dismiss a case's supplemental state law claims.").[2] Because I granted summary judgment for ReliaQuest on all of Allen's claims, including the only federal claims in the action, Section 1367 authorizes the Court to decline supplemental jurisdiction. Neither party contests as much, nor proposes any other jurisdictional basis. *See, e.g.*, Am. Ans. & Countercls. ¶ 3 ("This Court has supplemental jurisdiction over these Counterclaims . . . .").

Next, the Court must consider whether "judicial economy, convenience, fairness, and comity" counsel against dismissing the remaining state counterclaims. *Ameritox, Ltd. v. Millennium Lab'y, Inc.*, 803 F.3d 518, 537 (11th Cir. 2015) (citation modified); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In general, the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed *prior to trial*." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (emphasis added). That is "particularly the case where . . . the dismissal occurs without any analysis of the merits of the state claims." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir.

---

[2] Although § 1367 uses the term "dismiss," the condition is satisfied by an order granting summary judgment. *See Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

2018). The general rule remains true even if "the Court has overseen pretrial litigation and extensive discovery." *Stalley*, 586 F. Supp. 3d at 1249.

First, judicial economy, overall, weighs in favor of dismissing ReliaQuest's counterclaims. To be sure, dismissing the counterclaims could "result in multiplicity in litigation" in state court, at least to a limited extent. ReliaQuest Resp. at 4. But the parties overstate this risk. At the motion to dismiss stage, I preliminarily reviewed ReliaQuest's claims and concluded that the counterclaim was not a shotgun pleading, that ReliaQuest was not barred from seeking attorney's fees, and that ReliaQuest stated claims for relief. *See generally* (Doc. 76). Separately, in adjudicating ReliaQuest's motions for summary judgment, I explained that "the severance agreement contains a clear and unambiguous waiver of the claims Allen now asserts," (Doc. 47) at 1, and that Allen's release "was knowing and voluntary," (Doc. 77) at 10. To the extent these previous orders prove relevant to ReliaQuest's counterclaims, ReliaQuest concedes that the orders will likely be issue preclusive in state court. *See* ReliaQuest Resp. at 4; *E.I. DuPont de Nemours & Co., Inc. v. Melvin Piedmont Nursery*, 971 So. 2d 897, 898 (Fla. 3d DCA 2007) ("[T]he findings of a federal district court are binding on a state trial court under principles of collateral estoppel. The doctrine of collateral estoppel prevents identical parties from relitigating the same issues that have already been decided.").

In any event, my earlier conclusions pertained to ReliaQuest's potential liability, not Allen's. I thus disagree with ReliaQuest's representation that "the Court thoroughly evaluated the merits of [its] state law claims." ReliaQuest Resp. at 5. Few, if any, judicial resources were expended on ReliaQuest's counterclaims. To the contrary, Allen had not answered the counterclaims when I adjudicated the earlier motions. Further discovery may be required, *see* (Docs. 119, 123), and neither party has moved for summary judgment on the counterclaims. Any forthcoming motions or trial will likely raise new, distinct state law issues. "[C]onsiderations of practicality and comity counsel that a state judge is best equipped to adjudicate those claims." *Jacoboni v. KPMG LLP*, 314 F. Supp. 2d 1172, 1180–81 (M.D. Fla. 2004).

Second, the convenience factor is, at best, equivocal. As ReliaQuest represents, "the issues remaining for determination in this litigation would simply move a few blocks down and over to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County. Geographically, this forum and the state forum are equally convenient for the parties." ReliaQuest Resp. at 7. Allen does not say otherwise.

Third, fairness to the parties is equivocal. I recognize ReliaQuest's concern that this matter been pending for roughly ten months since the Court resolved Allen's federal claims. *See* ReliaQuest Resp. at 6; (Doc. 77). But that delay is partially attributable to the parties' conduct. In May 2025, the parties

remained "amenable to a further mediation to address the remaining issues in the litigation prior to proceeding to trial." (Doc. 78) at 1. At the same time, ReliaQuest argued that Allen was in default because he had not filed a responsive pleading. *See id.* at 1–2. I vacated the scheduling order and reminded ReliaQuest to timely move for entry of default. (Doc. 79). ReliaQuest improperly moved for default judgment before entry of default, (Doc. 80), and the parties agreed to another settlement conference before the magistrate judge, (Doc. 84). Allen then moved (unopposed) three times to continue the conference, which was ultimately canceled. *See* (Docs. 86, 88, 92, 94). After further delay, I directed the parties to propose a new date for the settlement conference if they still wished to participate. *See* (Doc. 95). Both parties remained "amenable to a further settlement conference," scheduled for early December. (Doc. 96); *see* (Docs. 97, 98). The parties did not resolve the case,[3] and the magistrate judge denied Allen's motion for default judgment, finding "good cause to allow Mr. Allen to respond to the counterclaims." (Doc. 115).

Allen filed his responsive pleading less than two months ago, and only since then have the parties progressed beyond a settlement posture on ReliaQuest's counterclaims. *See* Reply to Am. Ans. & Countercls. (Doc. 117).

---

[3] To be fair, ReliaQuest is not necessarily at fault. Allen failed to attend the mediation due to an illness. That said, inconvenience to ReliaQuest was mitigated by the Court ordering Allen "to pay Relia[Q]uest's reasonable expenses in traveling to and attending the December 10, 2025, mediation." (Doc. 112) at 4; *see* (Doc. 122).

Thus, "the parties have not expended undue effort preparing for a trial in this forum. And since the case is ready for adjudication in state court, the parties will not suffer an extended delay." *Stalley*, 586 F. Supp. 3d at 1249. Nor is ReliaQuest foreclosed from refiling: ReliaQuest "faces no time-bar threat resulting from dismissal of his state claims; by virtue of the 'savings' provision embodied in § 1367(d), he is free to refile his claim in state court within 30 days (unless Florida law provides for a longer period)." *Jacoboni*, 314 F. Supp. 2d at 1181.

Finally, comity interests counsel in favor of declining supplemental jurisdiction. As the Supreme Court has explained, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. "One such needless decision would occur when a court decides issues of state law after the federal claims are dismissed before trial; in that situation, 'the state claims should be dismissed as well.'" *Ameritox*, 803 F.3d at 531 (quoting *Gibbs*, 383 U.S. at 726). To the extent that ReliaQuest argues that comity interests point in the opposite direction because its counterclaims "do not involve novel or complex issues of Florida law," I do not fully agree. ReliaQuest Resp. at 10. While the comity interests may be less pronounced when claims present "relatively simple question[s] of state law," *West v. City of Albany*, 830 F. App'x. 588, 597 (11th Cir. 2020) (per curiam),

7

purely state law claims—of all levels of complexity—are better left to state courts, *Ameritox*, 803 F.3d at 540 ("State courts, not federal courts, should be the final arbiters of state law in our federalist system." (citation modified)). And because the counterclaims have not been briefed, it remains difficult to anticipate the full range of state law issues that might emerge.

Accordingly, ReliaQuest's counterclaims are **DISMISSED** without prejudice. The Clerk is directed to **ENTER JUDGMENT**, which shall read: "Judgment is entered against Aaron Allen and in favor of ReliaQuest, LLC, on all claims in Allen's Complaint. ReliaQuest's counterclaims are **DISMISSED** without prejudice." The Clerk is further directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

8